UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>ARTHUR GIANELLI, )<br>DENNIS ALBERTELLI, )<br>FRANK IACABONI, and )<br>DEEB HOMSI )<br>)<br>Defendants. )<br>) | Crim. No. 05-10003-NMG |

**GOVERNMENT'S MOTION FOR DETENTION**

Pursuant to 18 U.S.C. §3142(f)(1)(A), (f)(2)(A), and (f)(2)(B), the government hereby requests that defendants Gianelli, Albertelli and Iacaboni be detained pending trial in this case.

I.  INTRODUCTION

As set forth in the attached affidavit from MSP Trooper Pasquale F. Russolillo submitted separately under seal, the defendants Gianelli and Albertelli operate an extensive illegal gambling business with close ties to several members of organized crime.[1] They also engage in other criminal activity connected to the operation of this business including extortion, arson, and money laundering. The defendant Iacaboni has also been engaged in illegal gambling activities, and is currently on supervised release as a result of his conviction for crimes connected to his

---

[1] Of course, it is well settled that the government may proceed by way of proffer at a detention hearing and that the rules of evidence, including the hearsay rules, do not apply. See, United States v. Acevedo-Ramos, 755 F.2d 203, 208 (1st Cir. 1985), and Federal Rules of Evidence, Rule 1101(d)(3).

illegal gambling business.

II. ARGUMENT

The above named defendants should be detained because they are both a risk of flight and a danger to the community and are likely to obstruct justice now that they are facing federal charges. In determining whether the defendants should be detained, the following factors must be considered under 18 U.S.C. § 3142(g):

> **Factors to be considered.**- The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning -
>
> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including -
>
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

A. <u>Risk of Flight</u>

The Government bears the burden of proving only by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the defendant's presence as required. <u>United States v. Patriarca</u>, 948 F.2d 789, 793 (1st Cir. 1991); <u>United States v. Jackson</u>, 823 F. 2d 4, 5 (2d Cir. 1987).

As set forth in Trooper Russolillo's affidavit, the defendants are facing serious charges which carry a minimum mandatory term of imprisonment of five years and maximum terms of imprisonment of twenty years. Of course, arson and extortion are crimes of violence which are charged in the instant indictment. Furthermore, the defendants are aware that they are the subject of a continuing investigation which will likely result in their indictment for additional and more serious charges. In addition to the current charges, the defendant Iacaboni also faces the likelihood of incarceration for violating the conditions of his supervised release.

Additionally, members and associates of organized crime in this district have a well known history of flight to avoid prosecution. Convicted racketeer Joseph Yerardi, who is closely associated with the Gianelli/Albertelli organization, fled the district to avoid prosecution and violated the terms of his pre-trial release after he was apprehended and placed under house

3

arrest. Other prominent members and associates of organized crime who fled the district to avoid prosecution include Frank Salemme, Stephen Flemmi, John Martorano, and James Bulger. Consequently, the defendants in the case at bar may well choose to flee rather than risk facing lengthy prison terms.

<u>Danger to Community</u>

The government must establish dangerousness by clear and convincing evidence. 18 U.S.C. § 3142(f). As the First Circuit discussed in an opinion written by former Chief Judge Breyer, this clear and convincing standard can be satisfied with hearsay evidence alone. <u>Acevedo-Ramos</u>, 755 F.2d at 208.

In determining dangerousness and whether defendants will abide by any Court orders regarding conditions of release, this Court should consider the following:

1. The defendants are lifelong criminals who have always earned their livelihood through criminal activity. The defendants operate an ongoing illegal business which they will continue to operate if released. It is highly unlikely that they will seek legitimate employment if released. They have brazenly continued to engage in illegal activities even after they learned that they were the subjects of a criminal investigation.

2. The defendants Gianelli and Albertelli have abused and manipulated the federal prison system for years in an ongoing effort to provide a steady stream of illicit income to their

4

criminal associate, federal inmate Joseph Yerardi. They have disguised the true source of the money sent to the various institutions where Yerardi was incarcerated, and have sent money to other inmates associated with Yerardi.

3. As set forth in Trooper Russolillo's affidavit, the defendants Gianelli and Albertelli have and will continue to harass and intimidate witnesses in this case, and will attempt to obstruct justice. As the case at bar clearly demonstrates, the defendants do not hesitate to hire third parties to engage in acts of violence against others.

III. CONCLUSION

For the foregoing reasons, defendants should be detained pending trial in this case.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/ Fred M. Wyshak, Jr.
FRED M. WYSHAK, JR.
MICHAEL TABAK
Assistant U.S. Attorneys

DATED: January 11, 2005

CERTIFICATE OF SERVICE

Suffolk, ss.                          Boston, Massachusetts
                                      January 11, 2005

I, FRED M. WYSHAK, JR., Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing to the defendant by hand on this date.

/s/ Fred M. Wyshak, Jr.
FRED M. WYSHAK, JR.
Assistant U.S. Attorney

5