UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br><br>v. )<br><br>ARTHUR GIANELLI,<br>JOSEPH YERARDI, JR.,<br>DENNIS ALBERTELLI A/K/A "FISH,"<br>SALVATORE RAMASCI A/K/A "LEFTY,"<br>RANDY ALBERTELLI,<br>GISELE ALBERTELLI,<br>RAFIA FEGHI A/K/A RAFIA YERARDI,<br>TONY DANIELS A/K/A "SONNY,"<br>FRANK IACABONI,<br>DEEB HOMSI,<br>TODD WESTERMAN,<br>ENEYDA GONZALEZ RODRIGUEZ, and<br>WESHTOD CONSULTANTS A/K/A<br>    WESHTOD CONSULTORES S.A.<br><br>        Defendants. | Crim. No. 05-10003-NMG<br><br>Violations:<br>18 USC 1962(c); 1962(d);<br>371; 844(i); 1084; 1951;<br>1952(a)(3); 1955; 1963;<br>1956(a)(1)(A)(i); 981;<br>1956(a)(1)(B)(i); 982;<br>1956(h); and 2. |

## SUPERSEDING INDICTMENT

THE UNITED STATES GRAND JURY in and for the District of Massachusetts charges that:

### COUNT ONE
(Racketeering Conspiracy)

#### THE ENTERPRISE

1.    From in or before 1999 and continuing until in or about April 2005, within the District of Massachusetts and elsewhere, the defendants, **ARTHUR GIANELLI, JOSEPH YERARDI, JR., DENNIS ALBERTELLI, SALVATORE RAMASCI, RANDY ALBERTELLI, GISELE ALBERTELLI, RAFIA FEGHI A/K/A RAFIA YERARDI, TONY DANIELS, FRANK IACABONI, DEEB HOMSI, TODD WESTERMAN, ENEYDA GONZALEZ RODRIGUEZ,**

WESHTOD CONSULTANTS A/K/A WESHTOD CONSULTORES S.A., and others known and unknown to the grand jury, were members and associates of a criminal organization (hereinafter the "Gianelli Group") whose members and associates associated together and with others for the purpose of, among other things, earning money through illegal gambling activities, extortion, money laundering, and committing crimes of violence including arson.

2.    The Gianelli Group, including its leadership, membership, and associates, constituted an "enterprise" as defined by Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact, which engaged in, and the activities of which affected, interstate and foreign commerce.  The Gianelli Group affected interstate and foreign commerce by, among other things, the use of an offshore internet gambling site located in San Jose, Costa Rica, the extortion of individuals and entities whose activities affected interstate commerce, the control and operation of businesses affecting interstate commerce, the use of financial institutions affecting interstate commerce, and travel in interstate commerce. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

2

3.   At times material to the allegations contained in this indictment:

a.   The defendant **ARTHUR GIANELLI** was the leader of the Gianelli Group.  In that capacity, **GIANELLI** was responsible for the overall management of the group's criminal activities including the operation of several illegal gambling businesses and the laundering of the proceeds of those illegal gambling businesses by investing the proceeds in otherwise legitimate businesses.  One of the illegal gambling businesses operated by the Gianelli Group was a sports betting business.  A second gambling business operated by the Gianelli Group involved the illegal use of electronic gaming machines.  A third illegal gambling business operated by members and associates of the enterprise involved the sale, distribution, and use of "football cards."

b.   The defendant **JOSEPH YERARDI, JR.** was convicted in 1995 for racketeering and related offenses including the operation of an illegal gambling business.  As a result, **YERARDI** was incarcerated from approximately January 1995 through February 2005 except for a short period of time from August through October 2004.  Despite his incarceration, **YERARDI** played a significant role in the management of the Gianelli Group's affairs by maintaining frequent contacts with members and associates of the enterprise.  While **YERARDI** was incarcerated,

3

the defendant **GIANELLI** operated **YERARDI's** gambling business and forwarded some of the proceeds of that illegal activity to **YERARDI** and **YERARDI's** wife, the defendant **RAFIA FEGHI A/K/A RAFIA YERARDI**.

      c.    The defendant **DENNIS ALBERTELLI A/K/A "FISH"** managed the sports betting business for **GIANELLI**. **ALBERTELLI** also acted as an agent for the sports betting business, i.e., **ALBERTELLI** had his own customers and collected a commission from the business if his customers lost money. **ALBERTELLI** also assisted **GIANELLI** in the operation of an illegal electronic gaming machine business. **ALBERTELLI** also operated an illegal gambling business involving the use and distribution of football cards. **ALBERTELLI's** son, the defendant **RANDY ALBERTELLI**, and **ALBERTELLI's** wife, the defendant **GISELE ALBERTELLI**, also participated in the operation of this illegal football card business.

      d.    The defendant **SALVATORE RAMASCI A/K/A "LEFTY"** acted as the bookkeeper for the Gianelli Group's illegal sports betting business. **RAMASCI** coordinated the collection of money due to the gambling business and the payout of money owed by the gambling business. **RAMASCI** also participated in the distribution of  proceeds of this illegal gambling business to other members of the conspiracy including the defendants **JOSEPH YERARDI, JR.**

and **RAFIA FEGHI**.

e.    The defendant **RANDY ALBERTELLI** participated in the Gianelli Group's illegal sports betting business. **RANDY ALBERTELLI** acted as an agent for the sports betting business, i.e., he had customers who placed bets with the business and he collected a commission on those bets. In that capacity, **RANDY ALBERTELLI** collected money owed by bettors to the Gianelli Group and paid money owed to bettors. **RANDY ALBERTELLI** also participated in an illegal football card business managed by his father, the defendant **DENNIS ALBERTELLI**.

f.    The defendant **GISELE ALBERTELLI** is the wife of the defendant **DENNIS ALBERTELLI** and the mother of the defendant **RANDY ALBERTELLI**. **GISELE ALBERTELLI** participated in laundering proceeds of the Gianelli Group's sports betting business. **GISELE ALBERTELLI** also participated in the illegal football card business managed by the defendant **DENNIS ALBERTELLI**.

g.    The defendant **RAFIA FEGHI A/K/A RAFIA YERARDI** is the wife of the defendant **JOSEPH YERARDI, JR.** **FEGHI** was involved as a witness in litigation in federal court in matters surrounding the criminal activities of the defendant **JOSEPH YERARDI, JR.** including matters related to bail and forfeiture. **FEGHI** knowingly received proceeds generated from the criminal activities of the Gianelli Group which acted as a

caretaker for the defendant **JOSEPH YERARDI, JR.**'s criminal affairs. **FEGHI** engaged in assorted schemes to conceal the true source of these proceeds including laundering some proceeds through the bank account of her first husband, Yousef Bina.

h.    The defendant **TONY DANIELS A/K/A "SONNY"** participated in the operation of the Gianelli Group's sports betting business. **DANIELS** acted as the liaison between the Gianelli Group and the operators of an offshore gambling office in San Jose, Costa Rica utilized by the Gianelli Group. **DANIELS** laundered proceeds of the Gianelli Group's sports betting business through several bank accounts including a bank account in the British West Indies in order to pay the operators of the offshore gambling office for the services they provided to the Gianelli Group.

i.    The defendant **TODD WESTERMAN,** president of the defendant **WESHTOD CONSULTANTS A/K/A WESHTOD CONSULTORES S.A.,** operated an offshore gambling office in San Jose, Costa Rica. The defendant **ENEYDA GONZALEZ RODRIGUEZ,** secretary of the defendant **WESHTOD CONSULTANTS A/K/A WESHTOD CONSULTORES S.A.,** assisted **WESTERMAN** in the operation of the offshore gambling office in San Jose, Costa Rica. **WESTERMAN** and **GONZALEZ RODRIGUEZ** provided services to the Gianelli Group including a toll-free long distance telephone line so that bettors inside the District

6

of Massachusetts could place their bets over the telephone with the offshore office. **WESTERMAN** and **GONZALEZ RODRIGUEZ** also provided an internet site for the Gianelli Group's sports betting business so that bettors could place their bets over the internet. This internet site was accessed by bettors in the District of Massachusetts and elsewhere through the web address DukeSportsweb.com.

j.   The defendant **FRANK IACABONI** was a close associate of the defendant **DENNIS ALBERTELLI**. **IACABONI** was a longtime bookmaker who participated in the Gianelli Group's sports betting business and the illegal football card business managed by **ALBERTELLI**. **IACABONI** also conspired with members of the Gianelli Group to damage a building by a fire or explosion when the owner of one of the businesses located in the building became involved in a dispute with members of the Gianelli Group.

k.   The defendant **DEEB HOMSI** was a close associate of the defendant **DENNIS ALBERTELLI**. **ALBERTELLI** relied upon **HOMSI** to provide "muscle" to assist **ALBERTELLI** in the collection of unlawful debts. **HOMSI** also conspired with members of the Gianelli Group to damage a building by a fire or explosion when the owner of one of the businesses located in the building became involved in a dispute with members of the Gianelli Group.

7

GOALS AND PURPOSES OF THE ENTERPRISE

4.    The primary goals and purposes of the Gianelli Group included the following:

a.    Generating money for members and associates of the enterprise through illegal gambling activities, the collection of unlawful debts, and extortion.

b.    Laundering the proceeds of the aforementioned criminal activity for distribution to members and associates of the enterprise.

c.    Engaging in the use of threats of violence and other methods of intimidation including arson to achieve the goals of the enterprise.

MEANS AND METHODS OF THE ENTERPRISE

5.    To further their goal of generating money for the enterprise, members and associates of the Gianelli Group operated several illegal gambling businesses, loaned money at usurious rates, and invested the proceeds of their illegal activities in otherwise legitimate businesses.

6.    The Gianelli Group associated itself with certain members of organized crime including members of the New England Family of La Cosa Nostra. This relationship enhanced the Gianelli Group's ability to operate the Group's criminal businesses. This relationship also protected the members and associates of the Gianelli Group from encroachment by other

8

criminal competitors. The leaders of the Gianelli Group made payments to certain members of the New England Family of La Cosa Nostra for the "right" to operate their criminal businesses. These payments are colloquially known as "tribute" or "rent."

7.  Members and associates of the Gianelli Group engaged in financial transactions with the proceeds of the Gianelli Group's criminal activities, many of which were designed, in whole or in part, to disguise the nature and sources of those proceeds and the relationships of members and associates of the Gianelli Group to those assets, and to shield those proceeds from seizure and forfeiture by law enforcement authorities. For example, members and associates of the Gianelli Group purchased postal money orders that were used in part to transfer proceeds of the Gianelli Group's illegal gambling activities to the defendant **JOSEPH YERARDI, JR.** and **YERARDI**'s wife, the defendant **RAFIA FEGHI A/K/A RAFIA YERARDI.**

8.  Members and associates of the Gianelli Group infiltrated otherwise legitimate businesses and attempted to gain control of those businesses. They also used these businesses as vehicles to engage in money laundering schemes. Further, members and associates of the Gianelli Group used threats of force and intimidation including arson to attempt to gain ownership and control of the aforementioned businesses. The business thus affected included the following:

9

a.    Ben-Cor LLC d/b/a McCarthy's Bar and Grille, located at 903 Boylston Street in Boston, Massachusetts.

b.    21 Merchants Row Corporation d/b/a Clarke's Turn of the Century Saloon, located at 21 Merchants Row in Boston, Massachusetts.

c.    The Canine Entertainment Corp. d/b/a The Big Dog Sports Grille located at 325 Broadway in Lynnfield, Massachusetts.

9.    Similarly, members and associates of the Gianelli Group operated businesses engaged in legitimate business activities that were used to launder some of the proceeds of the Gianelli Group's illegal activities.

10.    A part of the proceeds of the enterprise's illegal sports betting business was laundered to make it appear as though Mary Ann Gianelli, wife of the defendant **ARTHUR GIANELLI**, had a legitimate source of income.  The defendants **ARTHUR GIANELLI, DENNIS ALBERTELLI,** and **GISELE ALBERTELLI** engaged in an elaborate scheme to cause Dennele Transportation and Forge Village Transportation, two trucking companies with which the defendants **DENNIS ALBERTELLI** and **GISELE ALBERTELLI** were associated, to issue checks for services performed by Mary Ann Gianelli when no such services were, in truth and fact, provided.  The principals of Dennele Transportation and Forge Village Transportation were subsequently reimbursed with cash payments from the proceeds of

10

the Gianelli Group's illegal sports betting business.

## THE RACKETEERING CONSPIRACY

11.  From in or before 1999 and continuing until in or about April 2005, both dates being approximate and inclusive, within the District of Massachusetts and elsewhere, the defendants

ARTHUR GIANELLI,
JOSEPH YERARDI, JR.,
DENNIS ALBERTELLI,
SALVATORE RAMASCI,
RANDY ALBERTELLI,
GISELE ALBERTELLI,
RAFIA FEGHI A/K/A RAFIA YERARDI,
TONY DANIELS
FRANK IACABONI,
DEEB HOMSI,
TODD WESTERMAN,
ENEYDA GONZALEZ RODRIGUEZ, and
WESHTOD CONSULTANTS A/K/A WESHTOD CONSULTORES S.A.,

and others known and unknown to the grand jury, being persons employed by and associated with the Gianelli Group, which enterprise engaged in, and whose activities affected, interstate and foreign commerce, did knowingly and intentionally conspire, confederate and agree to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity, as that term is defined by Title 18, United States Code, Sections 1961(1) and 1961(5).

11

12.    It was part of the conspiracy that each defendant agreed that a conspirator would commit at least two of the following acts of racketeering constituting, or being part of, the pattern of racketeering activity referred to in paragraph eleven.

<u>RACKETEERING ACT NUMBER ONE</u>
(Illegal Gambling Business - Sports Betting)

13.    From in or before 1999 and continuing until in or about April 2005, in the District of Massachusetts and elsewhere, the defendants **ARTHUR GIANELLI, JOSEPH YERARDI, JR., DENNIS ALBERTELLI, SALVATORE RAMASCI, RANDY ALBERTELLI, FRANK IACABONI, TONY DANIELS, TODD WESTERMAN, ENEYDA GONZALEZ RODRIGUEZ, and WESHTOD CONSULTANTS A/K/A WESHTOD CONSULTORES S.A.**, aided and abetted by others known and unknown to the grand jury, conducted, financed, managed, supervised, directed, and owned all or part of an illegal gambling business to wit: a sports betting business which constituted a violation of the laws of the Commonwealth of Massachusetts (Chapter 271, Sections 5, 5A, 16A, 17, and 17A of the General Laws of the Commonwealth of Massachusetts) which involved five or more persons who conducted all or part of such business and which had been in substantially continuous operation for a period in excess of thirty days and had a gross revenue of $2,000 in any single day in violation of Title 18, United States Code, Sections 1955 and 2.

12

## RACKETEERING ACT NUMBER TWO
(Illegal Gambling Business - Electronic Gaming Machines)

14.    From in or before 1999 and continuing until in or about April 2005, in the District of Massachusetts and elsewhere, the defendants **ARTHUR GIANELLI, DENNIS ALBERTELLI,** and **SALVATORE RAMASCI,** aided and abetted by others known and unknown to the grand jury, conducted, financed, managed, supervised, directed, and owned all or part of an illegal gambling business to wit: the illegal operation of electronic gaming machines which constituted a violation of the laws of the Commonwealth of Massachusetts (Chapter 271, Sections 5, 5A, 16A, 17, and 17A of the General Laws of the Commonwealth of Massachusetts) which involved five or more persons who conducted all or part of such business and which had been in substantially continuous operation for a period in excess of thirty days and had a gross revenue of $2,000 in any single day in violation of Title 18, United States Code, Sections 1955 and 2.

## RACKETEERING ACT NUMBER THREE
(Illegal Gambling Business - Football Cards)

15.    From in or before 1999 and continuing until in or about April 2005, in the District of Massachusetts and elsewhere, the defendants **DENNIS ALBERTELLI, RANDY ALBERTELLI, GISELE ALBERTELLI, ARTHUR GIANELLI,** and **FRANK IACABONI,** aided and abetted by others known and unknown to the grand jury, conducted, financed, managed, supervised, directed, and owned all or part of

13

an illegal gambling business to wit: a football card business which constituted a violation of the laws of the Commonwealth of Massachusetts (Chapter 271, Sections 5, 5A, 16A, 17, and 17A of the General Laws of the Commonwealth of Massachusetts) which involved five or more persons who conducted all or part of such business and which had been in substantially continuous operation for a period in excess of thirty days and had a gross revenue of $2,000 in any single day in violation of Title 18, United States Code, Sections 1955 and 2.

### RACKETEERING ACT NUMBER FOUR
(Use of Wire Communication Facility - Telephone)

16.    In or about and between July 2003 and April 2005, in the District of Massachusetts and elsewhere, the defendants **ARTHUR GIANELLI, JOSEPH YERARDI, JR., DENNIS ALBERTELLI, SALVATORE RAMASCI, RANDY ALBERTELLI, TONY DANIELS, TODD WESTERMAN, ENEYDA GONZALEZ RODRIGUEZ, and WESHTOD CONSULTANTS A/K/A WESHTOD CONSULTORES S.A.**, aided and abetted by others known and unknown to the Grand Jury, being engaged in the business of betting and wagering, knowingly used a wire communication facility for the transmission in interstate and foreign commerce of bets and wagers and information assisting in the placing of bets and wagers on any sporting event and contest, and for the transmission of a wire communication which entitled the recipient to receive money and credit as a result of bets and wagers,

namely, the defendants provided the use of a toll-free telephone line to an offshore gaming office located in San Jose, Costa Rica for the purpose of placing wagers on sporting events in violation of Title 18, United States Code, Sections 1084 and 2.

RACKETEERING ACT NUMBER FIVE
(Use of Wire Communication Facility - Internet)

17.    In or about and between July 2003 and April 2005, in the District of Massachusetts and elsewhere, the defendants **ARTHUR GIANELLI, JOSEPH YERARDI, JR., DENNIS ALBERTELLI, SALVATORE RAMASCI, RANDY ALBERTELLI, TONY DANIELS, TODD WESTERMAN, ENEYDA GONZALEZ RODRIGUEZ, and WESHTOD CONSULTANTS A/K/A WESHTOD CONSULTORES S.A.**, aided and abetted by others known and unknown to the Grand Jury, being engaged in the business of betting and wagering, knowingly used a wire communication facility for the transmission in interstate and foreign commerce of bets and wagers and information assisting in the placing of bets and wagers on any sporting event and contest, and for the transmission of a wire communication which entitled the recipient to receive money and credit as a result of bets and wagers, namely, the defendants provided an internet site located in San Jose, Costa Rica for the purpose of placing wagers on sporting events in violation of Title 18, United States Code, Sections 1084 and 2.

15

RACKETEERING ACT NUMBER SIX
(Money Laundering Conspiracy)

18.   From in or before 1999 and continuing until in or about April 2005, both dates being approximate and inclusive, within the District of Massachusetts and elsewhere, the defendants **ARTHUR GIANELLI, DENNIS ALBERTELLI, SALVATORE RAMASCI** and others known and unknown to the grand jury, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, did knowingly and unlawfully conspire, confederate, and agree to conduct financial transactions, affecting interstate and foreign commerce, which in fact involved the proceeds of illegal gambling activity in violation of Title 18, United States Code, Section 1955, with the intent to promote the carrying on of said specified unlawful activity and knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of said illegal gambling activity in violation of Section 1956(h) of Title 18 of the United States Code.

a.   It was a part of the conspiracy that the defendants **ARTHUR GIANELLI, DENNIS ALBERTELLI, SALVATORE RAMASCI,** and others known and unknown to the grand jury, distributed proceeds of the illegal gambling business to the defendant **RAFIA FEGHI A/K/A RAFIA YERARDI** in the form of cash and postal money orders.  These

16

postal money orders aggregated approximately $114,600.

    b.    It was a part of the conspiracy that the defendants **ARTHUR GIANELLI, DENNIS ALBERTELLI, SALVATORE RAMASCI,** and others known and unknown to the grand jury, distributed proceeds of the illegal gambling business to the defendant **JOSEPH YERARDI, JR.** in the form of postal money orders deposited into **YERARDI's** prison "canteen" account. Other postal money orders which represented proceeds of the illegal gambling business were sent to prison canteen accounts of other inmates designated by **YERARDI**. Further, postal money orders which represented proceeds of the illegal gambling business were forwarded at **YERARDI's** direction to other members of **YERARDI's** family. These postal money orders aggregated approximately $74,300.

    c.    It was a part of the conspiracy that the defendants **ARTHUR GIANELLI, DENNIS ALBERTELLI, GISELE ALBERTELLI,** and others known and unknown to the grand jury, distributed proceeds of the illegal gambling business to the defendant **ARTHUR GIANELLI** by exchanging cash for checks payable to **GIANELLI's** wife, Mary Ann. The checks were drawn on the business accounts of two businesses with which the defendants **DENNIS ALBERTELLI** and **GISELE ALBERTELLI** were associated. The checks were drawn to make it appear as though Mary Ann Gianelli had a legitimate source of income and that the payments to Mary Ann Gianelli were legitimate business expenses. These checks aggregated approximately $238,385.

17

d.    It was a part of the conspiracy that the defendants **ARTHUR GIANELLI, DENNIS ALBERTELLI, SALVATORE RAMASCI, TONY DANIELS,** and others known and unknown to the grand jury, distributed proceeds of the illegal gambling business to the defendants **TODD WESTERMAN, ENEYDA GONZALEZ RODRIGUEZ,** and **WESHTOD CONSULTANTS A/K/A WESHTOD CONSULTORES S.A.**  The defendant **DANIELS** converted cash proceeds of the illegal gambling business to bank checks which he forwarded to Cypress Escrow located in Nevis, West Indies to pay the defendants **TODD WESTERMAN, ENEYDA GONZALEZ RODRIGUEZ,** and **WESHTOD CONSULTANTS A/K/A WESHTOD CONSULTORES S.A.** for services provided to the Gianelli Group.  These checks aggregated approximately $37,419.

e.    It was a part of the conspiracy that the defendants **ARTHUR GIANELLI, DENNIS ALBERTELLI, SALVATORE RAMASCI,** and others known and unknown to the grand jury, invested proceeds of the illegal gambling business in The Canine Entertainment Corporation d/b/a The Big Dog Sports Grille and The Big Dog Realty Trust. This investment was made through payments in cash and checks used for multiple purposes related to the business of The Big Dog Sports Grille.  The cash and checks aggregated approximately $705,700.

f.    It was a part of the conspiracy that the defendant **ARTHUR GIANELLI,** and others known and unknown to the grand jury, invested proceeds of the illegal gambling business in Sports

Zone, Inc. This investment was made through payments in cash and checks used for multiple purposes related to the business of Sports Zone, Inc. The cash and checks aggregated approximately $200,000.

g.    It was a part of the conspiracy that the defendants **ARTHUR GIANELLI, DENNIS ALBERTELLI, SALVATORE RAMASCI,** and others known and unknown to the grand jury, distributed proceeds of the illegal gambling business to **GIANELLI**'s paramour Daniele Mazzei in the form of cash and postal money orders. The postal money orders aggregated approximately $25,600.

h.    It was a part of the conspiracy that the defendant **ARTHUR GIANELLI,** and others known and unknown to the grand jury, deposited proceeds of the illegal gambling business into Sovereign Bank account number 41004947572 held in the name of Christine A. Leone d/b/a C&L Management. **GIANELLI** used this account to pay his personal expenses among other things. Cash deposited into this account aggregated approximately $106,890.

### RACKETEERING ACT NUMBER SEVEN
(Money Laundering - Rafia Feghi)

19.   The defendants named below committed the following acts involving money laundering, the commission of any one of which constitutes the commission of Racketeering Act #7.

a.    From in or before 1999 and continuing until in or about April 2005, both dates being approximate and inclusive,

within the District of Massachusetts and elsewhere, the defendants **JOSEPH YERARDI, JR.,** and **RAFIA FEGHI A/K/A RAFIA YERARDI** and others known and unknown to the grand jury, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, did knowingly and unlawfully conspire, confederate, and agree to conduct financial transactions, affecting interstate and foreign commerce, which in fact involved the proceeds of illegal gambling activity in violation of Title 18, United States Code, Section 1955, with the intent to promote the carrying on of said specified unlawful activity and knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of said illegal gambling activity, in violation of Section 1956(h) of Title 18 of the United States Code.

b.    From in or before 1999 and continuing until in or about April 2005, in the District of Massachusetts and elsewhere, the defendants **ARTHUR GIANELLI, JOSEPH YERARDI, JR., DENNIS ALBERTELLI, SALVATORE RAMASCI,** and **RAFIA FEGHI A/K/A RAFIA YERARDI,** aided and abetted by others known and unknown to the Grand Jury, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, conducted and attempted to conduct financial transactions which in fact involved the proceeds of illegal

20

gambling activity in violation of Title 18, United States Code, Section 1955, to wit, the purchase and negotiation of postal money orders in the approximate aggregate amount of $77,000 as specifically set forth in the subpredicate racketeering acts below with intent to promote the carrying on of said unlawful activity and knowing that the transactions were designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of the said unlawful activity in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), and 2.

| | Date | Amount | Serial Number | Payee |
|---|---|---|---|---|
| (1) | 8/31/2002 | $1,000.00 | 4906103477 | Belmont Hill School |
| (2) | 9/8/2002 | $1,000.00 | 5993558616 | American Express |
| (3) | 9/11/2002 | $1,000.00 | 5993562317 | American Express |
| (4) | 9/18/2002 | $1,000.00 | 4906105852 | FCNB |
| (5) | 9/27/2002 | $1,000.00 | 5017442365 | Archstone Bearhill |
| (6) | 9/28/2002 | $1,000.00 | 4906109520 | Belmont Hill School |
| (7) | 9/28/2002 | $1,000.00 | 4906109542 | Belmont Hill School |
| (8) | 10/10/2002 | $1,000.00 | 5017270713 | MBNA America |
| (9) | 10/25/2002 | $1,000.00 | 4906106662 | American Express |
| (10) | 10/31/2002 | $1,000.00 | 4906119341 | American Express |
| (11) | 11/8/2002 | $1,000.00 | 5019283203 | Belmont Hill School |
| (12) | 11/8/2002 | $1,000.00 | 5019283192 | Belmont Hill School |
| (13) | 11/16/2002 | $1,000.00 | 5017194900 | FCNB |
| (14) | 11/19/2002 | $1,000.00 | 4627804230 | American Express |
| (15) | 11/25/2002 | $1,000.00 | 5019319618 | American Express |
| (16) | 12/5/2002 | $1,000.00 | 5246731271 | American Express |
| (17) | 12/10/2002 | $1,000.00 | 5246731495 | American Express |
| (18) | 12/10/2002 | $1,000.00 | 5019295105 | Belmont Hill School |
| (19) | 12/10/2002 | $1,000.00 | 5019295116 | Belmont Hill School |
| (20) | 12/21/2002 | $1,000.00 | 4906124302 | Rafia Feghi |
| (21) | 12/24/2002 | $1,000.00 | 5254609151 | American Express |
| (22) | 12/30/2002 | $1,000.00 | 5254608745 | American Express |
| (23) | 1/9/2003 | $1,000.00 | 5017066762 | American Express |
| (24) | 1/16/2003 | $1,000.00 | 5254709692 | Belmont Hill School |
| (25) | 1/16/2003 | $1,000.00 | 5254709681 | Belmont Hill School |

| | | | | |
|---|---|---|---|---|
| (26) | 1/27/2003 | $1,000.00 | 5013507003 | American Express |
| (27) | 2/6/2003 | $1,000.00 | 5013505473 | American Express |
| (28) | 2/11/2003 | $1,000.00 | 5254623246 | Yossef Bina |
| (29) | 2/19/2003 | $1,000.00 | 5254614551 | Yossef Bina |
| (30) | 2/25/2003 | $1,000.00 | 5246747482 | American Express |
| (31) | 2/25/2003 | $1,000.00 | 5013513540 | Belmont Hill School |
| (32) | 2/25/2003 | $1,000.00 | 5013513551 | Belmont Hill School |
| (33) | 3/12/2003 | $1,000.00 | 5013516205 | American Express |
| (34) | 3/18/2003 | $1,000.00 | 5255791481 | Yossef Bina |
| (35) | 3/27/2003 | $1,000.00 | 5254646411 | Rafia Feghi |
| (36) | 4/2/2003 | $1,000.00 | 5254626194 | Belmont Hill School |
| (37) | 4/2/2003 | $1,000.00 | 5254626205 | Belmont Hill School |
| (38) | 4/8/2003 | $1,000.00 | 5256529097 | Rafia Feghi |
| (39) | 4/14/2003 | $1,000.00 | 5013520233 | Belmont Hill School |
| (40) | 4/14/2003 | $1,000.00 | 5013520244 | Green Point Mortgage |
| (41) | 4/16/2003 | $1,000.00 | 5666179353 | Belmont Hill School |
| (42) | 4/22/2003 | $1,000.00 | 5666183638 | Green Point Mortgage |
| (43) | 4/30/2003 | $1,000.00 | 5666187150 | Rafia Feghi |
| (44) | 5/6/2003 | $1,000.00 | 5559229484 | American Express |
| (45) | 5/23/2003 | $1,000.00 | 5666940551 | Green Point Mortgage |
| (46) | 5/27/2003 | $1,000.00 | 5666515773 | Rafia Feghi |
| (47) | 6/7/2003 | $1,000.00 | 5667307110 | American Express |
| (48) | 6/12/2003 | $1,000.00 | 5666179948 | American Express |
| (49) | 6/20/2003 | $1,000.00 | 5666523884 | Fidelity |
| (50) | 6/26/2003 | $1,000.00 | 5666185563 | Fidelity |
| (51) | 7/3/2003 | $1,000.00 | 5666957414 | American Express |
| (52) | 7/12/2003 | $1,000.00 | 5246754952 | American Express |
| (53) | 7/21/2003 | $1,000.00 | 5559245853 | Belmont Hill School |
| (54) | 7/21/2003 | $1,000.00 | 5559245864 | Belmont Hill School |
| (55) | 7/26/2003 | $1,000.00 | 5992269197 | American Express |
| (56) | 8/8/2003 | $1,000.00 | 5993553780 | American Express |
| (57) | 8/14/2003 | $1,000.00 | 5667314073 | Washington Mutual |
| (58) | 8/22/2003 | $1,000.00 | 5994372262 | Belmont Hill School |
| (59) | 8/22/2003 | $1,000.00 | 5994372251 | Belmont Hill School |
| (60) | 8/22/2003 | $1,000.00 | 5666198883 | Rafia Feghi |
| (61) | 8/29/2003 | $1,000.00 | 5993558256 | Rafia Feghi |
| (62) | 9/15/2003 | $1,000.00 | 5993563498 | Rafia Feghi |
| (63) | 9/25/2003 | $1,000.00 | 5881185303 | Belmont Hill School |
| (64) | 9/25/2003 | $1,000.00 | 5881185314 | Belmont Hill School |
| (65) | 9/25/2003 | $1,000.00 | 5993561788 | Washington Mutual |
| (66) | 10/1/2003 | $1,000.00 | 5992622436 | Rafia Feghi |
| (67) | 10/11/2003 | $1,000.00 | 5881189601 | American Express |
| (68) | 10/16/2003 | $1,000.00 | 5992626183 | Washington Mutual |
| (69) | 10/22/2003 | $1,000.00 | 6244176846 | Belmont Hill School |
| (70) | 10/22/2003 | $1,000.00 | 6244176857 | Belmont Hill School |
| (71) | 10/22/2003 | $1,000.00 | 6245769363 | Belmont Hill School |
| (72) | 10/22/2003 | $1,000.00 | 6245769374 | Washington Mutual |

| (73) | 11/3/2003 | $1,000.00 | 6245773762 | American Express |
| (74) | 11/5/2003 | $1,000.00 | 6245854020 | American Express |
| (75) | 11/12/2003 | $1,000.00 | 5881194235 | Rafia Feghi |
| (76) | 11/21/2003 | $1,000.00 | 6245748393 | Belmont Hill School |
| (77) | 11/21/2003 | $1,000.00 | 6244191516 | Belmont Hill School |

RACKETEERING ACT NUMBER EIGHT
(Money Laundering - Joseph Yerardi, Jr.)

20.   The defendants named below committed the following acts involving money laundering, the commission of any one of which constitutes the commission of Racketeering Act #8.

a.   From in or before 1999 and continuing until in or about April 2005, both dates being approximate and inclusive, within the District of Massachusetts and elsewhere, the defendant **JOSEPH YERARDI, JR.** and others known and unknown to the grand jury, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, did knowingly and unlawfully conspire, confederate, and agree to conduct financial transactions, affecting interstate and foreign commerce, which in fact involved the proceeds of illegal gambling activity in violation of Title 18, United States Code, Section 1955, with the intent to promote the carrying on of said specified unlawful activity and knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of said illegal gambling activity, in violation of Section 1956(h) of Title 18 of the United States Code.

b.   From in or before 1999 and continuing until in or

23

about April 2005, in the District of Massachusetts, the defendants **ARTHUR GIANELLI, JOSEPH YERARDI, JR., DENNIS ALBERTELLI,** and **SALVATORE RAMASCI,** aided and abetted by others known and unknown to the Grand Jury, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, conducted and attempted to conduct financial transactions which in fact involved the proceeds of illegal gambling activity in violation of Title 18, United States Code, Section 1955, to wit, the purchase and negotiation of postal money orders in the approximate aggregate amount of $52,050 as specifically set forth in the subpredicate racketeering acts below with intent to promote the carrying on of said unlawful activity and knowing that the transactions were designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of the said unlawful activity in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), and 2.

|     | Date      | Amount   | Serial Number | Payee             |
| --- | --------- | -------- | ------------- | ----------------- |
| (1) | 8/31/2002 | $500.00  | 4412546853    | Elizabeth Yerardi |
| (2) | 8/31/2002 | $300.00  | 4906103455    | FCI Raybrook      |
| (3) | 8/31/2002 | $500.00  | 4412546864    | FCI Raybrook      |
| (4) | 9/8/2002  | $300.00  | 5993558638    | FCI McKean        |
| (5) | 9/8/2002  | $500.00  | 5993558627    | Linda Yerardi     |
| (6) | 9/11/2002 | $500.00  | 5993562328    | Linda Yerardi     |
| (7) | 9/18/2002 | $600.00  | 5017441476    | Elizabeth Yerardi |
| (8) | 9/27/2002 | $600.00  | 5017442376    | Elizabeth Yerardi |

24

| (9)  | 10/22/2002 | $300.00    | 5017453367 | FCI McKean |
| (10) | 11/5/2002  | $300.00    | 4630588470 | Linda Yerardi |
| (11) | 11/5/2002  | $700.00    | 4630588468 | Linda Yerardi |
| (12) | 11/16/2002 | $1,000.00  | 5017194911 | Linda Yerardi |
| (13) | 11/19/2002 | $500.00    | 4627804241 | FCI Raybrook |
| (14) | 11/19/2002 | $1,000.00  | 4627804228 | Linda Yerardi |
| (15) | 11/21/2002 | $300.00    | 5019285328 | FCI Raybrook |
| (16) | 11/23/2002 | $300.00    | 4630587772 | FCI Raybrook |
| (17) | 11/25/2002 | $300.00    | 5019319631 | FCI Raybrook |
| (18) | 11/25/2002 | $1,000.00  | 5019319620 | Linda Yerardi |
| (19) | 11/26/2002 | $400.00    | 4630579582 | Alissa Yerardi |
| (20) | 12/4/2002  | $1,000.00  | 5017459511 | Linda Yerardi |
| (21) | 12/10/2002 | $1,000.00  | 5017459803 | Joseph & Elizabeth Yerardi |
| (22) | 12/10/2002 | $500.00    | 5019295138 | Joseph Yerardi Sr |
| (23) | 12/10/2002 | $1,000.00  | 5246731506 | Linda Yerardi |
| (24) | 12/21/2002 | $300.00    | 4906124335 | FCI Raybrook |
| (25) | 12/21/2002 | $1,000.00  | 4906124313 | Linda Yerardi |
| (26) | 12/24/2002 | $300.00    | 5254609116 | FCI Raybrook |
| (27) | 12/30/2002 | $1,000.00  | 5254608734 | Linda Yerardi |
| (28) | 1/9/2003   | $500.00    | 5017066773 | Alissa Yerardi |
| (29) | 1/9/2003   | $1,000.00  | 5017066751 | Linda Yerardi |
| (30) | 1/21/2003  | $300.00    | 4630594961 | Linda Yerardi |
| (31) | 1/21/2003  | $700.00    | 4630594950 | Linda Yerardi |
| (32) | 1/27/2003  | $300.00    | 4630596963 | FCI Raybrook |
| (33) | 1/29/2003  | $300.00    | 5254616417 | FCI Raybrook |
| (34) | 1/29/2003  | $1,000.00  | 5254616406 | Linda Yerardi |
| (35) | 1/30/2003  | $300.00    | 5246743307 | FCI Raybrook |
| (36) | 2/6/2003   | $200.00    | 5246742690 | Alissa Yerardi |
| (37) | 2/6/2003   | $400.00    | 5246742677 | Alissa Yerardi |
| (38) | 2/6/2003   | $500.00    | 5013505506 | Alissa Yerardi |
| (39) | 2/6/2003   | $1,000.00  | 5013505484 | Linda Yerardi |
| (40) | 2/11/2003  | $1,000.00  | 5254623257 | Linda Yerardi |
| (41) | 2/19/2003  | $1,000.00  | 5254614540 | Linda Yerardi |
| (42) | 2/25/2003  | $1,000.00  | 5246747493 | Linda Yerardi |
| (43) | 3/4/2003   | $300.00    | 5246750564 | FCI Raybrook |
| (44) | 3/5/2003   | $1,000.00  | 5246747820 | Joseph Yerardi |
| (45) | 3/12/2003  | $500.00    | 5013516216 | Alissa Yerardi |
| (46) | 3/12/2003  | $300.00    | 5256522000 | FCI Raybrook |
| (47) | 3/12/2003  | $1,000.00  | 5254726994 | Linda Yerardi |
| (48) | 3/13/2003  | $300.00    | 5254628128 | FCI Raybrook |

| (49) | 3/18/2003 | $1,000.00 | 5255791492 | Linda Yerardi |
| (50) | 3/27/2003 | $1,000.00 | 5254646400 | Linda Yerardi |
| (51) | 3/31/2003 | $300.00 | 4630932022 | Linda Yerardi |
| (52) | 3/31/2003 | $700.00 | 4630932011 | Linda Yerardi |
| (53) | 4/8/2003 | $1,000.00 | 5256529108 | Linda Yerardi |
| (54) | 4/14/2003 | $200.00 | 5013520277 | Alissa Yerardi |
| (55) | 4/14/2003 | $200.00 | 5013520255 | Elizabeth Yerardi |
| (56) | 4/16/2003 | $500.00 | 5666179342 | Alissa Yerardi |
| (57) | 5/6/2003 | $200.00 | 5559229528 | Elizabeth Yerardi |
| (58) | 5/6/2003 | $200.00 | 5559229517 | Elizabeth Yerardi |
| (59) | 5/8/2003 | $500.00 | 5666515312 | Alissa Yerardi |
| (60) | 5/23/2003 | $500.00 | 5666940562 | Linda Yerardi |
| (61) | 5/27/2003 | $500.00 | 5666515784 | Linda Yerardi |
| (62) | 6/2/2003 | $500.00 | 5559236853 | Alissa Yerardi |
| (63) | 6/7/2003 | $500.00 | 5667307132 | Linda Yerardi |
| (64) | 6/12/2003 | $500.00 | 5666179961 | Linda Yerardi |
| (65) | 6/20/2003 | $500.00 | 5666523906 | Linda Yerardi |
| (66) | 6/26/2003 | $500.00 | 5666185585 | Linda Yerardi |
| (67) | 7/3/2003 | $500.00 | 5666957436 | Linda Yerardi |
| (68) | 7/12/2003 | $500.00 | 5246754974 | Linda Yerardi |
| (69) | 7/16/2003 | $500.00 | 5559245583 | Linda Yerardi |
| (70) | 7/26/2003 | $500.00 | 5992269210 | Linda Yerardi |
| (71) | 8/2/2003 | $500.00 | 4630940335 | Alissa Yerardi |
| (72) | 8/2/2003 | $500.00 | 4630940324 | Linda Yerardi |
| (73) | 8/8/2003 | $500.00 | 5993553936 | Linda Yerardi |
| (74) | 8/14/2003 | $500.00 | 5559248992 | FCI McKean |
| (75) | 8/14/2003 | $500.00 | 5667314084 | Linda Yerardi |
| (76) | 8/22/2003 | $500.00 | 5666198905 | Linda Yerardi |
| (77) | 8/29/2003 | $500.00 | 5993558280 | Alissa Yerardi |
| (78) | 8/29/2003 | $300.00 | 5992617262 | FCI McKean |
| (79) | 8/29/2003 | $500.00 | 5993558278 | Linda Yerardi |
| (80) | 8/30/2003 | $300.00 | 5881179374 | FCI McKean |
| (81) | 9/15/2003 | $500.00 | 5993563500 | Linda Yerardi |
| (82) | 9/25/2003 | $500.00 | 5993561801 | Linda Yerardi |
| (83) | 10/1/2003 | $500.00 | 5992622458 | Alissa Yerardi |
| (84) | 10/1/2003 | $300.00 | 5992622460 | FCI McKean |
| (85) | 10/9/2003 | $300.00 | 5993560528 | FCI McKean |
| (86) | 10/11/2003 | $300.00 | 5881189612 | FCI McKean |
| (87) | 10/22/2003 | $300.00 | 6245769385 | FCI McKean |

| (88) | 11/5/2003  | $500.00 | 6245854031 | Alissa Yerardi |
| (89) | 11/5/2003  | $300.00 | 6245854042 | FCI McKean     |
| (90) | 11/6/2003  | $300.00 | 6244177320 | FCI McKean     |
| (91) | 11/12/2003 | $300.00 | 5881194246 | FCI McKean     |
| (92) | 12/3/2003  | $700.00 | 6245780332 | Alissa Yerardi |
| (93) | 12/3/2003  | $300.00 | 6245780343 | FCI McKean     |
| (94) | 12/10/2003 | $500.00 | 6245783032 | Alissa Yerardi |
| (95) | 12/10/2003 | $550.00 | 6245783043 | Alissa Yerardi |
| (96) | 12/10/2003 | $300.00 | 6245783021 | FCI McKean     |
| (97) | 12/17/2003 | $300.00 | 6245863694 | FCI McKean     |
| (98) | 07/03/2003 | $500.00 | 5666957425 | Alissa Yerardi |

RACKETEERING ACT NUMBER NINE
(Money Laundering - Forge Village Transportation)

21.  From in or about July 1999 and continuing until in or
about April 2000, in the District of Massachusetts, the
defendants **ARTHUR GIANELLI** and **DENNIS ALBERTELLI,** aided and
abetted by others known and unknown to the Grand Jury, knowing
that the property involved in financial transactions represented
the proceeds of some form of unlawful activity, conducted and
attempted to conduct financial transactions which in fact
involved the proceeds of illegal gambling activity in violation
of Title 18, United States Code, Section 1955, to wit, the
exchange of cash for checks drawn on the account of Forge Village
Transportation and made payable to Mary Ann Gianelli in the
approximate aggregate amount of $19,895 as specifically set forth
in the subpredicate racketeering acts below with intent to
promote the carrying on of said unlawful activity and knowing
that the transactions were designed in whole or in part to

27

conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of the said unlawful activity in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), and 2.

|      | Date       | Check No. | Amount   |
|------|------------|-----------|----------|
| (1)  | 7/15/1999  | 7526      | $758.03  |
| (2)  | 7/22/1999  | 7530      | $628.15  |
| (3)  | 7/29/1999  | 7534      | $809.57  |
| (4)  | 8/5/1999   | 7358      | $660.51  |
| (5)  | 8/19/1999  | 7548      | $639.81  |
| (6)  | 9/2/1999   | 7556      | $517.51  |
| (7)  | 9/9/1999   | 7560      | $712.14  |
| (8)  | 10/7/1999  | 7577      | $578.85  |
| (9)  | 10/14/1999 | 7581      | $539.18  |
| (10) | 10/21/1999 | 7585      | $679.94  |
| (11) | 10/28/1999 | 7589      | $514.43  |
| (12) | 11/10/1999 | 7598      | $540.60  |
| (13) | 11/18/1999 | 7603      | $554.56  |
| (14) | 11/24/1999 | 7611      | $496.03  |
| (15) | 12/8/1999  | 7617      | $490.18  |
| (16) | 12/9/1999  | 7622      | $533.04  |
| (17) | 12/16/1999 | 7627      | $504.79  |
| (18) | 12/23/1999 | 7632      | $544.50  |
| (19) | 12/30/1999 | 7636      | $541.18  |
| (20) | 1/6/2000   | 7641      | $424.56  |
| (21) | 1/13/2000  | 7645      | $573.53  |
| (22) | 1/20/2000  | 7649      | $550.54  |
| (23) | 1/27/2000  | 7653      | $545.67  |
| (24) | 2/3/2000   | 7658      | $541.93  |
| (25) | 2/10/2000  | 7664      | $495.23  |
| (26) | 2/17/2000  | 7670      | $578.88  |
| (27) | 2/24/2000  | 7675      | $497.20  |
| (28) | 3/2/2000   | 7680      | $504.11  |
| (29) | 3/9/2000   | 7686      | $489.46  |
| (30) | 3/16/2000  | 7691      | $474.22  |
| (31) | 3/23/2000  | 7696      | $517.78  |
| (32) | 3/30/2000  | 7701      | $563.74  |
| (33) | 4/6/2000   | 7707      | $420.89  |
| (34) | 4/13/2000  | 7713      | $511.33  |
| (35) | 4/20/2000  | 7720      | $441.75  |
| (36) | 4/27/2000  | 7727      | $522.04  |

## RACKETEERING ACT NUMBER TEN
(Money Laundering - Dennele Transportation)

22.   The defendants named below committed the following acts involving money laundering, the commission of any one of which constitutes the commission of Racketeering Act #10.

a.   From in or about May 2000 and continuing until in or about February 2004, both dates being approximate and inclusive, within the District of Massachusetts and elsewhere, the defendant **GISELE ALBERTELLI** and others known and unknown to the grand jury, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, did knowingly and unlawfully conspire, confederate, and agree to conduct financial transactions, affecting interstate and foreign commerce, which in fact involved the proceeds of illegal gambling activity in violation of Title 18, United States Code, Section 1955, with the intent to promote the carrying on of said specified unlawful activity and knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of said illegal gambling activity, in violation of Section 1956(h) of Title 18 of the United States Code.

b.   From in or about May 2000 and continuing until in or about March 2004, in the District of Massachusetts, the defendants **ARTHUR GIANELLI, DENNIS ALBERTELLI,** and **GISELE ALBERTELLI,** aided and abetted by others known and unknown to the

29

Grand Jury, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, conducted and attempted to conduct financial transactions which in fact involved the proceeds of illegal gambling activity in violation of Title 18, United States Code, Section 1955, to wit, the exchange of cash for checks drawn on the account of Dennele Transportation and made payable to Mary Ann Gianelli in the approximate aggregate amount of $129,000 as specifically set forth in the subpredicate racketeering acts below with intent to promote the carrying on of said unlawful activity and knowing that the transactions were designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of the said unlawful activity in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), and 2.

|      | Date      | Check No. | Amount   |
|------|-----------|-----------|----------|
| (1)  | 5/18/2000 | 1366      | $630.00  |
| (2)  | 6/1/2000  | 1380      | $650.00  |
| (3)  | 7/6/2000  | 1424      | $630.00  |
| (4)  | 8/3/2000  | 1464      | $630.00  |
| (5)  | 9/7/2000  | 1503      | $630.00  |
| (6)  | 10/5/2000 | 1551      | $630.00  |
| (7)  | 11/2/2000 | 1558      | $630.00  |
| (8)  | 12/7/2000 | 1640      | $630.00  |
| (9)  | 1/4/2001  | 1678      | $630.00  |
| (10) | 2/1/2001  | 1709      | $630.00  |
| (11) | 3/1/2001  | 1754      | $630.00  |
| (12) | 4/5/2001  | 1811      | $630.00  |
| (13) | 5/3/2001  | 1858      | $630.00  |
| (14) | 6/7/2001  | 1902      | $630.00  |

30

| | | | |
|---|---|---|---|
| (15) | 7/5/2001 | 1939 | $630.00 |
| (16) | 8/2/2001 | 1976 | $630.00 |
| (17) | 8/20/2001 | 2010 | $50,000.00 |
| (18) | 9/6/2001 | 2027 | $630.00 |
| (19) | 10/4/2001 | 2067 | $630.00 |
| (20) | 11/1/2001 | 2104 | $630.00 |
| (21) | 12/6/2001 | 2151 | $630.00 |
| (22) | 1/3/2002 | 2186 | $630.00 |
| (23) | 2/7/2002 | 2236 | $630.00 |
| (24) | 3/7/2002 | 2284 | $630.00 |
| (25) | 4/4/2002 | 2314 | $630.00 |
| (26) | 5/13/2002 | 2368 | $630.00 |
| (27) | 6/6/2002 | 2401 | $630.00 |
| (28) | 7/5/2002 | 2446 | $630.00 |
| (29) | 8/1/2002 | 2479 | $630.00 |
| (30) | 9/5/2002 | 2522 | $630.00 |
| (31) | 10/3/2002 | 2566 | $630.00 |
| (32) | 11/7/2002 | 2620 | $630.00 |
| (33) | 12/5/2002 | 2651 | $630.00 |
| (34) | 1/2/2003 | 2695 | $630.00 |
| (35) | 2/20/2003 | 2779 | $630.00 |
| (36) | 3/6/2003 | 2781 | $630.00 |
| (37) | 4/3/2003 | 2840 | $630.00 |
| (38) | 5/1/2003 | 2883 | $630.00 |
| (39) | 5/13/2003 | 2908 | $50,000.00 |
| (40) | 6/19/2003 | 2958 | $630.00 |
| (41) | 7/3/2003 | 2977 | $630.00 |
| (42) | 8/7/2003 | 3025 | $630.00 |
| (43) | 9/4/2003 | 3062 | $630.00 |
| (44) | 10/2/2003 | 3108 | $630.00 |
| (45) | 11/6/2003 | 3153 | $630.00 |
| (46) | 12/4/2003 | 3181 | $630.00 |
| (47) | 1/1/2004 | 3216 | $630.00 |
| (48) | 2/5/2004 | 3245 | $630.00 |

RACKETEERING ACT NUMBER ELEVEN
(Money Laundering - Tony Daniels)

23.   The defendants named below committed the following acts involving money laundering, the commission of any one of which constitutes the commission of Racketeering Act #11.

a.   From in or about October 2003 and continuing until in or about February 2004, both dates being approximate and inclusive, within the District of Massachusetts and elsewhere, the defendant **TONY DANIELS, TODD WESTERMAN, ENEYDA GONZALEZ RODRIGUEZ, WESHTOD CONSULTANTS A/K/A WESHTOD CONSULTORES S.A.** and others known and unknown to the grand jury, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, did knowingly and unlawfully conspire, confederate, and agree to conduct financial transactions, affecting interstate and foreign commerce, which in fact involved the proceeds of illegal gambling activity in violation of Title 18, United States Code, Section 1955, with the intent to promote the carrying on of said specified unlawful activity and knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of said illegal gambling activity, in violation of Section 1956(h) of Title 18 of the United States Code.

b.   From in or about October 2003 and continuing until in or about February 2004, in the District of Massachusetts and

32

elsewhere, the defendants **ARTHUR GIANELLI, DENNIS ALBERTELLI, TONY DANIELS, TODD WESTERMAN, ENEYDA GONZALEZ RODRIGUEZ, and WESHTOD CONSULTANTS A/K/A WESHTOD CONSULTORES S.A.,** aided and abetted by others known and unknown to the Grand Jury, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, conducted and attempted to conduct financial transactions which in fact involved the proceeds of illegal gambling activity in violation of Title 18, United States Code, Section 1955, to wit, the conversion of cash to bank checks made payable to Cypress Escrow and subsequent negotiation of said checks intended to pay for services provided to the Gianelli Group by the defendants **TODD WESTERMAN, ENEYDA GONZALEZ RODRIGUEZ, and WESHTOD CONSULTANTS A/K/A WESHTOD CONSULTORES S.A.** in the approximate aggregate amount of $37,419 as specifically set forth in the subpredicate racketeering acts below with intent to promote the carrying on of said unlawful activity and knowing that the transactions were designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of the said unlawful activity in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), and 2.

| | Date | Check | Amount |
|---|---|---|---|
| (1) | 10/14/2003 | 637628 | $6,200.00 |
| (2) | 10/15/2003 | 3859 | $12,400.00 |

33

(3)    2/19/2004          672480          $18,819.00

<u>RACKETEERING ACT NUMBER TWELVE</u>
(Money Laundering - The Big Dog)

24.   From in or about June 1999 and continuing until in or about August 2003, in the District of Massachusetts, the defendants **ARTHUR GIANELLI, DENNIS ALBERTELLI,** and **SALVATORE RAMASCI**, aided and abetted by others known and unknown to the Grand Jury, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, conducted and attempted to conduct financial transactions which in fact involved the proceeds of illegal gambling activity in violation of Title 18, United States Code, Section 1955, to wit, the investment of said proceeds in The Canine Entertainment Corporation d/b/a The Big Dog Sports Grille and The Big Dog Realty Trust in the approximate aggregate amount of $618,332 as specifically set forth in the subpredicate racketeering acts below knowing that the transactions were designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of the said unlawful activity in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

|     | **Date**     | **Transaction** | **Amount**   |
|-----|--------------|-----------------|--------------|
| (1) | 6/24/1999    | Cash Deposit    | $25,000.00   |
| (2) | 8/7/2000     | Cash Deposit    | $27,000.00   |
| (3) | 9/21/2000    | Cash Deposit    | $30,000.00   |
| (4) | 11/5/2000    | Cash Deposit    | $25,000.00   |

34

| (5) | 12/4/2000 | Cash Deposit | $25,000.00 |
| (6) | 12/18/2000 | Cash Deposit | $20,000.00 |
| (7) | 7/11/2001 | Coach Lane Realty Trust | $5,204.00 |
| (8) | 7/16/2001 | Coach Lane Realty Trust | $75,000.00 |
| (9) | 8/9/2001 | Coach Lane Realty Trust | $5,250.00 |
| (10) | 10/13/2001 | Coach Lane Realty Trust | $7,956.00 |
| (11) | 11/14/2001 | Coach Lane Realty Trust | $5,250.00 |
| (12) | 12/28/2001 | Coach Lane Realty Trust | $5,250.00 |
| (13) | 2/15/2002 | Coach Lane Realty Trust | $5,250.00 |
| (14) | 4/18/2002 | Coach Lane Realty Trust | $5,250.00 |
| (15) | 4/24/2002 | Regnante Sterio & Osborne | $2,925.00 |
| (16) | 5/15/2002 | Coach Lane Realty Trust | $5,250.00 |
| (17) | 5/27/2002 | Regnante Sterio & Osborne | $2,500.00 |
| (18) | 6/6/2002 | Coach Lane Realty Trust | $5,250.00 |
| (19) | 6/13/2002 | Hayes Engineering | $3,000.00 |
| (20) | 7/10/2002 | Regnante Sterio & Osborne | $6,500.00 |
| (21) | 7/11/2002 | Coach Lane Realty Trust | $5,250.00 |
| (22) | 8/15/2002 | Coach Lane Realty Trust | $5,250.00 |
| (23) | 9/13/2002 | Coach Lane Realty Trust | $5,250.00 |
| (24) | 10/17/2002 | Coach Lane Realty Trust | $5,250.00 |
| (25) | 4/18/2003 | N.E Coin Op | $100,000.00 |
| (26) | 05/2003 | Cash Deposit | $50,000.00 |
| (27) | 5/7/2003 | Roger Williams Mint | $3,600.00 |
| (28) | 5/16/2003 | Regnante Sterio & Osborne | $10,000.00 |
| (29) | 5/16/2003 | N.E Coin Op | $50,000.00 |
| (30) | 6/6/2003 | Roger Williams Mint | $3,625.00 |
| (31) | 6/24/2003 | Hayes Engineering | $5,000.00 |
| (32) | 6/30/2003 | N.E Coin Op | $25,000.00 |
| (33) | 7/3/2003 | Cash Deposit | $20,000.00 |
| (34) | 7/7/2003 | Acme Sign Corp | $8,272.00 |
| (35) | 08/2003 | Cash Deposit | $30,000.00 |

## RACKETEERING ACT NUMBER THIRTEEN
(Conspiracy and attempt to commit extortion - The Big Dog)

25.  The defendants named below committed the following acts involving extortion, the commission of any one of which constitutes the commission of Racketeering Act #13.

a.  From in or about and between November 1, 2003 and November 30, 2003, both dates being approximate and inclusive, within the District of Massachusetts, the defendants **ARTHUR GIANELLI, DENNIS ALBERTELLI, FRANK IACABONI,** and **DEEB HOMSI,**

35

and others known and unknown to the grand jury, did conspire,
confederate and agree to affect commerce by extortion, that is,
to obtain property, to wit, the majority shareholder interest in
The Canine Entertainment Corporation with its shareholders'
consent, which consent was induced by the wrongful use of actual
and threatened force, violence, and fear of economic loss in
violation of Title 18, United States Code, Sections 1951 and 2.

b.    From in or about and between November 1, 2003 and
November 30, 2003, both dates being approximate and inclusive,
within the District of Massachusetts, the defendants
**ARTHUR GIANELLI, DENNIS ALBERTELLI, FRANK IACABONI,** and **DEEB
HOMSI,** and others known and unknown to the grand jury, each
aiding and abetting the other, did attempt to affect commerce by
extortion, that is, to obtain property, to wit, the majority
shareholder interest in The Canine Entertainment Corporation with
its shareholders' consent, which consent was induced by the
wrongful use of actual and threatened force, violence, and fear
of economic loss in that the defendants and their co-conspirators
did attempt to damage and destroy a building located at 178 Main
Street in North Reading, Massachusetts which housed a business
establishment owned and operated by To The Dogs Restaurant
Management, Corp. in violation of Title 18, United States Code,
Sections 1951 and 2.

RACKETEERING ACT NUMBER FOURTEEN
(Arson - The Big Dog)

26.  On or about November 13, 2003, in the District of Massachusetts, the defendants **ARTHUR GIANELLI, DENNIS ALBERTELLI, FRANK IACABONI, DEEB HOMSI**, and others known and unknown to the grand jury, each aiding and abetting the other, did maliciously damage and destroy, and attempt to damage and destroy, by means of fire and an explosive, a building used in interstate commerce and engaged in an activity affecting interstate commerce in that the defendants and their co-conspirators did damage and attempt to damage the building located at 178 Main Street in North Reading, Massachusetts which housed two business establishments by igniting a container of gasoline with a rag affixed in violation of Title 18, United States Code, Section 844(i).

RACKETEERING ACT NUMBER FIFTEEN
(Interstate travel in aid of racketeering
enterprises - The Big Dog)

27.  On or about and before November 13, 2003, in the District of Massachusetts and elsewhere, the defendants, **ARTHUR GIANELLI, DENNIS ALBERTELLI, DEEB HOMSI,** and others known and unknown to the grand jury, each aiding and abetting the other, did unlawfully, willfully, and knowingly cause Sean Slater to travel in interstate commerce from New York to Massachusetts, with intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying

37

on of unlawful activity, namely, arson in violation of Title 18, United States Code, Section 844(i), and did thereafter perform and attempt to perform acts to promote, manage, establish, carry on, and facilitate the promotion, management, establishment and carrying on of said unlawful activity in that Sean Slater traveled from New York to Massachusetts to maliciously damage and destroy and attempt to damage and destroy, by means of fire and an explosive, a building used in interstate commerce and engaged in an activity affecting interstate commerce located at 178 Main Street in North Reading, Massachusetts which housed two business establishments in violation of Title 18, United States Code, Sections 1952(a)(3) and 2.

<u>RACKETEERING ACT NUMBER SIXTEEN</u>
(Money Laundering - Slater bail)

28.    On or about November 22, 2003, in the District of Massachusetts, the defendants **DENNIS ALBERTELLI** and **DEEB HOMSI**, aided and abetted by others known and unknown to the Grand Jury, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, conducted and attempted to conduct financial transactions which in fact involved the proceeds of illegal gambling activity in violation of Title 18, United States Code, Section 1955, to wit, the posting of $5,000 cash bail at the detention facility at Cambridge District Court for Sean Slater knowing that the transactions were designed in whole or in part to conceal and

38

disguise the nature, the location, the source, the ownership, and the control of the proceeds of the said unlawful activity in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), and 2.

## RACKETEERING ACT NUMBER SEVENTEEN
(Conspiracy and attempt to commit extortion - McCarthy's)

29.   The defendant named below committed the following acts involving extortion, the commission of any one of which constitutes the commission of Racketeering Act #17.

a.   From in or about and between 1998 and 2002, both dates being approximate and inclusive, within the District of Massachusetts and elsewhere, the defendant **ARTHUR GIANELLI** and others known and unknown to the grand jury, did conspire, confederate and agree to affect commerce by extortion, that is, to obtain property, to wit, the shareholder interests in Ben-Cor Corporation d/b/a McCarthy's Bar and Grille held by Kelley Cordova and Anthony Bendetti with their consent, which consent was induced by the wrongful use of actual and threatened force, violence, and fear of economic loss in violation of Title 18, United States Code, Section 1951.

b.   From in or about and between 1998 and 2002, both dates being approximate and inclusive, within the District of Massachusetts and elsewhere, the defendant **ARTHUR GIANELLI** and others known and unknown to the grand jury, did attempt to affect commerce by extortion, that is, to obtain property, to wit, the

39

shareholder interests in Ben-Cor Corporation d/b/a McCarthy's Bar and Grille held by Kelley Cordova and Anthony Bendetti with their consent, which consent was induced by the wrongful use of actual and threatened force, violence, and fear of economic loss in violation of Title 18, United States Code, Section 1951.

<u>RACKETEERING ACT NUMBER EIGHTEEN</u>
(Conspiracy and attempt to commit extortion - Clarke's)

30.   The defendant named below committed the following acts involving extortion, the commission of any one of which constitutes the commission of Racketeering Act #18.

a.   From in or about and between 1998 and 2002, both dates being approximate and inclusive, within the District of Massachusetts and elsewhere, the defendant **ARTHUR GIANELLI** and others known and unknown to the grand jury, did conspire, confederate and agree to affect commerce by extortion, that is, to obtain property, to wit, the shareholder interests in 21 Merchants Row Corporation d/b/a Clarke's Turn of the Century Saloon held by Kelley Cordova and Anthony Bendetti with their consent, which consent was induced by the wrongful use of actual and threatened force, violence, and fear of economic loss in violation of Title 18, United States Code, Section 1951.

b.   From in or about and between 1998 and 2002, both dates being approximate and inclusive, within the District of Massachusetts and elsewhere, the defendant **ARTHUR GIANELLI** and others known and unknown to the grand jury, did attempt to affect

40

commerce by extortion, that is, to obtain property, to wit, the shareholder interests in 21 Merchants Row Corporation d/b/a Clarke's Turn of the Century Saloon held by Kelley Cordova and Anthony Bendetti with their consent, which consent was induced by the wrongful use of actual and threatened force, violence, and fear of economic loss in violation of Title 18, United States Code, Section 1951.

### RACKETEERING ACT NUMBER NINETEEN
(Money Laundering - Mazzei)

31.    From in or before 1999 and continuing until in or about April 2005, in the District of Massachusetts, the defendants **ARTHUR GIANELLI** and **DENNIS ALBERTELLI** aided and abetted by others known and unknown to the Grand Jury, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, conducted and attempted to conduct financial transactions which in fact involved the proceeds of illegal gambling activity in violation of Title 18, United States Code, Section 1955, to wit, the purchase and negotiation of postal money orders payable to Daniele Mazzei in the approximate aggregate amount of $19,000 as specifically set forth in the subpredicate racketeering acts below with intent to promote the carrying on of said unlawful activity and knowing that the transactions were designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of the said unlawful

41

activity in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), and 2.

|      | Date       | Amount     | Serial Number |
|------|------------|------------|---------------|
| (1)  | 9/30/2002  | $600.00    | 4412670197    |
| (2)  | 9/30/2002  | $700.00    | 4412670175    |
| (3)  | 9/30/2002  | $700.00    | 4412670186    |
| (4)  | 11/1/2002  | $600.00    | 4412674686    |
| (5)  | 11/1/2002  | $700.00    | 4412674664    |
| (6)  | 11/1/2002  | $700.00    | 4412674675    |
| (7)  | 1/29/2003  | $700.00    | 4415762968    |
| (8)  | 1/29/2003  | $700.00    | 4415762946    |
| (9)  | 1/29/2003  | $1,000.00  | 5034010454    |
| (10) | 1/29/2003  | $1,000.00  | 5034010443    |
| (11) | 4/28/2003  | $1,000.00  | 5558954591    |
| (12) | 4/28/2003  | $1,000.00  | 5558954580    |
| (13) | 6/25/2003  | $1,000.00  | 5558965751    |
| (14) | 6/25/2003  | $1,000.00  | 5558965740    |
| (15) | 8/26/2003  | $800.00    | 5456564762    |
| (16) | 8/26/2003  | $800.00    | 5356564751    |
| (17) | 8/26/2003  | $800.00    | 5356564740    |
| (18) | 9/30/2003  | $600.00    | 5778038711    |
| (19) | 9/30/2003  | $1,000.00  | 5778038698    |
| (20) | 9/30/2003  | $1,000.00  | 5778038700    |
| (21) | 11/28/2003 | $600.00    | 6246618614    |
| (22) | 11/28/2003 | $1,000.00  | 6246618603    |
| (23) | 11/28/2003 | $1,000.00  | 6246618592    |

## RACKETEERING ACT NUMBER TWENTY
(Money Laundering - Sports Zone, Inc.)

32.    From in or about and between July and August 2002, in the District of Massachusetts, the defendant **ARTHUR GIANELLI,** aided and abetted by others known and unknown to the Grand Jury, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, conducted and attempted to conduct financial transactions which in fact involved the proceeds of illegal gambling activity in violation of Title 18, United States Code, Section 1955, to wit,

42

the investment of said proceeds in Sports Zone, Inc. in the approximate aggregate amount of $200,000 as specifically set forth in the subpredicate racketeering acts below with intent to promote the carrying on of said unlawful activity and knowing that the transactions were designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of the said unlawful activity in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), and 2.

| Date | Transaction | Amount |
|------|-------------|--------|
| 7/7/2002 | Cash | $25,000 |
| 8/8/2002 | Check | $100,000 |
| 8/26/2002 | Cash | $75,000 |

RACKETEERING ACT NUMBER TWENTY-ONE
(Money Laundering - C&L Management)

33.  From in or before 1999 and continuing until in or about April 2005, in the District of Massachusetts and elsewhere, the defendant **ARTHUR GIANELLI,** aided and abetted by others known and unknown to the Grand Jury, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, conducted and attempted to conduct financial transactions which in fact involved the proceeds of illegal gambling activity in violation of Title 18, United States Code, Section 1955, to wit, the deposit of said proceeds in Sovereign Bank account number 41004947572 held in the name of Christine A.

43

Leone d/b/a C&L Management in the approximate aggregate amount of $106,890 as specifically set forth in the subpredicate racketeering acts below with intent to promote the carrying on of said unlawful activity and knowing that the transactions were designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of the said unlawful activity in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), and 2.

|      | Date       | Transaction | Amount     |
|------|------------|-------------|------------|
| (1)  | 6/23/2004  | Cash        | $5,000.00  |
| (2)  | 6/25/2004  | Cash        | $5,000.00  |
| (3)  | 6/29/2004  | Cash        | $5,000.00  |
| (4)  | 7/14/2004  | Cash        | $1,000.00  |
| (5)  | 7/20/2004  | Cash        | $6,500.00  |
| (6)  | 8/4/2004   | Cash        | $5,000.00  |
| (7)  | 8/9/2004   | Cash        | $9,000.00  |
| (8)  | 8/11/2004  | Cash        | $8,950.00  |
| (9)  | 8/12/2004  | Cash        | $6,200.00  |
| (10) | 9/2/2004   | Cash        | $9,000.00  |
| (11) | 9/14/2004  | Cash        | $5,500.00  |
| (12) | 9/22/2004  | Cash        | $5,400.00  |
| (13) | 9/29/2004  | Cash        | $5,700.00  |
| (14) | 10/15/2004 | Cash        | $5,000.00  |
| (15) | 10/25/2004 | Cash        | $150.00    |
| (16) | 11/16/2004 | Cash        | $2,940.00  |
| (17) | 11/18/2004 | Cash        | $7,400.00  |
| (18) | 12/15/2004 | Cash        | $7,500.00  |
| (19) | 12/17/2004 | Cash        | $2,150.00  |
| (20) | 12/23/2004 | Cash        | $4,500.00  |

RACKETEERING ACT NUMBER TWENTY-TWO
(Money Laundering - O'Connor)

34.    From in or about August 2001 and continuing until in or

44

about September 2003, in the District of Massachusetts and elsewhere, the defendant **DENNIS ALBERTELLI,** aided and abetted by others known and unknown to the Grand Jury, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, conducted and attempted to conduct financial transactions which in fact involved the proceeds of illegal gambling activity in violation of Title 18, United States Code, Section 1955, to wit, the exchange of cash for checks made payable to Dennele Transportation in the approximate aggregate amount of $97,049 as specifically set forth in the subpredicate racketeering acts below knowing that the transactions were designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of the said unlawful activity in violation of Title 18, United States Code, Sections  1956(a)(1)(B)(i) and 2.

|     | **Date** | **Check** | **Amount** |
| --- | --- | --- | --- |
| (1) | 8/22/2001 | 762 | $50,000.00 |
| (2) | 5/5/2003 | 1013 | $17,385.00 |
| (3) | 5/5/2003 | 1014 | $21,280.00 |
| (4) | 5/6/2003 | 1015 | $8,384.00 |

## RACKETEERING ACT NUMBER TWENTY-THREE
(Money Laundering - American Home Builders)

35.    The defendants named below committed the following acts involving money laundering, the commission of any one of which constitutes the commission of Racketeering Act #23.

45

      a.   From in or before 1999 and continuing until in or about April 2005, both dates being approximate and inclusive, within the District of Massachusetts and elsewhere, the defendants **JOSEPH YERARDI, JR., RAFIA FEGHI A/K/A RAFIA YERARDI,** and others known and unknown to the grand jury, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, did knowingly and unlawfully conspire, confederate, and agree to conduct financial transactions, affecting interstate and foreign commerce, which in fact involved the proceeds of loansharking activity in violation of Title 18, United States Code, Section 891, <u>et seq.</u>, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of said illegal loansharking activity, in violation of Section 1956(h) of Title 18 of the United States Code.

      b.   From in or before 1999 and continuing until in or about March 2004, in the District of Massachusetts and elsewhere, the defendants **JOSEPH YERARDI, JR.,** and **RAFIA FEGHI A/K/A RAFIA YERARDI,** aided and abetted by others known and unknown to the Grand Jury, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, conducted and attempted to conduct financial transactions which in fact involved the proceeds of loansharking

46

activity in violation of Title 18, United States Code, Section 891, et seq., to wit, the negotiation of checks drawn on the account of American Home Builders in the approximate aggregate amount of $23,200 as specifically set forth in the subpredicate racketeering acts below knowing that the transactions were designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of the said unlawful activity in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

|      | Date       | Check No. | Amount   |
|------|------------|-----------|----------|
| (1)  | 3/16/1998  | 10510     | $200.00  |
| (2)  | 4/2/1998   | 10556     | $300.00  |
| (3)  | 4/10/1998  | 10584     | $200.00  |
| (4)  | 4/16/1998  | 10615     | $300.00  |
| (5)  | 5/28/1998  | 10772     | $300.00  |
| (6)  | 06/1998    | 10792     | $200.00  |
| (7)  | 6/18/1998  | 10836     | $200.00  |
| (8)  | 6/26/1998  | 10876     | $200.00  |
| (9)  | 7/20/1998  | 10972     | $200.00  |
| (10) | 8/20/1998  | 11083     | $200.00  |
| (11) | 9/2/1998   | 11147     | $300.00  |
| (12) | 9/16/1998  | 11187     | $200.00  |
| (13) | 9/23/1998  | 11217     | $200.00  |
| (14) | 10/22/1998 | 11293     | $200.00  |
| (15) | 11/19/1998 | 11386     | $100.00  |
| (16) | 11/24/1998 | 11407     | $200.00  |
| (17) | 12/17/1998 | 11484     | $200.00  |
| (18) | 1/21/1999  | 11569     | $200.00  |
| (19) | 2/4/1999   | 11615     | $200.00  |
| (20) | 3/2/1999   | 11688     | $200.00  |
| (21) | 4/7/1999   | 11792     | $200.00  |
| (22) | 4/21/1999  | 11863     | $300.00  |
| (23) | 5/5/1999   | 11935     | $200.00  |
| (24) | 5/20/1999  | 11994     | $200.00  |

| | | | |
|---|---|---|---|
| (25) | 6/3/1999 | 12061 | $200.00 |
| (26) | 6/15/1999 | 12120 | $200.00 |
| (27) | 6/25/1999 | 12171 | $200.00 |
| (28) | 7/14/1999 | 12265 | $200.00 |
| (29) | 7/27/1999 | 12358 | $200.00 |
| (30) | 8/4/1999 | 12336 | $200.00 |
| (31) | 8/6/1999 | 12422 | $200.00 |
| (32) | 9/9/1999 | 12557 | $200.00 |
| (33) | 9/16/1999 | 12586 | $200.00 |
| (34) | 9/29/1999 | 12635 | $200.00 |
| (35) | 10/13/1999 | 12685 | $200.00 |
| (36) | 10/27/1999 | 12741 | $200.00 |
| (37) | 11/10/1999 | 12783 | $200.00 |
| (38) | 11/23/1999 | 12847 | $200.00 |
| (39) | 12/1/1999 | 12871 | $200.00 |
| (40) | 12/8/1999 | 12899 | $200.00 |
| (41) | 1/19/2000 | 13059 | $200.00 |
| (42) | 02/2000 | 13090 | $200.00 |
| (43) | 3/3/2000 | 13251 | $200.00 |
| (44) | 3/15/2000 | 13317 | $300.00 |
| (45) | 3/22/2000 | 13361 | $200.00 |
| (46) | 4/5/2000 | 13427 | $200.00 |
| (47) | 4/19/2000 | 13492 | $200.00 |
| (48) | 5/10/2000 | 13688 | $200.00 |
| (49) | 5/17/2000 | 13725 | $200.00 |
| (50) | 6/7/2000 | 13795 | $200.00 |
| (51) | 6/14/2000 | 13822 | $200.00 |
| (52) | 6/21/2000 | 13839 | $200.00 |
| (53) | 7/12/2000 | 13943 | $200.00 |
| (54) | 8/2/2000 | 14005 | $200.00 |
| (55) | 8/16/2000 | 14080 | $200.00 |
| (56) | 8/22/2000 | 14233 | $400.00 |
| (57) | 9/27/2000 | 14244 | $200.00 |
| (58) | 10/4/2000 | 14270 | $200.00 |
| (59) | 11/30/2000 | 14445 | $200.00 |
| (60) | 1/10/2001 | 14573 | $200.00 |
| (61) | 1/25/2001 | 14609 | $200.00 |
| (62) | 1/31/2001 | 14636 | $200.00 |
| (63) | 2/11/2001 | 14674 | $200.00 |

48

| | | | |
|---|---|---|---|
| (64) | 4/4/2001 | 14816 | $200.00 |
| (65) | 4/12/2001 | 14853 | $200.00 |
| (66) | 5/2/2001 | 14932 | $200.00 |
| (67) | 6/14/2001 | 15064 | $200.00 |
| (68) | 6/20/2001 | 15084 | $200.00 |
| (69) | 6/23/2001 | 15005 | $200.00 |
| (70) | 7/3/2001 | 15117 | $200.00 |
| (71) | 7/25/2001 | 15186 | $200.00 |
| (72) | 8/29/2001 | 15291 | $200.00 |
| (73) | 9/6/2001 | 15319 | $200.00 |
| (74) | 10/24/2001 | 15478 | $200.00 |
| (75) | 1/23/2002 | 16345 | $200.00 |
| (76) | 2/20/2002 | 16438 | $200.00 |
| (77) | 2/27/2002 | 16455 | $200.00 |
| (78) | 04/2002 | 16653 | $200.00 |
| (79) | 4/17/2002 | 16614 | $200.00 |
| (80) | 5/8/2002 | 16663 | $200.00 |
| (81) | 5/15/2002 | 16692 | $200.00 |
| (82) | 5/23/2002 | 16726 | $200.00 |
| (83) | 5/29/2002 | 16742 | $200.00 |
| (84) | 6/19/2002 | 16796 | $200.00 |
| (85) | 7/3/2002 | 16850 | $200.00 |
| (86) | 7/31/2002 | 16916 | $200.00 |
| (87) | 9/6/2002 | 17016 | $200.00 |
| (88) | 9/21/2002 | 17081 | $200.00 |
| (89) | 10/11/2002 | 17135 | $200.00 |
| (90) | 10/18/2002 | 17150 | $200.00 |
| (91) | 10/28/2002 | 17170 | $200.00 |
| (92) | 11/8/2002 | 17243 | $200.00 |
| (93) | 3/21/2003 | 17581 | $200.00 |
| (94) | 3/28/2003 | 17602 | $200.00 |
| (95) | 4/18/2003 | 17662 | $200.00 |
| (96) | 4/25/2003 | 17684 | $200.00 |
| (97) | 5/23/2003 | 17792 | $300.00 |
| (98) | 6/6/2003 | 17848 | $200.00 |
| (99) | 6/13/2003 | 17868 | $200.00 |
| (100) | 6/28/2003 | 17915 | $200.00 |
| (101) | 8/8/2003 | 18072 | $200.00 |
| (102) | 8/14/2003 | 18099 | $200.00 |

49

| (103) | 9/19/2003 | 18205 | $200.00 |
|-------|-----------|-------|---------|
| (104) | 10/10/2003 | 18287 | $400.00 |
| (105) | 10/24/2003 | 18333 | $200.00 |
| (106) | 11/7/2003 | 18380 | $200.00 |
| (107) | 12/19/2003 | 18491 | $200.00 |
| (108) | 1/9/2004 | 18565 | $200.00 |
| (109) | 1/23/2004 | 18604 | $200.00 |
| (110) | 3/5/2004 | 18740 | $200.00 |
| (111) | 3/12/2004 | 18788 | $200.00 |

## COLLECTION OF UNLAWFUL DEBT

36.  The collection of unlawful debt as defined by Title 18, United States Code, Section 1961(6), that is, a debt (A) incurred or contracted in gambling activity which was in violation of the law of the United States or the law of the Commonwealth of Massachusetts, or which was unenforceable in whole or in part as to principal or interest because of the laws relating to usury, and (B) which was incurred in connection with the business of gambling in violation of the law of the United States or the law of the Commonwealth of Massachusetts, or the business of lending money or a thing of value at a rate usurious under state or federal law, where the usurious rate was at least twice the enforceable rate, through which the defendants agreed to conduct and participate in the affairs of the enterprise, consisted of multiple acts of collecting and attempting to collect and aiding and abetting in the collection and attempted collection of usurious loans and gambling debts as follows:

(a) From in or before 1999 and continuing until in or about

50

June 2004, the defendants **ARTHUR GIANELLI, DENNIS ALBERTELLI, SALVATORE RAMASCI**, and others known and unknown to the grand jury, participated in the collection and attempted collection of unlawful gambling debts from Thomas Baker.

(b) From in or before 1999 and continuing until in or about January 2005, the defendants **ARTHUR GIANELLI, DENNIS ALBERTELLI, SALVATORE RAMASCI**, and others known and unknown to the grand jury, participated in the collection and attempted collection of unlawful gambling debts from Paul Magliozzi.

(c) From in or before 1999 and continuing until in or about June 2004, the defendants **ARTHUR GIANELLI, DENNIS ALBERTELLI, SALVATORE RAMASCI**, and others known and unknown to the grand jury, participated in the collection and attempted collection of unlawful gambling debts from Michael Goudie.

(d) From in or before 1999 and continuing until in or about April 2005, the defendants **ARTHUR GIANELLI, DENNIS ALBERTELLI, SALVATORE RAMASCI**, and others known and unknown to the grand jury, participated in the collection and attempted collection of unlawful gambling debts from Philip Puopolo.

(e) From in or before 1999 and continuing until in or about September 2004, the defendants **ARTHUR GIANELLI, DENNIS ALBERTELLI, SALVATORE RAMASCI**, and others known and unknown to the grand jury, participated in the collection and attempted collection of unlawful gambling debts from Dennis Willcox.

51

(f) From in or before September 2000 and continuing until in or about January 2004, the defendants **ARTHUR GIANELLI, DENNIS ALBERTELLI, SALVATORE RAMASCI**, and others known and unknown to the grand jury, participated in the collection and attempted collection of unlawful gambling debts from John Mousis.

(g) From in or before 1999 and continuing until in or about February 2004, the defendants **ARTHUR GIANELLI, DENNIS ALBERTELLI, SALVATORE RAMASCI**, and others known and unknown to the grand jury, participated in the collection and attempted collection of unlawful gambling debts from John Pappas.

(h) From in or before 1999 and continuing until in or about June 2004, the defendants **ARTHUR GIANELLI, DENNIS ALBERTELLI, SALVATORE RAMASCI**, and others known and unknown to the grand jury, participated in the collection and attempted collection of unlawful gambling debts from Ronald Ohanian.

(i) From in or before 1999 and continuing until in or about April 2004, the defendants **ARTHUR GIANELLI, DENNIS ALBERTELLI, SALVATORE RAMASCI**, and others known and unknown to the grand jury, participated in the collection and attempted collection of unlawful gambling debts from Francis Murray.

(j) From in or before 1999 and continuing until in or about November 2004, the defendants **ARTHUR GIANELLI, DENNIS ALBERTELLI, SALVATORE RAMASCI**, and others known and unknown to the grand jury, participated in the collection and attempted collection of

52

unlawful gambling debts from Leonard Teperow.

(k) From in or before 1999 and continuing until in or about April 2005, the defendants **ARTHUR GIANELLI, DENNIS ALBERTELLI, SALVATORE RAMASCI,** and others known and unknown to the grand jury, participated in the collection and attempted collection of unlawful gambling debts from John Croshaw.

(l) From in or before 1999 and continuing until in or about August 2004, the defendants **JOSEPH YERARDI, JR., RAFIA FEGHI A/K/A RAFIA YERARDI,** and others known and unknown to the grand jury, participated in the collection and attempted collection of unlawful usurious debt from Frank Murphy.

(m) From in or before late 2003 and continuing until in or about early 2004, the defendants **ARTHUR GIANELLI, DENNIS ALBERTELLI,** and others known and unknown to the grand jury, participated in the collection and attempted collection of unlawful usurious debts from Thomas Baker.

(n) From in or before August 2002 and continuing until in or about November 2004, the defendants **ARTHUR GIANELLI, DENNIS ALBERTELLI, SALVATORE RAMASCI,** and others known and unknown to the grand jury, participated in the collection and attempted collection of unlawful usurious debts from John Mousis.

All in violation of Title 18, United States Code, Section 1962(d).

COUNT TWO
(Racketeering)

1. Paragraphs One through Ten of Count One of this Indictment are realleged and incorporated by reference as though fully set forth herein.

2. From in or before 1999 and continuing until in or about April 2005, in the District of Massachusetts and elsewhere, the defendants herein,

ARTHUR GIANELLI,
JOSEPH YERARDI, JR.,
DENNIS ALBERTELLI,
SALVATORE RAMASCI,
RANDY ALBERTELLI,
GISELE ALBERTELLI,
RAFIA FEGHI A/K/A RAFIA YERARDI,
TONY DANIELS
FRANK IACABONI,
DEEB HOMSI,
TODD WESTERMAN,
ENEYDA GONZALEZ RODRIGUEZ, and
WESHTOD CONSULTANTS A/K/A WESHTOD CONSULTORES S.A.,

and others, known and unknown to the Grand Jury, being persons employed by and associated with the unlawful enterprise, did unlawfully and knowingly conduct and participate, directly and indirectly, in the conduct of the affairs of the enterprise, which was engaged in and the activities of which affected interstate and foreign commerce, through the pattern of racketeering activity particularly described in paragraphs 13-35 of Count One and collection of unlawful debt set forth in paragraph 36 of Count One, the contents of which are incorporated

54

by reference as though fully set forth herein.

All in violation of Title 18, United States Code, Section 1962(c) and Section 2.

COUNT THREE
(Illegal Gambling Business - Sports Betting)

From in or before 1999 and continuing until in or about
April 2005, in the District of Massachusetts and elsewhere, the
defendants

ARTHUR GIANELLI,
JOSEPH YERARDI, JR.,
DENNIS ALBERTELLI,
SALVATORE RAMASCI,
RANDY ALBERTELLI,
FRANK IACABONI,
TONY DANIELS,
TODD WESTERMAN,
ENEYDA GONZALEZ RODRIGUEZ, and
WESHTOD CONSULTANTS A/K/A WESHTOD CONSULTORES S.A.,

aided and abetted by others known and unknown to the grand jury,
conducted, financed, managed, supervised, directed, and owned all
or part of an illegal gambling business to wit: a sports betting
business which constituted a violation of the laws of the
Commonwealth of Massachusetts (Chapter 271, Sections 5, 5A, 16A,
17, and 17A of the General Laws of the Commonwealth of
Massachusetts) which involved five or more persons who conducted
all or part of such business and which had been in substantially
continuous operation for a period in excess of thirty days and
had a gross revenue of $2,000 in any single day.

In violation of Title 18, United States Code, Sections 1955
and 2.

56

COUNT FOUR
(Illegal Gambling Business - Electronic Gaming Machines)

From in or before 1999 and continuing until in or about April 2005, in the District of Massachusetts and elsewhere, the defendants

**ARTHUR GIANELLI,**
**DENNIS ALBERTELLI,** and
**SALVATORE RAMASCI,**

aided and abetted by others known and unknown to the grand jury, conducted, financed, managed, supervised, directed, and owned all or part of an illegal gambling business to wit: the illegal operation of electronic gaming machines which constituted a violation of the laws of the Commonwealth of Massachusetts (Chapter 271, Sections 5, 5A, 16A, 17, and 17A of the General Laws of the Commonwealth of Massachusetts) which involved five or more persons who conducted all or part of such business and which had been in substantially continuous operation for a period in excess of thirty days and had a gross revenue of $2,000 in any single day.

In violation of Title 18, United States Code, Sections 1955 and 2.

COUNT FIVE
(Illegal Gambling Business - Football Cards)

From in or before 1999 and continuing until in or about April 2005, in the District of Massachusetts and elsewhere, the defendants

**DENNIS ALBERTELLI,**
**RANDY ALBERTELLI,**
**GISELE ALBERTELLI,**
**ARTHUR GIANELLI,** and
**FRANK IACABONI,**

aided and abetted by others known and unknown to the grand jury, conducted, financed, managed, supervised, directed, and owned all or part of an illegal gambling business to wit: a football card business which constituted a violation of the laws of the Commonwealth of Massachusetts (Chapter 271, Sections 5, 5A, 16A, 17, and 17A of the General Laws of the Commonwealth of Massachusetts) which involved five or more persons who conducted all or part of such business and which had been in substantially continuous operation for a period in excess of thirty days and had a gross revenue of $2,000 in any single day.

In violation of Title 18, United States Code, Sections 1955 and 2.

58

COUNT SIX
(Use of Wire Communication Facility - Telephone)

In or about and between July 2003 and April 2005, in the District of Massachusetts and elsewhere, the defendants

ARTHUR GIANELLI,
JOSEPH YERARDI, JR.,
DENNIS ALBERTELLI,
SALVATORE RAMASCI,
RANDY ALBERTELLI,
TONY DANIELS,
TODD WESTERMAN,
ENEYDA GONZALEZ RODRIGUEZ, and
WESHTOD CONSULTANTS A/K/A WESHTOD CONSULTORES S.A.,

aided and abetted by others known and unknown to the Grand Jury, being engaged in the business of betting and wagering, knowingly used a wire communication facility for the transmission in interstate and foreign commerce of bets and wagers and information assisting in the placing of bets and wagers on any sporting event and contest, and for the transmission of a wire communication which entitled the recipient to receive money and credit as a result of bets and wagers, namely, the defendants provided the use of a toll-free telephone line to an offshore gaming office located in San Jose, Costa Rica for the purpose of placing wagers on sporting events.

In violation of Title 18, United States Code, Sections 1084 and 2.

COUNT SEVEN
(Use of Wire Communication Facility - Internet)

In or about and between July 2003 and April 2005, in the District of Massachusetts and elsewhere, the defendants

**ARTHUR GIANELLI,**
**JOSEPH YERARDI, JR.,**
**DENNIS ALBERTELLI,**
**SALVATORE RAMASCI,**
**RANDY ALBERTELLI,**
**TONY DANIELS,**
**TODD WESTERMAN,**
**ENEYDA GONZALEZ RODRIGUEZ, and**
**WESHTOD CONSULTANTS A/K/A WESHTOD CONSULTORES S.A.,**

aided and abetted by others known and unknown to the Grand Jury, being engaged in the business of betting and wagering, knowingly used a wire communication facility for the transmission in interstate and foreign commerce of bets and wagers and information assisting in the placing of bets and wagers on any sporting event and contest, and for the transmission of a wire communication which entitled the recipient to receive money and credit as a result of bets and wagers, namely, the defendants provided an internet site located in San Jose, Costa Rica for the purpose of placing wagers on sporting events.

In violation of Title 18, United States Code, Sections 1084 and 2.

60

<u>COUNT EIGHT</u>
(Money Laundering Conspiracy)

From in or before 1999 and continuing until in or about April 2005, both dates being approximate and inclusive, within the District of Massachusetts and elsewhere, the defendants

**ARTHUR GIANELLI,
DENNIS ALBERTELLI,
SALVATORE RAMASCI,**

and others known and unknown to the grand jury, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, did knowingly and unlawfully conspire, confederate, and agree to conduct financial transactions, affecting interstate and foreign commerce, which in fact involved the proceeds of illegal gambling activity in violation of Title 18, United States Code, Section 1955, with the intent to promote the carrying on of said specified unlawful activity and knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of said illegal gambling activity.

a.    It was a part of the conspiracy that the defendants **ARTHUR GIANELLI, DENNIS ALBERTELLI, SALVATORE RAMASCI,** and others known and unknown to the grand jury, distributed proceeds of the illegal gambling business to the defendant **RAFIA FEGHI A/K/A RAFIA YERARDI** in the form of cash and postal money orders. The

61

postal money orders aggregated approximately $114,600.

b.    It was a part of the conspiracy that the defendants
ARTHUR GIANELLI, DENNIS ALBERTELLI, SALVATORE RAMASCI, and others
known and unknown to the grand jury, distributed proceeds of the
illegal gambling business to the defendant JOSEPH YERARDI, JR.
in the form of postal money orders deposited into YERARDI's
prison "canteen" account.  Other postal money orders which
represented the proceeds of the illegal gambling business were
sent to prison canteen accounts of other inmates designated by
YERARDI.  Further, postal money orders which represented the
proceeds of the illegal gambling business were forwarded at
YERARDI's direction to other members of YERARDI's family.  These
postal money orders aggregated approximately $74,300.

c.    It was a part of the conspiracy that the defendants
ARTHUR GIANELLI, DENNIS ALBERTELLI, SALVATORE RAMASCI, GISELE
ALBERTELLI, and others known and unknown to the grand jury,
distributed proceeds of the illegal gambling business to the
defendant ARTHUR GIANELLI by exchanging cash for checks payable
to GIANELLI's wife, Mary Ann.  The checks were drawn on the
business accounts of two businesses with which the defendants
DENNIS ALBERTELLI and GISELE ALBERTELLI were associated.  The
checks were drawn to make it appear as though Mary Ann Gianelli
had a legitimate source of income and that the payments to Mary
Ann Gianelli were legitimate business expenses.  These checks

62

aggregated approximately $238,385.

     d.    It was a part of the conspiracy that the defendants **ARTHUR GIANELLI, DENNIS ALBERTELLI, SALVATORE RAMASCI, TONY DANIELS,** and others known and unknown to the grand jury, distributed proceeds of the illegal gambling business to the defendants **TODD WESTERMAN, ENEYDA GONZALEZ RODRIGUEZ,** and **WESHTOD CONSULTANTS A/K/A WESHTOD CONSULTORES S.A.** The defendant **DANIELS** converted cash proceeds of the illegal gambling business to checks which he forwarded to Cypress Escrow located in Nevis, West Indies to pay the defendants **TODD WESTERMAN, ENEYDA GONZALEZ RODRIGUEZ,** and **WESHTOD CONSULTANTS A/K/A WESHTOD CONSULTORES S.A.** for services provided to the Gianelli Group. These checks aggregated approximately $37,419.

     e.    It was a part of the conspiracy that the defendants **ARTHUR GIANELLI, DENNIS ALBERTELLI, SALVATORE RAMASCI,** and others known and unknown to the grand jury, invested proceeds of the illegal gambling business in The Canine Entertainment Corporation d/b/a The Big Dog Sports Grille. This investment was made through payments in cash and checks used for multiple purposes related to the business of The Big Dog Sports Grille. The cash and checks aggregated approximately $705,700.

     f.    It was a part of the conspiracy that the defendant **ARTHUR GIANELLI,** and others known and unknown to the grand jury, invested proceeds of the illegal gambling business in Sports

63

Zone, Inc. This investment was made through payments in cash and checks used for multiple purposes related to the business of Sports Zone, Inc. The cash and checks aggregated approximately $200,000.

g.   It was a part of the conspiracy that the defendants **ARTHUR GIANELLI, DENNIS ALBERTELLI, SALVATORE RAMASCI,** and others known and unknown to the grand jury, distributed proceeds of the illegal gambling business to **GIANELLI**'s paramour Daniele Mazzei in the form of cash and postal money orders. The postal money orders aggregated approximately $25,600.

h.   It was a part of the conspiracy that the defendant **ARTHUR GIANELLI,** and others known and unknown to the grand jury, deposited proceeds of the illegal gambling business into Sovereign Bank account number 41004947572 held in the name of Christine A. Leone d/b/a C&L Management. **GIANELLI** used this account to pay his personal expenses among other things. Cash deposits made to this account aggregated approximately $106,890.

All in violation of Section 1956(h) of Title 18 of the United States Code.

64

<u>COUNT NINE</u>
(Money Laundering Conspiracy - Rafia Feghi)

From in or before 1999 and continuing until in or about April 2005, both dates being approximate and inclusive, within the District of Massachusetts and elsewhere, the defendants

**JOSEPH YERARDI, JR.,**
**RAFIA FEGHI A/K/A RAFIA YERARDI,**

and others known and unknown to the grand jury, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, did knowingly and unlawfully conspire, confederate, and agree to conduct financial transactions, affecting interstate and foreign commerce, as specifically set forth below in Counts Ten through Eighty-six which in fact involved the proceeds of illegal gambling activity in violation of Title 18, United States Code, Section 1955, with the intent to promote the carrying on of said specified unlawful activity and knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of said illegal gambling activity.

In violation of Section 1956(h) of Title 18 of the United States Code.

65

COUNTS TEN THROUGH EIGHTY-SIX
(Money Laundering - Rafia Feghi)

From in or about August 2002 and continuing until in or about November 2003, in the District of Massachusetts and elsewhere, the defendants

**ARTHUR GIANELLI,**
**JOSEPH YERARDI, JR.,**
**DENNIS ALBERTELLI,**
**SALVATORE RAMASCI, and**
**RAFIA FEGHI A/K/A RAFIA YERARDI,**

aided and abetted by others known and unknown to the Grand Jury, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, conducted and attempted to conduct financial transactions which in fact involved the proceeds of illegal gambling activity in violation of Title 18, United States Code, Section 1955, to wit, the purchase and negotiation of postal money orders in the approximate aggregate amount of $77,000 as specifically set forth below with intent to promote the carrying on of said unlawful activity and knowing that the transactions were designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of the said unlawful activity.

| Count | Date | Amount | Serial Number | Payee |
|-------|------|--------|---------------|-------|
| (10) | 8/31/2002 | $1,000.00 | 4906103477 | Belmont Hill School |
| (11) | 9/8/2002 | $1,000.00 | 5993558616 | American Express |
| (12) | 9/11/2002 | $1,000.00 | 5993562317 | American Express |
| (13) | 9/18/2002 | $1,000.00 | 4906105852 | FCNB |

66

| | | | | |
|---|---|---|---|---|
| (14) | 9/27/2002 | $1,000.00 | 5017442365 | Archstone Bearhill |
| (15) | 9/28/2002 | $1,000.00 | 4906109520 | Belmont Hill School |
| (16) | 9/28/2002 | $1,000.00 | 4906109542 | Belmont Hill School |
| (17) | 10/10/2002 | $1,000.00 | 5017270713 | MBNA America |
| (18) | 10/25/2002 | $1,000.00 | 4906106662 | American Express |
| (19) | 10/31/2002 | $1,000.00 | 4906119341 | American Express |
| (20) | 11/8/2002 | $1,000.00 | 5019283203 | Belmont Hill School |
| (21) | 11/8/2002 | $1,000.00 | 5019283192 | Belmont Hill School |
| (22) | 11/16/2002 | $1,000.00 | 5017194900 | FCNB |
| (23) | 11/19/2002 | $1,000.00 | 4627804230 | American Express |
| (24) | 11/25/2002 | $1,000.00 | 5019319618 | American Express |
| (25) | 12/5/2002 | $1,000.00 | 5246731271 | American Express |
| (26) | 12/10/2002 | $1,000.00 | 5246731495 | American Express |
| (27) | 12/10/2002 | $1,000.00 | 5019295105 | Belmont Hill School |
| (28) | 12/10/2002 | $1,000.00 | 5019295116 | Belmont Hill School |
| (29) | 12/21/2002 | $1,000.00 | 4906124302 | Rafia Feghi |
| (30) | 12/24/2002 | $1,000.00 | 5254609151 | American Express |
| (31) | 12/30/2002 | $1,000.00 | 5254608745 | American Express |
| (32) | 1/9/2003 | $1,000.00 | 5017066762 | American Express |
| (33) | 1/16/2003 | $1,000.00 | 5254709692 | Belmont Hill School |
| (34) | 1/16/2003 | $1,000.00 | 5254709681 | Belmont Hill School |
| (35) | 1/27/2003 | $1,000.00 | 5013507003 | American Express |
| (36) | 2/6/2003 | $1,000.00 | 5013505473 | American Express |
| (37) | 2/11/2003 | $1,000.00 | 5254623246 | Yossef Bina |
| (38) | 2/19/2003 | $1,000.00 | 5254614551 | Yossef Bina |
| (39) | 2/25/2003 | $1,000.00 | 5246747482 | American Express |
| (40) | 2/25/2003 | $1,000.00 | 5013513540 | Belmont Hill School |
| (41) | 2/25/2003 | $1,000.00 | 5013513551 | Belmont Hill School |
| (42) | 3/12/2003 | $1,000.00 | 5013516205 | American Express |
| (43) | 3/18/2003 | $1,000.00 | 5255791481 | Yossef Bina |
| (44) | 3/27/2003 | $1,000.00 | 5254646411 | Rafia Feghi |
| (45) | 4/2/2003 | $1,000.00 | 5254626194 | Belmont Hill School |
| (46) | 4/2/2003 | $1,000.00 | 5254626205 | Belmont Hill School |
| (47) | 4/8/2003 | $1,000.00 | 5256529097 | Rafia Feghi |
| (48) | 4/14/2003 | $1,000.00 | 5013520233 | Belmont Hill School |
| (49) | 4/14/2003 | $1,000.00 | 5013520244 | Green Point Mortgage |
| (50) | 4/16/2003 | $1,000.00 | 5666179353 | Belmont Hill School |
| (51) | 4/22/2003 | $1,000.00 | 5666183638 | Green Point Mortgage |
| (52) | 4/30/2003 | $1,000.00 | 5666187150 | Rafia Feghi |
| (53) | 5/6/2003 | $1,000.00 | 5559229484 | American Express |
| (54) | 5/23/2003 | $1,000.00 | 5666940551 | Green Point Mortgage |

| (55) | 5/27/2003 | $1,000.00 | 5666515773 | Rafia Feghi |
| (56) | 6/7/2003 | $1,000.00 | 5667307110 | American Express |
| (57) | 6/12/2003 | $1,000.00 | 5666179948 | American Express |
| (58) | 6/20/2003 | $1,000.00 | 5666523884 | Fidelity |
| (59) | 6/26/2003 | $1,000.00 | 5666185563 | Fidelity |
| (60) | 7/3/2003 | $1,000.00 | 5666957414 | American Express |
| (61) | 7/12/2003 | $1,000.00 | 5246754952 | American Express |
| (62) | 7/21/2003 | $1,000.00 | 5559245853 | Belmont Hill School |
| (63) | 7/21/2003 | $1,000.00 | 5559245864 | Belmont Hill School |
| (64) | 7/26/2003 | $1,000.00 | 5992269197 | American Express |
| (65) | 8/8/2003 | $1,000.00 | 5993553780 | American Express |
| (66) | 8/14/2003 | $1,000.00 | 5667314073 | Washington Mutual |
| (67) | 8/22/2003 | $1,000.00 | 5994372262 | Belmont Hill School |
| (68) | 8/22/2003 | $1,000.00 | 5994372251 | Belmont Hill School |
| (69) | 8/22/2003 | $1,000.00 | 5666198883 | Rafia Feghi |
| (70) | 8/29/2003 | $1,000.00 | 5993558256 | Rafia Feghi |
| (71) | 9/15/2003 | $1,000.00 | 5993563498 | Rafia Feghi |
| (72) | 9/25/2003 | $1,000.00 | 5881185303 | Belmont Hill School |
| (73) | 9/25/2003 | $1,000.00 | 5881185314 | Belmont Hill School |
| (74) | 9/25/2003 | $1,000.00 | 5993561788 | Washington Mutual |
| (75) | 10/1/2003 | $1,000.00 | 5992622436 | Rafia Feghi |
| (76) | 10/11/2003 | $1,000.00 | 5881189601 | American Express |
| (77) | 10/16/2003 | $1,000.00 | 5992626183 | Washington Mutual |
| (78) | 10/22/2003 | $1,000.00 | 6244176846 | Belmont Hill School |
| (79) | 10/22/2003 | $1,000.00 | 6244176857 | Belmont Hill School |
| (80) | 10/22/2003 | $1,000.00 | 6245769363 | Belmont Hill School |
| (81) | 10/22/2003 | $1,000.00 | 6245769374 | Washington Mutual |
| (82) | 11/3/2003 | $1,000.00 | 6245773762 | American Express |
| (83) | 11/5/2003 | $1,000.00 | 6245854020 | American Express |
| (84) | 11/12/2003 | $1,000.00 | 5881194235 | Rafia Feghi |
| (85) | 11/21/2003 | $1,000.00 | 6245748393 | Belmont Hill School |
| (86) | 11/21/2003 | $1,000.00 | 6244191516 | Belmont Hill School |

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), and 2.

68

## COUNT EIGHTY-SEVEN
(Money Laundering Conspiracy - Joseph Yerardi, Jr.)

From in or before 1999 and continuing until in or about April 2005, both dates being approximate and inclusive, within the District of Massachusetts and elsewhere, the defendant

**JOSEPH YERARDI, JR.**

and others known and unknown to the grand jury, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, did knowingly and unlawfully conspire, confederate, and agree to conduct financial transactions, affecting interstate and foreign commerce, as specifically set forth below in Counts Eighty-eight through One Hundred Eighty-five which in fact involved the proceeds of illegal gambling activity in violation of Title 18, United States Code, Section 1955, with the intent to promote the carrying on of said specified unlawful activity and knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of said illegal gambling activity.

In violation of Section 1956(h) of Title 18 of the United States Code.

69

COUNTS EIGHTY-EIGHT THROUGH ONE HUNDRED EIGHTY-FIVE
(Money Laundering - Joseph Yerardi, Jr.)

From in or about August 2002 and continuing until in or about July 2003, in the District of Massachusetts and elsewhere, the defendants **ARTHUR GIANELLI, JOSEPH YERARDI, JR., DENNIS ALBERTELLI,** and **SALVATORE RAMASCI,** aided and abetted by others known and unknown to the Grand Jury, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, conducted and attempted to conduct financial transactions which in fact involved the proceeds of illegal gambling activity in violation of Title 18, United States Code, Section 1955, to wit, the purchase and negotiation of postal money orders in the approximate aggregate amount of $52,050 as specifically set forth below with intent to promote the carrying on of said unlawful activity and knowing that the transactions were designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of the said unlawful activity.

| Count | Date | Amount | Serial Number | Payee |
|-------|------|--------|---------------|-------|
| (88) | 8/31/2002 | $500.00 | 4412546853 | Elizabeth Yerardi |
| (89) | 8/31/2002 | $300.00 | 4906103455 | FCI Raybrook |
| (90) | 8/31/2002 | $500.00 | 4412546864 | FCI Raybrook |
| (91) | 9/8/2002 | $300.00 | 5993558638 | FCI McKean |
| (92) | 9/8/2002 | $500.00 | 5993558627 | Linda Yerardi |
| (93) | 9/11/2002 | $500.00 | 5993562328 | Linda Yerardi |
| (94) | 9/18/2002 | $600.00 | 5017441476 | Elizabeth Yerardi |
| (95) | 9/27/2002 | $600.00 | 5017442376 | Elizabeth Yerardi |
| (96) | 10/22/2002 | $300.00 | 5017453367 | FCI McKean |

70

| | | | | |
|---|---|---|---|---|
| (97) | 11/5/2002 | $300.00 | 4630588470 | Linda Yerardi |
| (98) | 11/5/2002 | $700.00 | 4630588468 | Linda Yerardi |
| (99) | 11/16/2002 | $1,000.00 | 5017194911 | Linda Yerardi |
| (100) | 11/19/2002 | $500.00 | 4627804241 | FCI Raybrook |
| (101) | 11/19/2002 | $1,000.00 | 4627804228 | Linda Yerardi |
| (102) | 11/21/2002 | $300.00 | 5019285328 | FCI Raybrook |
| (103) | 11/23/2002 | $300.00 | 4630587772 | FCI Raybrook |
| (104) | 11/25/2002 | $300.00 | 5019319631 | FCI Raybrook |
| (105) | 11/25/2002 | $1,000.00 | 5019319620 | Linda Yerardi |
| (106) | 11/26/2002 | $400.00 | 4630579582 | Alissa Yerardi |
| (107) | 12/4/2002 | $1,000.00 | 5017459511 | Linda Yerardi |
| (108) | 12/10/2002 | $1,000.00 | 5017459803 | Jos. & Eliz. Yerardi |
| (109) | 12/10/2002 | $500.00 | 5019295138 | Joseph Yerardi Sr |
| (110) | 12/10/2002 | $1,000.00 | 5246731506 | Linda Yerardi |
| (111) | 12/21/2002 | $300.00 | 4906124335 | FCI Raybrook |
| (112) | 12/21/2002 | $1,000.00 | 4906124313 | Linda Yerardi |
| (113) | 12/24/2002 | $300.00 | 5254609116 | FCI Raybrook |
| (114) | 12/30/2002 | $1,000.00 | 5254608734 | Linda Yerardi |
| (115) | 1/9/2003 | $500.00 | 5017066773 | Alissa Yerardi |
| (116) | 1/9/2003 | $1,000.00 | 5017066751 | Linda Yerardi |
| (117) | 1/21/2003 | $300.00 | 4630594961 | Linda Yerardi |
| (118) | 1/21/2003 | $700.00 | 4630594950 | Linda Yerardi |
| (119) | 1/27/2003 | $300.00 | 4630596963 | FCI Raybrook |
| (120) | 1/29/2003 | $300.00 | 5254616417 | FCI Raybrook |
| (121) | 1/29/2003 | $1,000.00 | 5254616406 | Linda Yerardi |
| (122) | 1/30/2003 | $300.00 | 5246743307 | FCI Raybrook |
| (123) | 2/6/2003 | $200.00 | 5246742690 | Alissa Yerardi |
| (124) | 2/6/2003 | $400.00 | 5246742677 | Alissa Yerardi |
| (125) | 2/6/2003 | $500.00 | 5013505506 | Alissa Yerardi |
| (126) | 2/6/2003 | $1,000.00 | 5013505484 | Linda Yerardi |
| (127) | 2/11/2003 | $1,000.00 | 5254623257 | Linda Yerardi |
| (128) | 2/19/2003 | $1,000.00 | 5254614540 | Linda Yerardi |
| (129) | 2/25/2003 | $1,000.00 | 5246747493 | Linda Yerardi |
| (130) | 3/4/2003 | $300.00 | 5246750564 | FCI Raybrook |
| (131) | 3/5/2003 | $1,000.00 | 5246747820 | Joseph Yerardi |
| (132) | 3/12/2003 | $500.00 | 5013516216 | Alissa Yerardi |
| (133) | 3/12/2003 | $300.00 | 5256522000 | FCI Raybrook |
| (134) | 3/12/2003 | $1,000.00 | 5254726994 | Linda Yerardi |
| (135) | 3/13/2003 | $300.00 | 5254628128 | FCI Raybrook |
| (136) | 3/18/2003 | $1,000.00 | 5255791492 | Linda Yerardi |
| (137) | 3/27/2003 | $1,000.00 | 5254646400 | Linda Yerardi |
| (138) | 3/31/2003 | $300.00 | 4630932022 | Linda Yerardi |
| (139) | 3/31/2003 | $700.00 | 4630932011 | Linda Yerardi |
| (140) | 4/8/2003 | $1,000.00 | 5256529108 | Linda Yerardi |
| (141) | 4/14/2003 | $200.00 | 5013520277 | Alissa Yerardi |
| (142) | 4/14/2003 | $200.00 | 5013520255 | Elizabeth Yerardi |
| (143) | 4/16/2003 | $500.00 | 5666179342 | Alissa Yerardi |

71

| | | | | |
|---|---|---|---|---|
| (144) | 5/6/2003 | $200.00 | 5559229528 | Elizabeth Yerardi |
| (145) | 5/6/2003 | $200.00 | 5559229517 | Elizabeth Yerardi |
| (146) | 5/8/2003 | $500.00 | 5666515312 | Alissa Yerardi |
| (147) | 5/23/2003 | $500.00 | 5666940562 | Linda Yerardi |
| (148) | 5/27/2003 | $500.00 | 5666515784 | Linda Yerardi |
| (149) | 6/2/2003 | $500.00 | 5559236853 | Alissa Yerardi |
| (150) | 6/7/2003 | $500.00 | 5667307132 | Linda Yerardi |
| (151) | 6/12/2003 | $500.00 | 5666179961 | Linda Yerardi |
| (152) | 6/20/2003 | $500.00 | 5666523906 | Linda Yerardi |
| (153) | 6/26/2003 | $500.00 | 5666185585 | Linda Yerardi |
| (154) | 7/3/2003 | $500.00 | 5666957436 | Linda Yerardi |
| (155) | 7/12/2003 | $500.00 | 5246754974 | Linda Yerardi |
| (156) | 7/16/2003 | $500.00 | 5559245583 | Linda Yerardi |
| (157) | 7/26/2003 | $500.00 | 5992269210 | Linda Yerardi |
| (158) | 8/2/2003 | $500.00 | 4630940335 | Alissa Yerardi |
| (159) | 8/2/2003 | $500.00 | 4630940324 | Linda Yerardi |
| (160) | 8/8/2003 | $500.00 | 5993553936 | Linda Yerardi |
| (161) | 8/14/2003 | $500.00 | 5559248992 | FCI McKean |
| (162) | 8/14/2003 | $500.00 | 5667314084 | Linda Yerardi |
| (163) | 8/22/2003 | $500.00 | 5666198905 | Linda Yerardi |
| (164) | 8/29/2003 | $500.00 | 5993558280 | Alissa Yerardi |
| (165) | 8/29/2003 | $300.00 | 5992617262 | FCI McKean |
| (166) | 8/29/2003 | $500.00 | 5993558278 | Linda Yerardi |
| (167) | 8/30/2003 | $300.00 | 5881179374 | FCI McKean |
| (168) | 9/15/2003 | $500.00 | 5993563500 | Linda Yerardi |
| (169) | 9/25/2003 | $500.00 | 5993561801 | Linda Yerardi |
| (170) | 10/1/2003 | $500.00 | 5992622458 | Alissa Yerardi |
| (171) | 10/1/2003 | $300.00 | 5992622460 | FCI McKean |
| (172) | 10/9/2003 | $300.00 | 5993560528 | FCI McKean |
| (173) | 10/11/2003 | $300.00 | 5881189612 | FCI McKean |
| (174) | 10/22/2003 | $300.00 | 6245769385 | FCI McKean |
| (175) | 11/5/2003 | $500.00 | 6245854031 | Alissa Yerardi |
| (176) | 11/5/2003 | $300.00 | 6245854042 | FCI McKean |
| (177) | 11/6/2003 | $300.00 | 6244177320 | FCI McKean |
| (178) | 11/12/2003 | $300.00 | 5881194246 | FCI McKean |
| (179) | 12/3/2003 | $700.00 | 6245780332 | Alissa Yerardi |
| (180) | 12/3/2003 | $300.00 | 6245780343 | FCI McKean |
| (181) | 12/10/2003 | $500.00 | 6245783032 | Alissa Yerardi |
| (182) | 12/10/2003 | $550.00 | 6245783043 | Alissa Yerardi |
| (183) | 12/10/2003 | $300.00 | 6245783021 | FCI McKean |
| (184) | 12/17/2003 | $300.00 | 6245863694 | FCI McKean |
| (185) | 07/03/2003 | $500.00 | 5666957425 | Alissa Yerardi |

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), and 2.

72

COUNT ONE HUNDRED EIGHTY-SIX
(Money Laundering Conspiracy - Dennele Transportation)

From in or about May 2000 and continuing until in or about February 2004, both dates being approximate and inclusive, within the District of Massachusetts and elsewhere, the defendant

## GISELE ALBERTELLI

and others known and unknown to the grand jury, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, did knowingly and unlawfully conspire, confederate, and agree to conduct financial transactions, affecting interstate and foreign commerce, as specifically set forth below in Counts One Hundred Eighty-seven through Two Hundred Thirty-four which in fact involved the proceeds of illegal gambling activity in violation of Title 18, United States Code, Section 1955, with the intent to promote the carrying on of said specified unlawful activity and knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of said illegal gambling activity.

In violation of Section 1956(h) of Title 18 of the United States Code.

73

COUNTS ONE HUNDRED EIGHTY-SEVEN THROUGH TWO HUNDRED THIRTY-FOUR
(Money Laundering - Dennele Transportation)

From in or about May 2000 and continuing until in or about February 2004, in the District of Massachusetts, the defendants

**ARTHUR GIANELLI,**
**DENNIS ALBERTELLI,** and
**GISELE ALBERTELLI,**

aided and abetted by others known and unknown to the Grand Jury, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, conducted and attempted to conduct financial transactions which in fact involved the proceeds of illegal gambling activity in violation of Title 18, United States Code, Section 1955, to wit, the exchange of cash for checks drawn on the account of Dennele Transportation and made payable to Mary Ann Gianelli in the approximate aggregate amount of $129,000 as specifically set forth below with intent to promote the carrying on of said unlawful activity and knowing that the transactions were designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of the said unlawful activity.

| Count | Date | Check No. | Amount |
|-------|------|-----------|--------|
| (187) | 5/18/2000 | 1366 | $630.00 |
| (188) | 6/1/2000 | 1380 | $650.00 |
| (189) | 7/6/2000 | 1424 | $630.00 |
| (190) | 8/3/2000 | 1464 | $630.00 |
| (191) | 9/7/2000 | 1503 | $630.00 |
| (192) | 10/5/2000 | 1551 | $630.00 |

74

| | | | |
|---|---|---|---|
| (193) | 11/2/2000 | 1558 | $630.00 |
| (194) | 12/7/2000 | 1640 | $630.00 |
| (195) | 1/4/2001 | 1678 | $630.00 |
| (196) | 2/1/2001 | 1709 | $630.00 |
| (197) | 3/1/2001 | 1754 | $630.00 |
| (198) | 4/5/2001 | 1811 | $630.00 |
| (199) | 5/3/2001 | 1858 | $630.00 |
| (200) | 6/7/2001 | 1902 | $630.00 |
| (201) | 7/5/2001 | 1939 | $630.00 |
| (202) | 8/2/2001 | 1976 | $630.00 |
| (203) | 8/20/2001 | 2010 | $50,000.00 |
| (204) | 9/6/2001 | 2027 | $630.00 |
| (205) | 10/4/2001 | 2067 | $630.00 |
| (206) | 11/1/2001 | 2104 | $630.00 |
| (207) | 12/6/2001 | 2151 | $630.00 |
| (208) | 1/3/2002 | 2186 | $630.00 |
| (209) | 2/7/2002 | 2236 | $630.00 |
| (210) | 3/7/2002 | 2284 | $630.00 |
| (211) | 4/4/2002 | 2314 | $630.00 |
| (212) | 5/13/2002 | 2368 | $630.00 |
| (213) | 6/6/2002 | 2401 | $630.00 |
| (214) | 7/5/2002 | 2446 | $630.00 |
| (215) | 8/1/2002 | 2479 | $630.00 |
| (216) | 9/5/2002 | 2522 | $630.00 |
| (217) | 10/3/2002 | 2566 | $630.00 |
| (218) | 11/7/2002 | 2620 | $630.00 |
| (219) | 12/5/2002 | 2651 | $630.00 |
| (220) | 1/2/2003 | 2695 | $630.00 |
| (221) | 2/20/2003 | 2779 | $630.00 |
| (222) | 3/6/2003 | 2781 | $630.00 |
| (223) | 4/3/2003 | 2840 | $630.00 |
| (224) | 5/1/2003 | 2883 | $630.00 |
| (225) | 5/13/2003 | 2908 | $50,000.00 |
| (226) | 6/19/2003 | 2958 | $630.00 |
| (227) | 7/3/2003 | 2977 | $630.00 |
| (228) | 8/7/2003 | 3025 | $630.00 |
| (229) | 9/4/2003 | 3062 | $630.00 |
| (230) | 10/2/2003 | 3108 | $630.00 |
| (231) | 11/6/2003 | 3153 | $630.00 |
| (232) | 12/4/2003 | 3181 | $630.00 |
| (233) | 1/1/2004 | 3216 | $630.00 |
| (234) | 2/5/2004 | 3245 | $630.00 |

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), and 2.

75

COUNT TWO HUNDRED THIRTY-FIVE
(Money Laundering Conspiracy - Tony Daniels)

From in or about October 2003 and continuing until in or about February 2004, both dates being approximate and inclusive, within the District of Massachusetts and elsewhere, the defendants

**TONY DANIELS,
TODD WESTERMAN,
ENEYDA GONZALEZ RODRIGUEZ,
WESHTOD CONSULTANTS A/K/A WESHTOD CONSULTORES S.A.**

and others known and unknown to the grand jury, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, did knowingly and unlawfully conspire, confederate, and agree to conduct financial transactions, affecting interstate and foreign commerce, as specifically set forth below in Counts Two Hundred Thirty-six through Two Hundred Thirty-eight which in fact involved the proceeds of illegal gambling activity in violation of Title 18, United States Code, Section 1955, with the intent to promote the carrying on of said specified unlawful activity and knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of said illegal gambling activity.

In violation of Section 1956(h) of Title 18 of the United States Code.

76

COUNTS TWO HUNDRED THIRTY-SIX THROUGH TWO HUNDRED THIRTY-EIGHT
(Money Laundering - Tony Daniels)

From in or before 1999 and continuing until in or about April 2005, in the District of Massachusetts and elsewhere, the defendants

**ARTHUR GIANELLI,**
**DENNIS ALBERTELLI,**
**TONY DANIELS,**
**TODD WESTERMAN,**
**ENEYDA GONZALEZ RODRIGUEZ, and**
**WESHTOD CONSULTANTS A/K/A WESHTOD CONSULTORES S.A.,**

aided and abetted by others known and unknown to the Grand Jury, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, conducted and attempted to conduct financial transactions which in fact involved the proceeds of illegal gambling activity in violation of Title 18, United States Code, Section 1955, to wit, the conversion of cash to bank checks made payable to Cypress Escrow and subsequent negotiation of said checks intended to pay for services provided to the Gianelli Group by the defendants **TODD WESTERMAN, ENEYDA GONZALEZ RODRIGUEZ, and WESHTOD CONSULTANTS A/K/A WESHTOD CONSULTORES S.A.** in the approximate aggregate amount of $37,419 as specifically set forth below with intent to promote the carrying on of said unlawful activity and knowing that the transactions were designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of the said unlawful

77

activity.

| Count | Date | Check No. | Amount |
|-------|------|-----------|--------|
| (236) | 10/14/2003 | 637628 | $6,200.00 |
| (237) | 10/15/2003 | 3859 | $12,400.00 |
| (238) | 2/19/2004 | 672480 | $18,819.00 |

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), and 2.

78

COUNTS TWO HUNDRED THIRTY-NINE THROUGH TWO HUNDRED SEVENTY-TWO
(Money Laundering - The Big Dog)

From in or before June 1999 and continuing until in or about April 2003, in the District of Massachusetts, the defendants **ARTHUR GIANELLI, DENNIS ALBERTELLI,** and **SALVATORE RAMASCI**, aided and abetted by others known and unknown to the Grand Jury, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, conducted and attempted to conduct financial transactions which in fact involved the proceeds of illegal gambling activity in violation of Title 18, United States Code, Section 1955, to wit, the investment of said proceeds in The Canine Entertainment Corporation d/b/a The Big Dog Sports Grille and The Big Dog Realty Trust in the approximate aggregate amount of $593,332 as specifically set forth below knowing that the transactions were designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of the said unlawful activity.

| Count | Date | Transaction | Amount |
|-------|------|-------------|--------|
| (239) | 8/7/2000 | Cash Deposit | $27,000.00 |
| (240) | 9/21/2000 | Cash Deposit | $30,000.00 |
| (241) | 11/5/2000 | Cash Deposit | $25,000.00 |
| (242) | 12/4/2000 | Cash Deposit | $25,000.00 |
| (243) | 12/18/2000 | Cash Deposit | $20,000.00 |
| (244) | 7/11/2001 | Coach Lane Realty Trust | $5,204.00 |
| (245) | 7/16/2001 | Coach Lane Realty Trust | $75,000.00 |
| (246) | 8/9/2001 | Coach Lane Realty Trust | $5,250.00 |
| (247) | 10/13/2001 | Coach Lane Realty Trust | $7,956.00 |
| (248) | 11/14/2001 | Coach Lane Realty Trust | $5,250.00 |
| (249) | 12/28/2001 | Coach Lane Realty Trust | $5,250.00 |

79

| | | | |
|---|---|---|---|
| (250) | 2/15/2002 | Coach Lane Realty Trust | $5,250.00 |
| (251) | 4/18/2002 | Coach Lane Realty Trust | $5,250.00 |
| (252) | 4/24/2002 | Regnante Sterio & Osborne | $2,925.00 |
| (253) | 5/15/2002 | Coach Lane Realty Trust | $5,250.00 |
| (254) | 5/27/2002 | Regnante Sterio & Osborne | $2,500.00 |
| (255) | 6/6/2002 | Coach Lane Realty Trust | $5,250.00 |
| (256) | 6/13/2002 | Hayes Engineering | $3,000.00 |
| (257) | 7/10/2002 | Regnante Sterio & Osborne | $6,500.00 |
| (258) | 7/11/2002 | Coach Lane Realty Trust | $5,250.00 |
| (259) | 8/15/2002 | Coach Lane Realty Trust | $5,250.00 |
| (260) | 9/13/2002 | Coach Lane Realty Trust | $5,250.00 |
| (261) | 10/17/2002 | Coach Lane Realty Trust | $5,250.00 |
| (262) | 4/18/2003 | N.E Coin Op | $100,000.00 |
| (263) | 05/2003 | Cash Deposit | $50,000.00 |
| (264) | 5/7/2003 | Roger Williams Mint | $3,600.00 |
| (265) | 5/16/2003 | Regnante Sterio & Osborne | $10,000.00 |
| (266) | 5/16/2003 | N.E Coin Op | $50,000.00 |
| (267) | 6/6/2003 | Roger Williams Mint | $3,625.00 |
| (268) | 6/24/2003 | Hayes Engineering | $5,000.00 |
| (269) | 6/30/2003 | N.E Coin Op | $25,000.00 |
| (270) | 7/3/2003 | Cash Deposit | $20,000.00 |
| (271) | 7/7/2003 | Acme Sign Corp | $8,272.00 |
| (272) | 08/2003 | Cash Deposit | $30,000.00 |

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

COUNT TWO HUNDRED SEVENTY-THREE

(Conspiracy to commit arson, and travel in interstate commerce to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of unlawful activity.)

1.    On or about and before November 13, 2003, in the District of Massachusetts and elsewhere, the defendants

**ARTHUR GIANELLI,**
**DENNIS ALBERTELLI,**
**FRANK IACABONI, and**
**DEEB HOMSI**

and others known and unknown to the grand jury including Michael McCormack and Sean Slater, did conspire, confederate, and agree to: (1) maliciously damage and destroy and attempt to damage and destroy by means of fire and an explosive a building used in interstate commerce and engaged in an activity affecting interstate commerce in violation of Title 18, United States Code, Section 844(i); and (2) travel in interstate commerce to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of unlawful activity in violation of Title 18, United States Code, Section 1952(a)(3); in that the defendants agreed to damage and attempt to damage the building located at 178 Main Street in North Reading, Massachusetts which housed two business establishments by igniting a container of gasoline with a rag affixed and caused Sean Slater to travel from New York to Massachusetts to accomplish the goals of the conspiracy.

81

<u>MANNER AND MEANS</u>

2.  It was a part of the conspiracy that the defendants **GIANELLI** and **DENNIS ALBERTELLI** operated an illegal gambling business.  The defendant **GIANELLI** invested a substantial amount of money which included proceeds of this illegal gambling business in the development of a sports bar called the "The Big Dog Sports Grille" located on Route 1 in Lynnfield, Massachusetts.  The defendant **GIANELLI** held his ownership interest in the Big Dog Sports Grille through third party nominees in order to conceal said ownership interest.

3.  It was further part of the conspiracy that the defendant **GIANELLI** sought to gain a controlling interest in The Canine Entertainment Corporation, the corporation that owned and operated The Big Dog Sports Grille, through threats and intimidation.  In furtherance of this objective, the defendants **GIANELLI** and **DENNIS ALBERTELLI** caused a fire to be set at a building which housed a second The Big Dog Sports Grille location in North Reading, Massachusetts in an effort to intimidate certain recalcitrant shareholders of The Canine Entertainment Corporation and to injure those shareholders financially.

4.  It was also part of the conspiracy that the defendants **HOMSI** and **IACABONI** attempted to locate and hire individuals to set the fire.  Eventually, the defendant **HOMSI** hired Slater and McCormack to set the fire to the building located at 178 Main

82

Street in North Reading, Massachusetts which housed The Big Dog Sports Grille and another business establishment.

OVERT ACTS

In furtherance of the conspiracy and to achieve the objects thereof, the defendants

**ARTHUR GIANELLI,**
**DENNIS ALBERTELLI,**
**FRANK IACABONI, and**
**DEEB HOMSI**

and their co-conspirators committed and caused to be committed, in the District of Massachusetts and elsewhere, the following overt acts, among others:

a.    On November 2, 2003, the defendants **GIANELLI** and **DENNIS ALBERTELLI** engaged in a conversation related to the arson; particularly, **GIANELLI** told **DENNIS ALBERTELLI**, "Gotta make sure nobody is in there, you know."

b.    On November 10, 2003, the defendants **DENNIS ALBERTELLI** and **IACABONI** engaged in a conversation related to the arson; particularly they discussed the appearance of the building located at 178 Main Street in North Reading, Massachusetts.

c.    On November 11, 2003, the defendants **GIANELLI** and **DENNIS ALBERTELLI** engaged in a conversation related to the arson; particularly they discussed the timing of the arson.

d.    On November 11, 2003, the defendants **DENNIS ALBERTELLI** and **IACABONI** engaged in a conversation related to the

83

arson; particularly they discussed the timing of the arson.

        e.   On November 11, 2003, the defendants **DENNIS ALBERTELLI** and **HOMSI** engaged in a conversation related to the arson; particularly they discussed the timing of the arson.

        f.   On November 11, 2003, the defendant **IACABONI** attended a meeting related to the arson.

        g.   On or before November 13, 2003, Sean Slater traveled from New York to Massachusetts.

        h.   On or about November 13, 2003, Sean Slater and Michael McCormack traveled to the vicinity of 178 Main Street in North Reading, Massachusetts.

        i.   On or about November 13, 2003, Sean Slater ignited a container of gasoline at the entry to Romeo's Pizza located at 178 Main Street in North Reading, Massachusetts.

        j.   On or about November 22, 2003, Michael McCormack met with the defendants **DENNIS ALBERTELLI** and **HOMSI** at 75 Green Street in Clinton, Massachusetts.

      All in violation of Title 18, United States Code, Section 371.

COUNT TWO HUNDRED SEVENTY-FOUR
(Arson - The Big Dog)

On or about November 13, 2003, in the District of Massachusetts, the defendants,

**ARTHUR GIANELLI,**
**DENNIS ALBERTELLI,**
**FRANK IACABONI, and**
**DEEB HOMSI**

aided and abetted by others known and unknown to the grand jury and being vicariously liable for the acts of each other and their co-conspirators, did maliciously damage and destroy, and attempt to damage and destroy, by means of fire and an explosive, a building used in interstate commerce and engaged in an activity affecting interstate commerce in that the defendants and their co-conspirators did damage and attempt to damage the building located at 178 Main Street in North Reading, Massachusetts which housed two business establishments by igniting a container of gasoline with a rag affixed.

In violation of Title 18, United States Code, Sections 844(i) and 2.

85

COUNT TWO HUNDRED SEVENTY-FIVE
(Conspiracy to commit extortion - The Big Dog)

From in or about and between November 1, 2003 and November 30, 2003, both dates being approximate and inclusive, within the District of Massachusetts, the defendants

**ARTHUR GIANELLI,
DENNIS ALBERTELLI,
FRANK IACABONI, and
DEEB HOMSI**

and others known and unknown to the grand jury, did conspire, confederate and agree to affect commerce by extortion, that is, to obtain property, to wit, the majority shareholder interest in The Canine Entertainment Corporation with its shareholders' consent, which consent was induced by the wrongful use of actual and threatened force, violence, and fear of economic loss.

In violation of Title 18, United States Code, Section 1951.

86

COUNT TWO HUNDRED SEVENTY-SIX
(Attempted extortion - The Big Dog)

From in or about and between November 1, 2003 and November
30, 2003, both dates being approximate and inclusive, within the
District of Massachusetts, the defendants

**ARTHUR GIANELLI,
DENNIS ALBERTELLI,
FRANK IACABONI, and
DEEB HOMSI**

aided and abetted by others known and unknown to the grand jury
and being vicariously liable for the acts of each other and their
co-conspirators, did attempt to affect commerce by extortion,
that is, to obtain property, to wit, the majority shareholder
interest in The Canine Entertainment Corporation with its
shareholders' consent, which consent was induced by the wrongful
use of actual and threatened force, violence, and fear of
economic loss in that the defendants and their co-conspirators
did attempt to damage and destroy a building located at 178 Main
Street in North Reading, Massachusetts which housed a business
establishment which was owned and operated by To The Dogs
Restaurant Management, Corp.

In violation of Title 18, United States Code, Sections 1951
and 2.

87

COUNT TWO HUNDRED SEVENTY-SEVEN
(Interstate travel in aid of racketeering enterprises.)

On or about and before November 13, 2003, in the District of Massachusetts and elsewhere, the defendants,

**ARTHUR GIANELLI,
DENNIS ALBERTELLI, and
DEEB HOMSI**

aided and abetted by others known and unknown to the grand jury and being vicariously liable for the acts of each other and their co-conspirators, did unlawfully, willfully, and knowingly cause Sean Slater to travel in interstate commerce from New York to Massachusetts, with intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of unlawful activity, namely, arson in violation of Title 18, United States Code, Section 844(i), and did thereafter perform and attempt to perform acts to promote, manage, establish, carry on, and facilitate the promotion, management, establishment and carrying on of said unlawful activity in that Sean Slater traveled from New York to Massachusetts to maliciously damage and destroy and attempt to damage and destroy, by means of fire and an explosive, a building used in interstate commerce and engaged in an activity affecting interstate commerce located at 178 Main Street in North Reading, Massachusetts which housed two business establishments.

In violation of Title 18, United States Code, Section 1952(a)(3) and 2.

88

<u>COUNT TWO HUNDRED SEVENTY-EIGHT</u>
(Money Laundering - Slater bail)

On or about and between November 22 and November 23, 2003, in the District of Massachusetts, the defendants

**DENNIS ALBERTELLI** and
**DEEB HOMSI,**

aided and abetted by others known and unknown to the Grand Jury, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, conducted and attempted to conduct financial transactions which in fact involved the proceeds of illegal gambling activity in violation of Title 18, United States Code, Section 1955, to wit, the posting of $5,000 cash bail at the detention facility at Cambridge District Court for Sean Slater knowing that the transactions were designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of the said unlawful activity.

In violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), and 2.

COUNT TWO HUNDRED SEVENTY-NINE
(Conspiracy to commit extortion - McCarthy's)

From in or about and between 1998 and 2002, both dates being approximate and inclusive, within the District of Massachusetts and elsewhere, the defendant **ARTHUR GIANELLI** and others known and unknown to the grand jury, did conspire, confederate and agree to affect commerce by extortion, that is, to obtain property, to wit, the shareholder interests in Ben-Cor Corporation d/b/a McCarthy's Bar and Grille held by Kelley Cordova and Anthony Bendetti, with their consent, which consent was induced by the wrongful use of actual and threatened force, violence, and fear of economic loss.

In violation of Title 18, United States Code, Section 1951.

90

COUNT TWO HUNDRED EIGHTY
(Attempt to commit extortion - McCarthy's)

From in or about and between 1998 and 2002, both dates being approximate and inclusive, within the District of Massachusetts and elsewhere, the defendant **ARTHUR GIANELLI** aided and abetted by others known and unknown to the grand jury, did attempt to affect commerce by extortion, that is, to obtain property, to wit, the shareholder interests in Ben-Cor Corporation d/b/a McCarthy's Bar and Grille held by Kelley Cordova and Anthony Bendetti, with their consent, which consent was induced by the wrongful use of actual and threatened force, violence, and fear of economic loss.

In violation of Title 18, United States Code, Section 1951 and 2.

91

COUNT TWO HUNDRED EIGHTY-ONE
(Conspiracy to commit extortion - Clarke's)

From in or about and between 1998 and 2002, both dates being approximate and inclusive, within the District of Massachusetts and elsewhere, the defendant **ARTHUR GIANELLI** and others known and unknown to the grand jury, did conspire, confederate and agree to affect commerce by extortion, that is, to obtain property, to wit, the shareholder interests in 21 Merchants Row Corporation d/b/a Clarke's Turn of the Century Saloon held by Kelley Cordova and Anthony Bendetti with their consent, which consent was induced by the wrongful use of actual and threatened force, violence, and fear of economic loss.

In violation of Title 18, United States Code, Section 1951.

COUNT TWO HUNDRED EIGHTY-TWO
(Attempt to commit extortion - Clarke's)

From in or about and between 1998 and 2002, both dates being approximate and inclusive, within the District of Massachusetts and elsewhere, the defendant **ARTHUR GIANELLI** aided and abetted by others known and unknown to the grand jury, did attempt to affect commerce by extortion, that is, to obtain property, to wit, the shareholder interests in 21 Merchants Row Corporation d/b/a Clarke's Turn of the Century Saloon held by Kelley Cordova and Anthony Bendetti with their consent, which consent was induced by the wrongful use of actual and threatened force, violence, and fear of economic loss.

In violation of Title 18, United States Code, Sections 1951 and 2.

COUNTS TWO HUNDRED EIGHTY-THREE THROUGH THREE HUNDRED FIVE
(Money Laundering - Mazzei)

From in or about September 2002 and continuing until in or about November 2003, in the District of Massachusetts, the defendants **ARTHUR GIANELLI** and **DENNIS ALBERTELLI,** aided and abetted by others known and unknown to the Grand Jury, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, conducted and attempted to conduct financial transactions which in fact involved the proceeds of illegal gambling activity in violation of Title 18, United States Code, Section 1955, to wit, the purchase and negotiation of postal money orders made payable to Daniele Mazzei in the approximate aggregate amount of $19,000 as specifically set forth below with intent to promote the carrying on of said unlawful activity and knowing that the transactions were designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of the said unlawful activity.

| Counts | Date | Amount | Serial Number |
|--------|------|--------|---------------|
| (283) | 9/30/2002 | $600.00 | 4412670197 |
| (284) | 9/30/2002 | $700.00 | 4412670175 |
| (285) | 9/30/2002 | $700.00 | 4412670186 |
| (286) | 11/1/2002 | $600.00 | 4412674686 |
| (287) | 11/1/2002 | $700.00 | 4412674664 |
| (288) | 11/1/2002 | $700.00 | 4412674675 |
| (289) | 1/29/2003 | $700.00 | 4415762968 |
| (290) | 1/29/2003 | $700.00 | 4415762946 |
| (291) | 1/29/2003 | $1,000.00 | 5034010454 |
| (292) | 1/29/2003 | $1,000.00 | 5034010443 |
| (293) | 4/28/2003 | $1,000.00 | 5558954591 |

| | | | |
|---|---|---|---|
| (294) | 4/28/2003 | $1,000.00 | 5558954580 |
| (295) | 6/25/2003 | $1,000.00 | 5558965751 |
| (296) | 6/25/2003 | $1,000.00 | 5558965740 |
| (297) | 8/26/2003 | $800.00 | 5456564762 |
| (298) | 8/26/2003 | $800.00 | 5356564751 |
| (299) | 8/26/2003 | $800.00 | 5356564740 |
| (300) | 9/30/2003 | $600.00 | 5778038711 |
| (301) | 9/30/2003 | $1,000.00 | 5778038698 |
| (302) | 9/30/2003 | $1,000.00 | 5778038700 |
| (303) | 11/28/2003 | $600.00 | 6246618614 |
| (304) | 11/28/2003 | $1,000.00 | 6246618603 |
| (305) | 11/28/2003 | $1,000.00 | 6246618592 |

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), and 2.

COUNTS THREE HUNDRED SIX THROUGH THREE HUNDRED EIGHT
(Money Laundering - Sports Zone, Inc.)

From in or about and between July and August 2002, in the District of Massachusetts, the defendant **ARTHUR GIANELLI,** aided and abetted by others known and unknown to the Grand Jury, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, conducted and attempted to conduct financial transactions which in fact involved the proceeds of illegal gambling activity in violation of Title 18, United States Code, Section 1955, to wit, the investment of said proceeds in Sports Zone, Inc. in the approximate aggregate amount of $200,000 as specifically set forth below with intent to promote the carrying on of said unlawful activity and knowing that the transactions were designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of the said unlawful activity.

| Count | Date | Transaction | Amount |
|---|---|---|---|
| (306) | 7/7/02 | Cash | $25,000.00 |
| (307) | 8/8/02 | Check | $100,000.00 |
| (308) | 8/26/02 | Cash | $75,000.00 |

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), and 2.

96

## COUNTS THREE HUNDRED NINE THROUGH THREE HUNDRED TWENTY-EIGHT
(Money Laundering - C&L Management)

From in or about June 2004 and continuing until in or about December 2004, in the District of Massachusetts and elsewhere, the defendant **ARTHUR GIANELLI,** aided and abetted by others known and unknown to the Grand Jury, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, conducted and attempted to conduct financial transactions which in fact involved the proceeds of illegal gambling activity in violation of Title 18, United States Code, Section 1955, to wit, the deposit of said proceeds in Sovereign Bank account number 41004947572 held in the name of Christine A. Leone d/b/a C&L Management in the approximate aggregate amount of $106,890 as specifically set forth below with intent to promote the carrying on of said unlawful activity and knowing that the transactions were designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of the said unlawful activity

| Count | Date | Transaction | Amount |
|-------|------|-------------|--------|
| (309) | 6/23/2004 | Cash | $5,000.00 |
| (310) | 6/25/2004 | Cash | $5,000.00 |
| (311) | 6/29/2004 | Cash | $5,000.00 |
| (312) | 7/14/2004 | Cash | $1,000.00 |
| (313) | 7/20/2004 | Cash | $6,500.00 |
| (314) | 8/4/2004 | Cash | $5,000.00 |
| (315) | 8/9/2004 | Cash | $9,000.00 |

97

| (316) | 8/11/2004 | Cash | $8,950.00 |
| (317) | 8/12/2004 | Cash | $6,200.00 |
| (318) | 9/2/2004 | Cash | $9,000.00 |
| (319) | 9/14/2004 | Cash | $5,500.00 |
| (320) | 9/22/2004 | Cash | $5,400.00 |
| (321) | 9/29/2004 | Cash | $5,700.00 |
| (322) | 10/15/2004 | Cash | $5,000.00 |
| (323) | 10/25/2004 | Cash | $150.00 |
| (324) | 11/16/2004 | Cash | $2,940.00 |
| (325) | 11/18/2004 | Cash | $7,400.00 |
| (326) | 12/15/2004 | Cash | $7,500.00 |
| (327) | 12/17/2004 | Cash | $2,150.00 |
| (328) | 12/23/2004 | Cash | $4,500.00 |

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), and 2.

98

COUNTS THREE HUNDRED TWENTY-NINE THROUGH THREE HUNDRED THIRTY-TWO
(Money Laundering - Mark O'Connor)

From in or about August 2001 and continuing until in or about September 2003, in the District of Massachusetts and elsewhere, the defendant **DENNIS ALBERTELLI,** aided and abetted by others known and unknown to the Grand Jury, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, conducted and attempted to conduct financial transactions which in fact involved the proceeds of illegal gambling activity in violation of Title 18, United States Code, Section 1955, to wit, the exchange of cash for checks made payable to Dennele Transportation in the approximate aggregate amount of $97,049 as specifically set forth below knowing that the transactions were designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of the said unlawful activity.

| Count | Date | Check | Amount |
|-------|------|-------|--------|
| (329) | 8/22/2001 | 762 | $50,000.00 |
| (330) | 5/5/2003 | 1013 | $17,385.00 |
| (331) | 5/5/2003 | 1014 | $21,280.00 |
| (332) | 5/6/2003 | 1015 | $8,384.00 |

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

COUNT THREE HUNDRED THIRTY-THREE
(Money Laundering Conspiracy - American Home Builders)

From in or before 1999 and continuing until in or about March 2004, both dates being approximate and inclusive, within the District of Massachusetts and elsewhere, the defendants **JOSEPH YERARDI, JR., RAFIA FEGHI A/K/A RAFIA YERARDI** and others known and unknown to the grand jury, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, did knowingly and unlawfully conspire, confederate, and agree to conduct financial transactions, affecting interstate and foreign commerce, as specifically set forth below in Counts Three Hundred Thirty-four through Three Hundred Ninety-five which in fact involved the proceeds of loansharking activity in violation of Title 18, United States Code, Section 891, et seq., knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of said illegal loansharking activity.

In violation of Section 1956(h) of Title 18 of the United States Code.

100

COUNTS THREE HUNDRED THIRTY-FOUR THROUGH THREE HUNDRED NINETY-FIVE (Money Laundering - American Home Builders)

From in or about April 2000 continuing until in or about March 2004, in the District of Massachusetts and elsewhere, the defendants **JOSEPH YERARDI, JR.,** and **RAFIA FEGHI A/K/A RAFIA YERARDI,** aided and abetted by others known and unknown to the Grand Jury, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, conducted and attempted to conduct financial transactions which in fact involved the proceeds of loansharking activity in violation of Title 18, United States Code, Section 891, et seq., to wit, the negotiation of checks drawn on the account of American Home Builders in the approximate aggregate amount of $13,500 as specifically set forth below knowing that the transactions were designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of the said unlawful activity.

| Count | Check Date | Check No. | Amount |
|-------|-----------|-----------|--------|
| (334) | 4/19/2000 | 13492 | $200.00 |
| (335) | 5/10/2000 | 13688 | $200.00 |
| (336) | 5/17/2000 | 13725 | $200.00 |
| (337) | 6/7/2000 | 13795 | $200.00 |
| (338) | 6/14/2000 | 13822 | $200.00 |
| (339) | 6/21/2000 | 13839 | $200.00 |
| (340) | 7/12/2000 | 13943 | $200.00 |
| (341) | 8/2/2000 | 14005 | $200.00 |
| (342) | 8/16/2000 | 14080 | $200.00 |
| (343) | 8/22/2000 | 14233 | $400.00 |
| (344) | 9/27/2000 | 14244 | $200.00 |
| (345) | 10/4/2000 | 14270 | $200.00 |
| (346) | 11/30/2000 | 14445 | $200.00 |

101

| | | | |
|---|---|---|---|
| (347) | 1/10/2001 | 14573 | $200.00 |
| (348) | 1/25/2001 | 14609 | $200.00 |
| (349) | 1/31/2001 | 14636 | $200.00 |
| (350) | 2/11/2001 | 14674 | $200.00 |
| (351) | 4/4/2001 | 14816 | $200.00 |
| (352) | 4/12/2001 | 14853 | $200.00 |
| (352) | 5/2/2001 | 14932 | $200.00 |
| (352) | 6/14/2001 | 15064 | $200.00 |
| (353) | 6/20/2001 | 15084 | $200.00 |
| (354) | 6/23/2001 | 15005 | $200.00 |
| (355) | 7/3/2001 | 15117 | $200.00 |
| (356) | 7/25/2001 | 15186 | $200.00 |
| (357) | 8/29/2001 | 15291 | $200.00 |
| (358) | 9/6/2001 | 15319 | $200.00 |
| (359) | 10/24/2001 | 15478 | $200.00 |
| (360) | 1/23/2002 | 16345 | $200.00 |
| (361) | 2/20/2002 | 16438 | $200.00 |
| (362) | 2/27/2002 | 16455 | $200.00 |
| (363) | 4/2002 | 16653 | $200.00 |
| (364) | 4/17/2002 | 16614 | $200.00 |
| (365) | 5/8/2002 | 16663 | $200.00 |
| (366) | 5/15/2002 | 16692 | $200.00 |
| (367) | 5/23/2002 | 16726 | $200.00 |
| (368) | 5/29/2002 | 16742 | $200.00 |
| (369) | 6/19/2002 | 16796 | $200.00 |
| (370) | 7/3/2002 | 16850 | $200.00 |
| (371) | 7/31/2002 | 16916 | $200.00 |
| (372) | 9/6/2002 | 17016 | $200.00 |
| (373) | 9/21/2002 | 17081 | $200.00 |
| (374) | 10/11/2002 | 17135 | $200.00 |
| (375) | 10/18/2002 | 17150 | $200.00 |
| (376) | 10/28/2002 | 17170 | $200.00 |
| (377) | 11/8/2002 | 17243 | $200.00 |
| (378) | 3/21/2003 | 17581 | $200.00 |
| (379) | 3/28/2003 | 17602 | $200.00 |
| (380) | 4/18/2003 | 17662 | $200.00 |
| (381) | 4/25/2003 | 17684 | $200.00 |
| (382) | 5/23/2003 | 17792 | $300.00 |
| (383) | 6/6/2003 | 17848 | $200.00 |
| (384) | 6/13/2003 | 17868 | $200.00 |
| (385) | 6/28/2003 | 17915 | $200.00 |
| (386) | 8/8/2003 | 18072 | $200.00 |
| (387) | 8/14/2003 | 18099 | $200.00 |
| (388) | 9/19/2003 | 18205 | $200.00 |
| (389) | 10/10/2003 | 18287 | $400.00 |
| (390) | 10/24/2003 | 18333 | $200.00 |
| (391) | 11/7/2003 | 18380 | $200.00 |

| (392) | 12/19/2003 | 18491 | $200.00 |
| (393) | 1/9/2004 | 18565 | $200.00 |
| (394) | 1/23/2004 | 18604 | $200.00 |
| (394) | 3/5/2004 | 18740 | $200.00 |
| (395) | 3/12/2004 | 18788 | $200.00 |

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

RACKETEERING FORFEITURE ALLEGATIONS

1.    The allegations of Counts One and Two of this indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 1963.

2.    As a result of the offenses in violation of Title 18, United States Code, Section 1962, set forth in Counts One and Two of this indictment, the defendants

**ARTHUR GIANELLI,**
**JOSEPH A. YERARDI, JR.,**
**DENNIS ALBERTELLI,**
**SALVATORE RAMASCI,**
**RANDY ALBERTELLI,**
**GISELE ALBERTELLI,**
**RAFIA FEGHI AKA RAFIA YERARDI,**
**TONY DANIELS,**
**FRANK IACABONI,**
**DEEB HOMSI,**
**TODD WESTERMAN,**
**ENEYDA GONZALEZ RODRIGUEZ, and**
**WESHTOD CONSULTANTS AKA WESHTOD CONSULTORES S.A.,**

shall forfeit to the United States of America pursuant to Title 18, United States Code, Section 1963(a):

(i) all interests the defendants have acquired and maintained in violation of Title 18, United States Code, Section 1962, wherever located, and in whatever names held;

(ii) all interests in, securities of, claims against, and properties and contractual rights of any kind affording a source of influence over, any enterprise which the defendants have established, operated, controlled, conducted, and participated in

104

the conduct of, in violation of Title 18, United States Code, Section 1962; and

(iii) all property constituting, and derived from, any proceeds which the defendants obtained, directly and indirectly, from racketeering activity and unlawful debt collection in violation of Title 18, United States Code, Section 1962.

Pursuant to 18 U.S.C. § 1963 and subparagraphs (i), (ii) and (iii) of this paragraph, the defendants shall forfeit all of their joint and several interests in, securities of, claims against, and properties and contractual rights of any kind affording a source of influence over The Canine Entertainment Corporation d/b/a The Big Dog Sports Grille, a Massachusetts corporation, and The Big Dog Realty Trust.

The property to be forfeited by the defendants pursuant to 18 U.S.C. § 1963 and subparagraphs (i) and (iii) of this paragraph includes, but is not limited to, the following assets:

a.   the real property and buildings located at 420 Main Street, Lynnfield, Massachusetts, title to which appears in a deed recorded at the Essex County Registry of Deeds, Book 16986, Page 591;

b.   the real property, with all rights appertaining thereto, known as Unit 334-9, created by Master Deed dated June 30, 1980 and recorded with the Suffolk County Registry of Deeds, Book 9482, Page 186, and

105

located at 334 Beacon Street, Unit 9, Boston,
Massachusetts, title to which appears in a deed
recorded at the Suffolk County Registry of Deeds, Book
22460, Page 248;

c.   the real property, with all rights appertaining
thereto, known as Unit No. 405B, as described in the
Master Condominium Certificate of Title and in the
Master Deed Document No. 614053 as amended and
indicated on Condominium Plan No. 17257 C-4, and
located at The Gables, Unit 405-B, Dedham Street,
Newton, Massachusetts, title to which appears in a deed
recorded with the Middlesex Land Court, Document No.
U2058, Book U11, Page 58;

d.   Eastern Bank Treasurer's Check number 00691883, in the
amount of $24,039.15, representing all funds on deposit
in Eastern Bank account number 0402231385, seized by
the Massachusetts State Police on March 9, 2004;

e.   Family Federal Savings Treasurer's Check number 5701,
in the amount of $9,226.89, representing all funds on
deposit in Family Federal Savings account number
2012002144, seized by the Massachusetts State Police on
March 9, 2004;

f.   Clinton Savings Bank Treasurer's Check number 14360, in
the amount of $6,350.02, representing all funds on

deposit in Clinton Savings Bank account number 117000980, seized by the Massachusetts State Police on March 9, 2004;

g.    Cambridge Trust Company Treasurer's Check number 110309, in the amount of $60,844.19, representing all funds on deposit in certificate of deposit account numbers 73503526, 73503527, 73503528, 73503529, 73503531, 73503532, 73503533, 73503534, and 73503535, seized by the Massachusetts State Police on March 9, 2004;

h.    $3,359.00 in United States currency seized by the Massachusetts State Police on March 5, 2004 from Arthur Gianelli in Lynnfield, Massachusetts;

i.    $1,705.00 in United States currency seized by the Massachusetts State Police on March 9, 2004 from Dennis Albertelli in Dracut, Massachusetts;

j.    $103,155.00 in United States currency seized by the Massachusetts State Police on March 5, 2004 from 151 Hudson Road, Stow, Massachusetts;

k.    $1,880 in United States currency seized by the Massachusetts State Police on March 5, 2004 from Dennis Albertelli in Hudson, Massachusetts;

l.    $641.00 in United States currency seized by the Massachusetts State Police on March 5, 2004 from 48

107

Pleasant Street, Stoneham, Massachusetts;

m.    one 2.01 carat diamond ring, seized by the
Massachusetts State Police on March 5, 2004 from 151
Hudson Road, Stow, Massachusetts; and

n.    $39,000 in United States currency seized on January 6,
2005 from 420 Main Street, Lynnfield, Massachusetts.

3.    If any of the property described in paragraph 2 hereof
as being forfeitable pursuant to Title 18, United States Code,
Section 1963, as a result of any act and omission of the
defendants --

a.    cannot be located upon the exercise of due
diligence;

b.    has been transferred to, sold to, or deposited with
a third party;

c.    has been placed beyond the jurisdiction of this
Court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which
cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18,
United States Code, Section 1963(m), to seek forfeiture of any
other property of the defendants up to the value of the property
described in subparagraphs a through e hereof, including without
limitation:

108

(a)    Eastern Bank Treasurer's Check number 00691882, in the amount of $204,594.62, representing all funds on deposit in account number 00200402089, seized by the Massachusetts State Police on March 9, 2004.

All pursuant to Title 18, United States Code, Section 1963.

## GAMBLING FORFEITURE ALLEGATIONS

1.    The allegations of Counts Three through Seven of this indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(c), Title 28 U.S.C., Section 2461(c) and 18 U.S.C. § 1955(d).

2.    Pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 1955(d), each defendant who is convicted of one or more of the offenses set forth in Counts Three through Seven of this indictment shall forfeit to the United States the following property:

(a)    Any property, real or personal, which constitutes or is derived from proceeds traceable to each offenses in violation of Title 18, United States Code, Section 1955, and any property, including money, used in violation of the provisions of Title 18, United States Code, Section 1955.

(b)    A sum of money equal to the total amount of proceeds traceable to those offenses, for which the defendant is convicted. If more than one defendant is convicted of an offense, the defendants so convicted are jointly and severally liable for the amount involved in such offense.

110

The property to be forfeited by the defendants pursuant to
Sections 981(a)(1)(C) and 1955(d) includes, but is not limited
to, the following assets:

(a)   The Canine Entertainment Corporation d/b/a The Big Dog
      Sports Grille, a Massachusetts corporation, and The Big
      Dog Realty Trust;

(b)   the real property and buildings located at 420 Main
      Street, Lynnfield, Massachusetts, title to which
      appears in a deed recorded at the Essex County Registry
      of Deeds, Book 16986, Page 591;

(c)   the real property, with all rights appertaining
      thereto, known as Unit 334-9, created by Master Deed
      dated June 30, 1980 and recorded with the Suffolk
      County Registry of Deeds, Book 9482, Page 186, and
      located at 334 Beacon Street, Unit 9, Boston,
      Massachusetts, title to which appears in a deed
      recorded at the Suffolk County Registry of Deeds, Book
      22460, Page 248;

(d)   the real property, with all rights appertaining
      thereto, known as Unit No. 405B, as described in the
      Master Condominium Certificate of Title and in the
      Master Deed Document No. 614053 as amended and
      indicated on Condominium Plan No. 17257 C-4, and
      located at The Gables, Unit 405-B, Dedham Street,

111

Newton, Massachusetts, title to which appears in a deed recorded with the Middlesex Land Court, Document No. U2058, Book U11, Page 58;

(e)    Eastern Bank Treasurer's Check number 00691883, in the amount of $24,039.15, representing all funds on deposit in Eastern Bank account number 0402231385, seized by the Massachusetts State Police on March 9, 2004;

(f)    Family Federal Savings Treasurer's Check number 5701, in the amount of $9,226.89, representing all funds on deposit in Family Federal Savings account number 2012002144, seized by the Massachusetts State Police on March 9, 2004;

(g)    Clinton Savings Bank Treasurer's Check number 14360, in the amount of $6,350.02, representing all funds on deposit in Clinton Savings Bank account number 117000980, seized by the Massachusetts State Police on March 9, 2004;

(h)    Cambridge Trust Company Treasurer's Check number 110309, in the amount of $60,844.19, representing all funds on deposit in certificate of deposit account numbers 73503526, 73503527, 73503528, 73503529, 73503531, 73503532, 73503533, 73503534, and 73503535, seized by the Massachusetts State Police on March 9, 2004;

112

(i)  $3,359.00 in United States currency seized by the Massachusetts State Police on March 5, 2004 from Arthur Gianelli in Lynnfield, Massachusetts;

(j)  $1,705.00 in United States currency seized by the Massachusetts State Police on March 9, 2004 from Dennis Albertelli in Dracut, Massachusetts;

(k)  $103,155.00 in United States currency seized by the Massachusetts State Police on March 5, 2004 from 151 Hudson Road, Stow, Massachusetts;

(l)  $1,880 in United States currency seized by the Massachusetts State Police on March 5, 2004 from Dennis Albertelli in Hudson, Massachusetts;

(m)  $641.00 in United States currency seized by the Massachusetts State Police on March 5, 2004 from 48 Pleasant Street, Stoneham, Massachusetts;

(n)  one 2.01 carat diamond ring, seized by the Massachusetts State Police on March 5, 2004 from 151 Hudson Road, Stow, Massachusetts; and

(o)  $39,000 in United States currency seized on January 6, 2005 from 420 Main Street, Lynnfield, Massachusetts.

3.   If any of the property described in paragraph 2 hereof as being forfeitable pursuant to Title 18, United States Code, Section 981, Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 1955(d), as a result of any

act and omission of the defendants --

> a.    cannot be located upon the exercise of due diligence;
>
> b.    has been transferred to, sold to, or deposited with a third party;
>
> c.    has been placed beyond the jurisdiction of this Court;
>
> d.    has been substantially diminished in value; or
>
> e.    has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 981(b)(1)(A) and Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of all other property of the defendants up to the value of the property listed in subparagraphs a through e hereof, including without limitation:

> a.    Eastern Bank Treasurer's Check number 00691882, in the amount of $204,594.62, representing all funds on deposit in account number 00200402089, seized by the Massachusetts State Police on March 9, 2004.

All pursuant to Title 18, United States Code, Section 981, Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 1955(d).

114

## MONEY LAUNDERING FORFEITURE ALLEGATIONS

1.    The allegations of Counts Eight through Two Hundred Seventy-Two, Two Hundred Seventy-Eight, and Two Hundred Eighty-Three through Three Hundred Ninety-Five of this indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to the provisions of Title 18, United States Code, Section 982(a)(1).

2.    Pursuant to Title 18, United States Code, Section 982(a)(1), each defendant who is convicted of one or more of the offenses set forth in Counts Eight through Two Hundred Seventy-Two, Two Hundred Seventy-Eight, and Two Hundred Eighty-Three through Three Hundred Ninety-Five of this indictment shall forfeit to the United States the following property:

b.    Any property, real or personal, involved in each offense in violation of Title 18, United States Code, Section 1956, for which the defendant is convicted, and all property traceable to such property.

c.    A sum of money equal to the total amount of money involved in each offense in violation of Title 18, United States Code, Section 1956, for which the defendant is convicted.  If more than one defendant is convicted of an offense, the defendants so convicted are jointly and severally liable for the amount involved in such offense.

115

The property to be forfeited by the defendants pursuant to Section 982(a)(1) includes, but is not limited to, the following assets:

(a)  The Canine Entertainment Corporation d/b/a The Big Dog Sports Grille, a Massachusetts corporation, and The Big Dog Realty Trust;

(b)  the real property and buildings located at 420 Main Street, Lynnfield, Massachusetts, title to which appears in a deed recorded at the Essex County Registry of Deeds, Book 16986, Page 591;

(c)  the real property, with all rights appertaining thereto, known as Unit 334-9, created by Master Deed dated June 30, 1980 and recorded with the Suffolk County Registry of Deeds, Book 9482, Page 186, and located at 334 Beacon Street, Unit 9, Boston, Massachusetts, title to which appears in a deed recorded at the Suffolk County Registry of Deeds, Book 22460, Page 248;

(d)  the real property, with all rights appertaining thereto, known as Unit No. 405B, as described in the Master Condominium Certificate of Title and in the Master Deed Document No. 614053 as amended and indicated on Condominium Plan No. 17257 C-4, and

116

located at The Gables, Unit 405-B, Dedham Street, Newton, Massachusetts, title to which appears in a deed recorded with the Middlesex Land Court, Document No. U2058, Book U11, Page 58;

(e)   Eastern Bank Treasurer's Check number 00691883, in the amount of $24,039.15, representing all funds on deposit in Eastern Bank account number 0402231385, seized by the Massachusetts State Police on March 9, 2004;

(f)   Family Federal Savings Treasurer's Check number 5701, in the amount of $9,226.89, representing all funds on deposit in Family Federal Savings account number 2012002144, seized by the Massachusetts State Police on March 9, 2004;

(g)   Clinton Savings Bank Treasurer's Check number 14360, in the amount of $6,350.02, representing all funds on deposit in Clinton Savings Bank account number 117000980, seized by the Massachusetts State Police on March 9, 2004;

(h)   Cambridge Trust Company Treasurer's Check number 110309, in the amount of $60,844.19, representing all funds on deposit in certificate of deposit account numbers 73503526, 73503527, 73503528, 73503529, 73503531, 73503532, 73503533, 73503534, and 73503535,

117

seized by the Massachusetts State Police on March 9, 2004; and

(i)    one 2.01 carat diamond ring, seized by the Massachusetts State Police on March 5, 2004 from 151 Hudson Road, Stow, Massachusetts.

3.    If any of the property described in paragraph 2 hereof as being forfeitable pursuant to Title 18, United States Code, Section 982, as a result of any act and omission of the defendants --

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred to, sold to, or deposited with a third party;

c.    has been placed beyond the jurisdiction of this Court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b)(1)(A), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of all other property of the defendants up to the value of the property listed in subparagraphs a through e hereof, including without

118

limitation:

    (a)   Eastern Bank Treasurer's Check number 00691882, in the amount of $204,594.62, representing all funds on deposit in account number 00200402089, seized by the Massachusetts State Police on March 9, 2004.

All pursuant to Title 18, United States Code, Section 982.

## ARSON FORFEITURE ALLEGATIONS

1.   The allegations of Count Two Hundred Seventy-Four of this indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(2)(B).

2.   As a result of the offenses in violation of Title 18, United States Code, Section 844, set forth in Count Two Hundred Seventy-Four of this indictment, the defendants

**ARTHUR GIANELLI,**

**DENNIS ALBERTELLI,**

**FRANK IACABONI, and**

**DEEB HOMSI,**

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2)(B), any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of such offenses.

3.   If any of the property described in paragraph 2 hereof as being forfeitable pursuant to Title 18, United States Code, Section 982, as a result of any act or omission of the defendants

   a.   cannot be located upon the exercise of due diligence;

   b.   has been transferred to, sold to, or deposited with a third party;

120

c.  has been placed beyond the jurisdiction of this Court;

d.  has been substantially diminished in value; or

e.  has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b)(1)(A), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of all other property of the defendants up to the value of the property listed in subparagraphs a through e hereof.

All pursuant to Title 18, United States Code, Section 982.

121

## EXTORTION FORFEITURE ALLEGATIONS

1.   The allegations of Counts Two Hundred Seventy-Five, Two Hundred Seventy-Six, and Two Hundred Seventy-Nine through Two Hundred Eighty-Two of this indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2.   Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), each defendant who is convicted of one or more of the offenses set forth in Counts Two Hundred Seventy-Five, Two Hundred Seventy-Six, and Two Hundred Seventy-Nine through Two Hundred Eighty-Two of this indictment, shall forfeit to the United States the following property:

(a)  Any property, real or personal, which constitutes or is derived from proceeds traceable to each offense in violation of Title 18, United States Code, Section 1951.

(b)  A sum of money equal to the total amount of proceeds traceable to those offenses, for which the defendant is convicted.   If more than one defendant is convicted of an offense, the defendants so convicted are jointly and

122

severally liable for the amount involved in such
offense.

3.    If any of the property described in paragraph 2 hereof
as being forfeitable pursuant to Title 18, United States Code,
Section 981, as a result of any act or omission of the defendants
- -

a.  cannot be located upon the exercise of due
diligence;

b.  has been transferred to, sold to, or deposited with
a third party;

c.  has been placed beyond the jurisdiction of this
Court;

d.  has been substantially diminished in value; or

e.  has been commingled with other property which
cannot be divided without difficulty;

it is the intention of the United States, pursuant to pursuant to
Title 18, United States Code, Section 981 and Title 28, United
States Code, Section 2461(c), incorporating Title 21, United
States Code, Section 853(p), to seek forfeiture of any other
property of the defendants up to the value of the property
described in subparagraphs a through e hereof.

All pursuant to Title 18, United States Code, Section 981
and 28 United States Code, Section 2461(c).

123

A TRUE BILL

_____
FOREPERSON OF THE GRAND JURY

_____
FRED M. WYSHAK, JR.
ASSISTANT U.S. ATTORNEY

DISTRICT OF MASSACHUSETTS; April    7    , 2005.

Returned into the District Court by the Grand Jurors and filed.

_____
DEPUTY CLERK

1·25 p.

**Criminal Case Cover Sheet**                          **U.S. District Court - District of Massachusetts**

Place of Offense:  Boston _____      Category No. _1_____      Investigating Agency  ATF/IRS/MSP/FBI _____

City   Boston _____          Related Case Information:

County    Suffolk _____      Superseding Ind./ Inf.   Indictment _____    Case No.   05-10003-NMG ____
                                        Same Defendant   _X_          New Defendant _____
                                        Magistrate Judge Case Number     _____
                                        Search Warrant Case Number       _____
                                        R 20/R 40 from District of       _____

**Defendant Information:**

Defendant Name   Arthur Gianelli _____         Juvenile    [ ] Yes    [x] No

Alias Name  _____

Address  _____

Birth date (Year only):  1957   SSN (last 4 #):  1509  Sex _M_ Race:   C _____   Nationality: _____

**Defense Counsel if known:**   Richard M. Egbert _____       Address: 99 Summer Street, Suite 1800 _____
                                                                         Boston, MA 02110 _____
**Bar Number:**         _____

**U.S. Attorney Information:**

AUSA  Michael L. Tabak _____         Bar Number if applicable  _____

Interpreter:        [ ] Yes  [X] No          List language and/or dialect:        _____

Matter to be SEALED:     [X] Yes      [ ] No

       [ ] Warrant Requested           [ ] Regular Process           [ ] In Custody

**Location Status:**

**Arrest Date:**       _____

[ ] Already in Federal Custody as _____ in _____ .
[ ] Already in State Custody _____  [ ] Serving Sentence  [ ] Awaiting Trial
[X] On Pretrial Release:   Ordered by  Judge Swartwood _____  on   1/11/05 _____

Charging Document:    [ ] Complaint      [ ] Information      [X] Indictment

Total # of Counts:    [ ] Petty _____  [ ] Misdemeanor _____  [X] Felony   311

Continue on Page 2 for Entry of U.S.C. Citations

[X]    I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are
       accurately set forth above.

Date:  4/7/2005            Signature of AUSA:  _Michael L. Tabak_

JS 45 (5/97) - (Revised USAO MA 3/25/02) Page 2 of 2 or Reverse

District Court Case Number  (To be filled in by deputy clerk): _____

Name of Defendant    Arthur Gianelli _____

## U.S.C. Citations

| Index Key/Code | Description of Offense Charged | Count Numbers |
|---|---|---|
| Set 1  18 USC 1962 | Racketeering | 1 |
| Set 2  18 USC 1962 | Racketeering Conspiracy | 2 |
| Set 3  18 USC 1955 | Illegal Gambling Business - Sports Betting | 3 |
| Set 4  18 USC 1955 | Illegal Gambling Business - Electronic Gaming Machines | 4 |
| Set 5  18 USC 1955 | Illegal Gambling Business - Football Cards | 5 |
| Set 6  18 USC 1084 and 2 | Use of Wire Communication Facility-Telephone | 6 |
| Set 7  18 USC 1084 and 2 | Use of Wire Communication Facility - Internet | 7 |
| Set 8  18 USC 1956 | Money Laundering Conspiracy | 8 |
| Set 9  18 USC 1956 (h) | Money Laundering | 10-86, 88-185, 187-234,236-238 |
| Set 10  18 USC 1956(h) | Money Laundering | 239-272, 283-305, 306-308, 309-328 |
| Set 11  18 USC 371 | Conspiracy to Commit Arson | 273 |
| Set 12  18 USC 844(i) and 2 | Arson | 274 |
| Set 13  18 USC 1951 | Conspiracy to Commit Extortion | 275, 279, 281 |
| Set 14  18 USC 1951 | Attempt to Commit Extortion | 276, 280, 282, |
| Set 15  18 USC 1952 | Interstate travel in aid of racketeering | 277 |

ADDITIONAL INFORMATION:

JS 45 (5/97) -

**Criminal Case Cover Sheet**                    **U.S. District Court - District of Massachusetts**

Place of Offense:  Boston          Category No.  1          Investigating Agency  ATF/IRS/MSP/FBI

City   Boston                    **Related Case Information:**

County   Suffolk          Superseding Ind./ Inf.   Indictment      Case No.   05-10003-NMG
                          Same Defendant              New Defendant  X
                          Magistrate Judge Case Number  _____
                          Search Warrant Case Number    _____
                          R 20/R 40 from District of    _____

**Defendant Information:**

Defendant Name   Joseph Yerardi                    Juvenile    ☐ Yes    ☒ No

Alias Name   _____

Address    49 Upham Street, West Newton, MA 02465

Birth date (Year only):  1954   SSN (last 4 #):  0715  Sex  M  Race:  _____  Nationality: _____

**Defense Counsel if known:**     _____    **Address:**  _____

**Bar Number:**         _____

**U.S. Attorney Information:**

AUSA   Michael L. Tabak          **Bar Number if applicable**  _____

Interpreter:       ☐ Yes  ☒ No          List language and/or dialect:     _____

Matter to be SEALED:     ☒ Yes      ☐ No

        ☒ Warrant Requested          ☐ Regular Process          ☐ In Custody

**Location Status:**

**Arrest Date:**      _____

☐ Already in Federal Custody as   _____  in  _____ .
☐ Already in State Custody  _____   ☐ Serving Sentence   ☐ Awaiting Trial
☐ On Pretrial Release:   Ordered by  _____   on  _____

Charging Document:      ☐ Complaint      ☐ Information      ☒ Indictment

Total # of Counts:      ☐ Petty  _____   ☐ Misdemeanor  _____   ☒ Felony   245

**Continue on Page 2 for Entry of U.S.C. Citations**

☒      I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are
       accurately set forth above.

Date:  4/7/2005          Signature of AUSA:  _Michael L. Tabak_

JS 45 (5/97) - (Revised USAO MA 3/25/02) Page 2 of 2 or Reverse

District Court Case Number  (To be filled in by deputy clerk): _____

Name of Defendant    Joseph Yerardi, Jr. _____

## U.S.C. Citations

| Index Key/Code | Description of Offense Charged | Count Numbers |
|---|---|---|
| Set 1   18 USC 1962 | Racketeering Conspiracy | 1 |
| Set 2   18 USC 1962 | Racketeering | 2 |
| Set 3   18 USC 1955 | Illegal Gambling Business - Sports Betting | 3 |
| Set 4   18 USC 1084 and 2 | Use of Wire Communication Facility  Telephone | 6 |
| Set 5   18 USC 1084 | Use of Wire Communication Facility - Internet | 7 |
| Set 6   18 USC 1956(h) | Money Laundering Conspiracy | 9, 87, 333 |
| Set 7   18 USC 1956 | Money Laundering | 10-86, 88-185, 334-395 |
| Set 8 | | |
| Set 9 | | |
| Set 10 | | |
| Set 11 | | |
| Set 12 | | |
| Set 13 | | |
| Set 14 | | |
| Set 15 | | |

ADDITIONAL INFORMATION:

Criminal Case Cover Sheet                    U.S. District Court - District of Massachusetts

Place of Offense:  Boston          Category No.  1          Investigating Agency  ATF/IRS/MSP/FBI

City  Boston                    Related Case Information:

County  Suffolk              Superseding Ind./ Inf.   Indictment      Case No.   05-10003-NMG
                             Same Defendant    X         New Defendant
                             Magistrate Judge Case Number
                             Search Warrant Case Number
                             R 20/R 40 from District of

**Defendant Information:**

Defendant Name   Dennis Albertelli                    Juvenile     [ ] Yes   [X] No

Alias Name

Address

Birth date (Year only):  1952  SSN (last 4 #):  2336  Sex  M  Race:  C        Nationality:

**Defense Counsel if known:**    **Charles Rankin**        Address:  **1 Commercial Wharf North**
                                                                  **Boston, MA 02110**
**Bar Number:**

**U.S. Attorney Information:**

AUSA  Michael L. Tabak                    Bar Number if applicable

Interpreter:     [ ] Yes  [X] No        List language and/or dialect:

Matter to be SEALED:     [X] Yes    [ ] No

        [ ] Warrant Requested          [ ] Regular Process          [ ] In Custody

Location Status:

Arrest Date:

[ ] Already in Federal Custody as                    in                                    .
[ ] Already in State Custody                 [ ] Serving Sentence   [ ] Awaiting Trial
[x] On Pretrial Release:   Ordered by  Judge Swartwood      on    1/11/05

Charging Document:      [ ] Complaint      [ ] Information      [X] Indictment

Total # of Counts:      [ ] Petty          [ ] Misdemeanor      [X] Felony    296

                    Continue on Page 2 for Entry of U.S.C. Citations

[X]        I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are
           accurately set forth above.

Date:  4/7/05              Signature of AUSA:   _Michael L. Tabak_

District Court Case Number  (To be filled in by deputy clerk): _____

Name of Defendant    Dennis Albertelli _____

## U.S.C. Citations

| | Index Key/Code | Description of Offense Charged | Count Numbers |
|---|---|---|---|
| Set 1 | 18 USC 1962 | Racketeering | 1 |
| Set 2 | 18 USC 1962 | Racketeering Conspiracy | 2 |
| Set 3 | 18 USC 1955 | Illegal Gambling Business - Sports Betting | 3 |
| Set 4 | 18 USC 1955 | Illegal Gambling Business - Electronic Gaming Machines | 4 |
| Set 5 | 18 USC 1955 | Illegal Gambling Business - Football Cards | 5 |
| Set 6 | 18 USC 1084 and 2 | Use of Wire Communication Facility-Telephone | 6 |
| Set 7 | 18 USC 1084 and 2 | Use of Wire Communication Facility - Internet | 7 |
| Set 8 | 18 USC 1956 | Money Laundering Conspiracy | 8 |
| Set 9 | 18 USC 1956 (h) | Money Laundering | 10-86, 88-185, 187-234, 236-238 |
| Set 10 | 18 USC 1956(h) | Money Laundering | 239-272,278,283-305, 329-332 |
| Set 11 | 18 USC 371 | Conspiracy to Commit Arson | 273 |
| Set 12 | 18 USC 844(i) and 2 | Arson | 274 |
| Set 13 | 18 USC 1951 | Conspiracy to Commit Extortion | 275 |
| Set 14 | 18 USC 1951 | Attempt to Commit Extortion | 276 |
| Set 15 | 18 USC 1952 | Interstate travel in aid of racketeering. | 277 |

ADDITIONAL INFORMATION:

**Criminal Case Cover Sheet**                    **U.S. District Court - District of Massachusetts**

Place of Offense: __Boston__        Category No. __1__        Investigating Agency __ATF/IRS/MSP/FBI__

City __Boston__                    **Related Case Information:**

County __Suffolk__            Superseding Ind./ Inf. __Indictment__    Case No. __05-10003-NMG__
                              Same Defendant _____ New Defendant __X__
                              Magistrate Judge Case Number _____
                              Search Warrant Case Number _____
                              R 20/R 40 from District of _____

**Defendant Information:**

Defendant Name __Salvatore Ramasci a.k.a. "Lefty"__        Juvenile  ☐ Yes  ☒ No

Alias Name _____

Address __48 Pleasant Street, Stoneham, MA_____

Birth date (Year only): __1956__ SSN (last 4 #): __6551__ Sex __M__ Race: _____ Nationality: _____

**Defense Counsel if known:** _____    **Address:** _____

**Bar Number:** _____

**U.S. Attorney Information:**

AUSA __Michael L. Tabak__                Bar Number if applicable _____

Interpreter:        ☐ Yes ☒ No        List language and/or dialect: _____

Matter to be SEALED:    ☒ Yes    ☐ No

        ☒ Warrant Requested            ☐ Regular Process        ☐ In Custody

**Location Status:**

**Arrest Date:** _____

☐ Already in Federal Custody as _____ in _____.
☐ Already in State Custody _____ ☐ Serving Sentence ☐ Awaiting Trial
☐ On Pretrial Release:    Ordered by _____ on _____

**Charging Document:**    ☐ Complaint    ☐ Information    ☒ Indictment

**Total # of Counts:**    ☐ Petty _____    ☐ Misdemeanor _____    ☒ Felony __217__

Continue on Page 2 for Entry of U.S.C. Citations

☒    I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are
     accurately set forth above.

Date: __4/7/2005__        Signature of AUSA: _(signature)_

JS 45 (5/97) - (Revised USAO MA 3/25/02) Page 2 of 2 or Reverse

District Court Case Number  (To be filled in by deputy clerk): _____

Name of Defendant    Salvatore Ramasci, a.k.a. "Lefty" _____

## U.S.C. Citations

| Index Key/Code | Description of Offense Charged | Count Numbers |
|---|---|---|
| Set 1   18 USC 1962 | Racketeering Conspiracy | 1 |
| Set 2   18 USC 1962 | Racketeering | 2 |
| Set 3   18 USC 1955 | Illegal Gambling Business - Sports Betting | 3 |
| Set 4   18 USC 1955 and 2 | Illegal Gambling Business - Electronic Gambling Machines | 4 |
| Set 5   18 USC 1084 and 2 | Use of Wire Communication Facility  Telephone | 6 |
| Set 6   18 USC 1084 | Use of Wire Communication Facility - Internet | 7 |
| Set 7   18 USC 1956(h) | Money Laundering Conspiracy | 8 |
| Set 8   18 USC 1956 | Money Laundering | 10-86, 88-185, 239-272 |
| Set 9 | | |
| Set 10 | | |
| Set 11 | | |
| Set 12 | | |
| Set 13 | | |
| Set 14 | | |
| Set 15 | | |

ADDITIONAL INFORMATION:

<u>Criminal Case Cover Sheet</u>                          <u>U.S. District Court - District of Massachusetts</u>

Place of Offense: __Boston__        Category No. __1__        Investigating Agency __ATF/IRS/MSP/FBI__

City __Boston__                          **Related Case Information:**

County __Suffolk__                Superseding Ind./ Inf.  __Indictment__   Case No.   __05-10003-NMG__
                                        Same Defendant _____   New Defendant  X
                                        Magistrate Judge Case Number   _____
                                        Search Warrant Case Number     _____
                                        R 20/R 40 from District of     _____

**Defendant Information:**

Defendant Name  __Randy Albertelli__                        Juvenile    ☐ Yes    ☒ No

Alias Name  _____

Address  __151 Hudson Road, Stow, MA 01775__

Birth date (Year only): __1979__  SSN (last 4 #): __5466__  Sex __M__  Race: _____  Nationality: _____

**Defense Counsel if known:** _____   Address: _____

**Bar Number:** _____

**U.S. Attorney Information:**

AUSA  __Michael L. Tabak__                    Bar Number if applicable  _____

**Interpreter:**    ☐ Yes ☒ No        **List language and/or dialect:**  _____

**Matter to be SEALED:**    ☒ Yes    ☐ No

     ☒ **Warrant Requested**        ☐ **Regular Process**        ☐ **In Custody**

**Location Status:**

**Arrest Date:** _____

☐ **Already in Federal Custody as** _____  in _____ .
☐ **Already in State Custody** _____  ☐ **Serving Sentence**  ☐ **Awaiting Trial**
☐ **On Pretrial Release:**  **Ordered by** _____  on _____

**Charging Document:**    ☐ **Complaint**    ☐ **Information**    ☒ **Indictment**

**Total # of Counts:**    ☐ **Petty** _____   ☐ **Misdemeanor** _____   ☒ **Felony** __7__

**Continue on Page 2 for Entry of U.S.C. Citations**

☒      I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are
       accurately set forth above.

Date:  4/7/2005            Signature of AUSA:  _Michael L. Tabak_

JS 45 (5/97) - (Revised USAO MA 3/25/02) Page 2 of 2 or Reverse

District Court Case Number  (To be filled in by deputy clerk): _____

Name of Defendant    Randy Albertelli _____

## U.S.C. Citations

| Index Key/Code | Description of Offense Charged | Count Numbers |
|---|---|---|
| Set 1    18 USC 1962 _____ | Racketeering Conspiracy _____ | 1 _____ |
| Set 2    18 USC 1962 _____ | Racketeering _____ | 2 _____ |
| Set 3    18 USC 1955 _____ | Illegal Gambling Business - Sports Betting | 3 _____ |
| Set 4    18 USC 1955 _____ | Illegal Gambling Business - Football Cards | 5 _____ |
| Set 5    18 USC 1084 and 2 ____ | Use of Wire Communication Facility  Telephone | 6 _____ |
| Set 6    18 USC 1084 _____ | Use of Wire Communication Facility - Internet | 7 _____ |
| Set 7    _____ | _____ | _____ |
| Set 8    _____ | _____ | _____ |
| Set 9    _____ | _____ | _____ |
| Set 10   _____ | _____ | _____ |
| Set 11   _____ | _____ | _____ |
| Set 12   _____ | _____ | _____ |
| Set 13   _____ | _____ | _____ |
| Set 14   _____ | _____ | _____ |
| Set 15   _____ | _____ | _____ |

ADDITIONAL INFORMATION:

| Criminal Case Cover Sheet | U.S. District Court - District of Massachusetts |
|---|---|

**Place of Offense:**  Boston          **Category No.**  1          **Investigating Agency**  ATF/IRS/MSP/FBI

**City**  Boston          **Related Case Information:**

**County**  Suffolk          Superseding Ind./ Inf.   Indictment          Case No.   05-10003-NMG
Same Defendant          New Defendant   X
Magistrate Judge Case Number
Search Warrant Case Number
R 20/R 40 from District of

**Defendant Information:**

Defendant Name   Gisele Albertelli          Juvenile   ☐ Yes   ☒ No

Alias Name

Address   151 Hudson Road, Stow, MA 01775

Birth date (Year only):   1955   SSN (last 4 #):   3092   Sex  F   Race:          Nationality:

**Defense Counsel if known:**          **Address:**

**Bar Number:**

**U.S. Attorney Information:**

**AUSA**   Michael L. Tabak          **Bar Number if applicable**

**Interpreter:**   ☐ Yes  ☒ No          **List language and/or dialect:**

**Matter to be SEALED:**   ☒ Yes   ☐ No

     ☒ **Warrant Requested**          ☐ **Regular Process**          ☐ **In Custody**

**Location Status:**

**Arrest Date:**

☐ Already in Federal Custody as          in          .
☐ Already in State Custody          ☐ Serving Sentence   ☐ Awaiting Trial
☐ On Pretrial Release:   Ordered by          on

**Charging Document:**   ☐ Complaint   ☐ Information   ☒ Indictment

**Total # of Counts:**   ☐ Petty          ☐ Misdemeanor          ☒ Felony   52

Continue on Page 2 for Entry of U.S.C. Citations

☒     I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are accurately set forth above.

Date:   4/7/2005          Signature of AUSA:   *Michael L. Tabak*

JS 45 (5/97) - (Revised USAO MA 3/25/02) Page 2 of 2 or Reverse

District Court Case Number  (To be filled in by deputy clerk): _____

Name of Defendant      Gisele Albertelli _____

## U.S.C. Citations

| Index Key/Code | Description of Offense Charged | Count Numbers |
|---|---|---|
| Set 1  18 USC 1962 | Racketeering Conspiracy | 1 |
| Set 2  18 USC 1962 | Racketeering | 2 |
| Set 3  18 USC 1955 and 2 | Illegal Gambling Business - Football Cards | 5 |
| Set 4  18 USC 1956(h) | Money Laundering Conspiracy | 186 |
| Set 5  18 USC 1956 | Money Laundering | 187-234 |
| Set 6 | | |
| Set 7 | | |
| Set 8 | | |
| Set 9 | | |
| Set 10 | | |
| Set 11 | | |
| Set 12 | | |
| Set 13 | | |
| Set 14 | | |
| Set 15 | | |

ADDITIONAL INFORMATION:

✎JS 45 (5/97) - (Revised USAO MA 6/29/04)

**Criminal Case Cover Sheet**                    **U.S. District Court - District of Massachusetts**

**Place of Offense:** Boston _____    **Category No.** 1 _____    **Investigating Agency** ATF/IRS/MSP/FBI

**City** Boston _____    **Related Case Information:**

**County** Suffolk _____

Superseding Ind./ Inf. ___Indictment___    Case No. ___05-10003-NMG___
Same Defendant _____    New Defendant _X_____
Magistrate Judge Case Number _____
Search Warrant Case Number _____
R 20/R 40 from District of _____

**Defendant Information:**

Defendant Name ___Rafia Feghi_____    Juvenile ☐ Yes  ☒ No

Alias Name ___a.k.a. Rafia Yerardi_____

Address ___405B Dedham Street, Newton, MA 02459_____

Birth date (Year only): __1947__ SSN (last 4 #): __6387__ Sex _F_ Race: _____ Nationality: _____

**Defense Counsel if known:** _____    **Address:** _____

**Bar Number:** _____

**U.S. Attorney Information:**

**AUSA** Michael L. Tabak _____    **Bar Number if applicable** _____

**Interpreter:** ☐ Yes ☒ No    **List language and/or dialect:** _____

**Matter to be SEALED:** ☒ Yes  ☐ No

☒ **Warrant Requested**    ☐ **Regular Process**    ☐ **In Custody**

**Location Status:**

**Arrest Date:** _____

☐ **Already in Federal Custody as** _____ in _____ .
☐ **Already in State Custody** _____    ☐ **Serving Sentence**  ☐ **Awaiting Trial**
☐ **On Pretrial Release:**  **Ordered by** _____ on

**Charging Document:**    ☐ Complaint    ☐ Information    ☒ Indictment

**Total # of Counts:**    ☐ Petty _____    ☐ Misdemeanor _____    ☒ Felony  143

**Continue on Page 2 for Entry of U.S.C. Citations**

☒    I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are accurately set forth above.

**Date:** 4/7/2005    **Signature of AUSA:** Michael L. Tabak

JS 45 (5/97) - (Revised USAO MA 3/25/02) Page 2 of 2 or Reverse

District Court Case Number  (To be filled in by deputy clerk): _____

Name of Defendant    __Rafia Feghi__

## U.S.C. Citations

| Index Key/Code | Description of Offense Charged | Count Numbers |
|---|---|---|
| Set 1  18 USC 1962 | Racketeering Conspiracy | 1 |
| Set 2  18 USC 1962 | Racketeering | 2 |
| Set 3  18 USC 1956(h) | Money Laundering Conspiracy | 9, 333 |
| Set 4  18 USC 1956 | Money Laundering | 10-86, 334-395 |
| Set 5 | | |
| Set 6 | | |
| Set 7 | | |
| Set 8 | | |
| Set 9 | | |
| Set 10 | | |
| Set 11 | | |
| Set 12 | | |
| Set 13 | | |
| Set 14 | | |
| Set 15 | | |

ADDITIONAL INFORMATION:

Criminal Case Cover Sheet                    U.S. District Court - District of Massachusetts

Place of Offense:  Boston                Category No.  1                Investigating Agency  ATF/IRS/MSP/FBI

City  Boston                    Related Case Information:

County  Suffolk                    Superseding Ind./ Inf.    Indictment        Case No.    05-10003-NMG
                                    Same Defendant              New Defendant  X
                                    Magistrate Judge Case Number
                                    Search Warrant Case Number
                                    R 20/R 40 from District of

**Defendant Information:**

Defendant Name  Tony Daniels                        Juvenile    ☐ Yes    ☒ No

Alias Name  a.k.a. "Sonny"

Address  14 Pinetree Drive, Saugus, MA 01960

Birth date (Year only):  1951  SSN (last 4 #):  5466  Sex  M  Race:            Nationality:

**Defense Counsel if known:**                        Address:

**Bar Number:**

**U.S. Attorney Information:**

AUSA  Michael L. Tabak                    Bar Number if applicable

**Interpreter:**        ☐ Yes  ☒ No        List language and/or dialect:

**Matter to be SEALED:**    ☒ Yes        ☐ No

        ☒ Warrant Requested            ☐ Regular Process            ☐ In Custody

**Location Status:**

**Arrest Date:**

☐ Already in Federal Custody as                    in                                .
☐ Already in State Custody                ☐ Serving Sentence    ☐ Awaiting Trial
☐ On Pretrial Release:    Ordered by                    on

**Charging Document:**        ☐ Complaint        ☐ Information        ☒ Indictment

**Total # of Counts:**        ☐ Petty            ☐ Misdemeanor            ☒ Felony    9

Continue on Page 2 for Entry of U.S.C. Citations

☒        I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are
        accurately set forth above.

Date:  4/7/2005                Signature of AUSA:    _[signature]_

JS 45 (5/97) - (Revised USAO MA 3/25/02) Page 2 of 2 or Reverse

District Court Case Number  (To be filled in by deputy clerk): _____

Name of Defendant     Tony Daniels a.k.a. "Sonny" _____

## U.S.C. Citations

| Index Key/Code | Description of Offense Charged | Count Numbers |
|---|---|---|
| Set 1  18 USC 1962 | Racketeering Conspiracy | 1 |
| Set 2  18 USC 1962 | Racketeering | 2 |
| Set 3  18 USC 1955 | Illegal Gambling Business - Sports Betting | 3 |
| Set 4  18 USC 1084 and 2 | Use of Wire Communication Facility  Telephone | 6 |
| Set 5  18 USC 1084 | Use of Wire Communication Facility - Internet | 7 |
| Set 6  18 USC 1956(h) | Money Laundering Conspiracy | 235 |
| Set 7  18 USC 1956 | Money Laundering | 236-238 |
| Set 8 | | |
| Set 9 | | |
| Set 10 | | |
| Set 11 | | |
| Set 12 | | |
| Set 13 | | |
| Set 14 | | |
| Set 15 | | |

ADDITIONAL INFORMATION:

**Criminal Case Cover Sheet**                              **U.S. District Court - District of Massachusetts**

**Place of Offense:**  Boston          **Category No.**  1            **Investigating Agency**  ATF/IRS/MSP/FBI

**City**  Boston                  **Related Case Information:**

**County**  Suffolk              Superseding Ind./ Inf.   Indictment        Case No.   05-10003-NMG
                                 Same Defendant   X           New Defendant
                                 Magistrate Judge Case Number
                                 Search Warrant Case Number
                                 R 20/R 40 from District of

**Defendant Information:**

Defendant Name   Frank Iacaboni                    Juvenile   ☐ Yes   ☒ No

Alias Name

Address

Birth date (Year only):  1944   SSN (last 4 #):  6570  Sex  M  Race:   C        Nationality:

**Defense Counsel if known:**   John Brazilian        **Address:**  1 Exeter Plaza
                                                       Boston, MA 02116
**Bar Number:**

**U.S. Attorney Information:**

**AUSA**  Michael L. Tabak              **Bar Number if applicable**

**Interpreter:**      ☐ Yes  ☒ No      **List language and/or dialect:**

**Matter to be SEALED:**    ☒ Yes    ☐ No

      ☐ Warrant Requested        ☐ Regular Process        ☐ In Custody

**Location Status:**

**Arrest Date:**

☐ Already in Federal Custody as _____ in _____ .
☐ Already in State Custody _____  ☐ Serving Sentence  ☐ Awaiting Trial
☒ On Pretrial Release:   Ordered by  Judge Swartwood      on   1/11/05

**Charging Document:**    ☐ Complaint    ☐ Information    ☒ Indictment

**Total # of Counts:**   ☐ Petty _____  ☐ Misdemeanor _____  ☒ Felony   8

Continue on Page 2 for Entry of U.S.C. Citations

☒    I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are
     accurately set forth above.

Date:  4/7/2005          Signature of AUSA:  _Michael L. Tabak_

JS 45 (5/97) - (Revised USAO MA 3/25/02) Page 2 of 2 or Reverse

District Court Case Number  (To be filled in by deputy clerk): _____

Name of Defendant    Frank Iacaboni _____

U.S.C. Citations

| Index Key/Code | Description of Offense Charged | Count Numbers |
|---|---|---|
| Set 1   18 USC 1962 | Racketeering | 1 |
| Set 2   18 USC 1962 | Racketeering Conspiracy | 2 |
| Set 3   18 USC 1955 | Illegal Gambling Business - Sports Betting | 3 |
| Set 4   18 USC 1955 | Illegal Gambling Business - Football Cards | 5 |
| Set 5   18 USC 371 | Conspiracy to Commit Arson | 273 |
| Set 6   18 USC 844(i) and 2 | Arson | 274 |
| Set 7   18 USC 1951 | Conspiracy to Commit Extortion | 275 |
| Set 8   18 USC 1951 | Attempt to Commit Extortion | 276 |
| Set 9 | | |
| Set 10 | | |
| Set 11 | | |
| Set 12 | | |
| Set 13 | | |
| Set 14 | | |
| Set 15 | | |

ADDITIONAL INFORMATION:

<u>Criminal Case Cover Sheet</u>                                    <u>U.S. District Court - District of Massachusetts</u>

**Place of Offense:** <u>Boston</u>          **Category No.** <u>1</u>          **Investigating Agency** <u>ATF/IRS/MSP/FBI</u>

**City** <u>Boston</u>                    **Related Case Information:**

**County** <u>Suffolk</u>                Superseding Ind./ Inf.  <u>Indictment</u>      Case No.   <u>05-10003-NMG</u>
                                         Same Defendant   <u>X</u>           New Defendant _____
                                         Magistrate Judge Case Number  _____
                                         Search Warrant Case Number    _____
                                         R 20/R 40 from District of    _____

**Defendant Information:**

Defendant Name <u>Deeb Homsi</u>                              Juvenile   ☐ Yes   ☒ No

Alias Name  _____

Address  _____

Birth date (Year only): <u>1960</u>  SSN (last 4 #): <u>3350</u>  Sex <u>M</u>  Race:   <u>C</u>        Nationality: _____

**Defense Counsel if known:**   <u>Roger A. Cox</u>        **Address:** <u>30 Main Street</u>
                                                                    <u>Ashland, MA 01721</u>
**Bar Number:**  _____

**U.S. Attorney Information:**

**AUSA** <u>Michael L. Tabak</u>                    **Bar Number if applicable** _____

**Interpreter:**    ☐ Yes  ☒ No      **List language and/or dialect:** _____

**Matter to be SEALED:**    ☒ Yes    ☐ No

        ☐ **Warrant Requested**        ☐ **Regular Process**        ☐ **In Custody**

**Location Status:**

**Arrest Date:** _____

☐ **Already in Federal Custody as** _____ **in** _____.
☐ **Already in State Custody** _____  ☐ **Serving Sentence**  ☐ **Awaiting Trial**
☒ **On Pretrial Release:**  **Ordered by** <u>Judge Swartwood</u>  **on** <u>1/7/05</u>

**Charging Document:**      ☐ **Complaint**      ☐ **Information**      ☒ **Indictment**

**Total # of Counts:**      ☐ **Petty** _____   ☐ **Misdemeanor** _____   ☒ **Felony**  <u>8</u>

Continue on Page 2 for Entry of U.S.C. Citations

☒      I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are
        accurately set forth above.

**Date:**  4/7/2005          **Signature of AUSA:**  _Michael L. Tabak_

JS 45 (5/97) - (Revised USAO MA 3/25/02) Page 2 of 2 or Reverse

District Court Case Number  (To be filled in by deputy clerk): _____

Name of Defendant    __Deeb Homsi_____

### U.S.C. Citations

| Index Key/Code | Description of Offense Charged | Count Numbers |
|---|---|---|
| Set 1 | 18 USC 1962 | Racketeering | 1 |
| Set 2 | 18 USC 1962 | Racketeering Conspiracy | 2 |
| Set 3 | 18 USC 371 | Conspiracy to Commit Arson | 273 |
| Set 4 | 18 USC 844(i) and 2 | Arson | 274 |
| Set 5 | 18 USC 1951 | Conspiracy to Commit Extortion | 275 |
| Set 6 | 18 USC 1951 | Attempt to Commit Extortion | 276 |
| Set 7 | 18 USC 1952 | Interstate travel in aid of racketeering | 277 |
| Set 8 | 18 USC 1956 | Money Laundering | 278 |
| Set 9 | | | |
| Set 10 | | | |
| Set 11 | | | |
| Set 12 | | | |
| Set 13 | | | |
| Set 14 | | | |
| Set 15 | | | |

ADDITIONAL INFORMATION:

__Criminal Case Cover Sheet__                        __U.S. District Court - District of Massachusetts__

__Place of Offense:__  Boston _____     __Category No.__ 1 _____     __Investigating Agency__  ATF/IRS/MSP/FBI _____

__City__  Boston _____     __Related Case Information:__

__County__   Suffolk _____     Superseding Ind./ Inf.   Indictment _____   Case No.   05-10003-NMG
                                         Same Defendant _____   New Defendant   X _____
                                         Magistrate Judge Case Number _____
                                         Search Warrant Case Number  _____
                                         R 20/R 40 from District of  _____

__Defendant Information:__

Defendant Name   Todd Westerman _____     Juvenile     ☐ Yes     ☒ No

Alias Name   _____

Address   Office Central La Sabana, San Jose, Costa Rica _____

Birth date (Year only):   1963   SSN (last 4 #):   3260   Sex  M  Race: _____   Nationality: _____

__Defense Counsel if known:__   _____     __Address:__ _____
                                                       _____

__Bar Number:__   _____

__U.S. Attorney Information:__

__AUSA__   Michael L. Tabak _____     __Bar Number if applicable__ _____

__Interpreter:__     ☐ Yes  ☒ No     __List language and/or dialect:__ _____

__Matter to be SEALED:__     ☒ Yes     ☐ No

    ☒ __Warrant Requested__          ☐ __Regular Process__          ☐ __In Custody__

__Location Status:__

__Arrest Date:__   _____

☐ __Already in Federal Custody as__ _____ __in__ _____ .
☐ __Already in State Custody__ _____   ☐ __Serving Sentence__   ☐ __Awaiting Trial__
☐ __On Pretrial Release:__   __Ordered by__ _____ __on__ _____

__Charging Document:__     ☐ __Complaint__     ☐ __Information__     ☒ __Indictment__

__Total # of Counts:__     ☐ __Petty__ _____     ☐ __Misdemeanor__ _____     ☒ __Felony__   9 _____

__Continue on Page 2 for Entry of U.S.C. Citations__

☒     __I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are
      accurately set forth above.__

__Date:__  4/7/2005          __Signature of AUSA:__  _Michael L. Tabak_

District Court Case Number  (To be filled in by deputy clerk): _____

Name of Defendant    Todd Westerman _____

## U.S.C. Citations

| Index Key/Code | Description of Offense Charged | Count Numbers |
|---|---|---|
| Set 1  18 USC 1962 | Racketeering Conspiracy | 1 |
| Set 2  18 USC 1962 | Racketeering | 2 |
| Set 3  18 USC 1955 | Illegal Gambling Business - Sports Betting | 3 |
| Set 4  18 USC 1084 and 2 | Use of Wire Communication Facility  Telephone | 6 |
| Set 5  18 USC 1084 | Use of Wire Communication Facility - Internet | 7 |
| Set 6  18 USC 1956(h) | Money Laundering Conspiracy | 235 |
| Set 7  18 USC 1956 | Money Laundering | 236-238 |
| Set 8 | | |
| Set 9 | | |
| Set 10 | | |
| Set 11 | | |
| Set 12 | | |
| Set 13 | | |
| Set 14 | | |
| Set 15 | | |

ADDITIONAL INFORMATION:

**Criminal Case Cover Sheet**                                    **U.S. District Court - District of Massachusetts**

**Place of Offense:** _Boston_          **Category No.** _1_          **Investigating Agency** _ATF/IRS/MSP/FBI_

**City** _Boston_                       **Related Case Information:**

**County** _Suffolk_                    Superseding Ind./ Inf. _Indictment_     Case No. _05-10003-NMG_
                                        Same Defendant _____     New Defendant _X_
                                        Magistrate Judge Case Number _____
                                        Search Warrant Case Number _____
                                        R 20/R 40 from District of _____

**Defendant Information:**

Defendant Name _Encyda Gonzalez Rodriquez_          Juvenile   ☐ Yes   ☒ No

Alias Name _____

Address _Office Central La Sabana, San Jose, Costa Rica_ _____

Birth date (Year only): _____ SSN (last 4 #): _____ Sex _F_ Race: _____ Nationality: _____

**Defense Counsel if known:** _____          **Address:** _____

**Bar Number:** _____

**U.S. Attorney Information:**

**AUSA** _Michael L. Tabak_          **Bar Number if applicable** _____

**Interpreter:**     ☐ Yes ☒ No     **List language and/or dialect:** _____

**Matter to be SEALED:**     ☒ Yes     ☐ No

     ☒ **Warrant Requested**          ☐ **Regular Process**          ☐ **In Custody**

**Location Status:**

**Arrest Date:** _____

☐ **Already in Federal Custody as** _____ in _____ .
☐ **Already in State Custody** _____     ☐ **Serving Sentence**     ☐ **Awaiting Trial**
☐ **On Pretrial Release:**   **Ordered by** _____ on _____

**Charging Document:**     ☐ Complaint     ☐ Information     ☒ Indictment

**Total # of Counts:**     ☐ Petty _____     ☐ Misdemeanor _____     ☒ Felony   _9_

**Continue on Page 2 for Entry of U.S.C. Citations**

☒     I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are
accurately set forth above.

**Date:** 4/7/2005          **Signature of AUSA:** _Michael L. Tabak_

JS 45 (5/97) - (Revised USAO MA 3/25/02) Page 2 of 2 or Reverse

**District Court Case Number (To be filled in by deputy clerk):** _____

**Name of Defendant**    Eneyda Gonzalez Rodriquez _____

**U.S.C. Citations**

| Index Key/Code | Description of Offense Charged | Count Numbers |
|---|---|---|
| Set 1   18 USC 1962 | Racketeering Conspiracy | 1 |
| Set 2   18 USC 1962 | Racketeering | 2 |
| Set 3   18 USC 1955 | Illegal Gambling Business - Sports Betting | 3 |
| Set 4   18 USC 1084 and 2 | Use of Wire Communication Facility  Telephone | 6 |
| Set 5   18 USC 1084 | Use of Wire Communication Facility - Internet | 7 |
| Set 6   18 USC 1956(h) | Money Laundering Conspiracy | 235 |
| Set 7   18 USC 1956 | Money Laundering | 236-238 |
| Set 8 | | |
| Set 9 | | |
| Set 10 | | |
| Set 11 | | |
| Set 12 | | |
| Set 13 | | |
| Set 14 | | |
| Set 15 | | |

**ADDITIONAL INFORMATION:**

**Criminal Case Cover Sheet**      **U.S. District Court - District of Massachusetts**

**Place of Offense:**   Boston      **Category No.**   1      **Investigating Agency**   ATF/IRS/MSP/FBI

**City**   Boston      **Related Case Information:**

**County**   Suffolk

Superseding Ind./ Inf.   Indictment    Case No.   05-10003-NMG
Same Defendant      New Defendant   X
Magistrate Judge Case Number
Search Warrant Case Number
R 20/R 40 from District of

**Defendant Information:**

Defendant Name   Weshtod Consultants AKA Weshtod Consultores S.A.      Juvenile   ☐ Yes   ☒ No

Alias Name

Address   Office Central La Sabana, San Jose, Costa Rica

Birth date (Year only): _____ SSN (last 4 #): _____ Sex ___ Race: _____ Nationality: _____

**Defense Counsel if known:** _____ **Address:** _____

**Bar Number:** _____

**U.S. Attorney Information:**

**AUSA**   Michael L. Tabak      **Bar Number if applicable** _____

**Interpreter:**    ☐ Yes   ☒ No      **List language and/or dialect:** _____

**Matter to be SEALED:**   ☒ Yes   ☐ No

    ☒ **Warrant Requested**      ☐ **Regular Process**      ☐ **In Custody**

**Location Status:**

**Arrest Date:** _____

☐ **Already in Federal Custody as** _____ **in** _____ .
☐ **Already in State Custody** _____   ☐ **Serving Sentence**   ☐ **Awaiting Trial**
☐ **On Pretrial Release:**   **Ordered by** _____ **on** _____

**Charging Document:**   ☐ **Complaint**    ☐ **Information**    ☒ **Indictment**

**Total # of Counts:**   ☐ **Petty** _____   ☐ **Misdemeanor** _____   ☒ **Felony**   9

**Continue on Page 2 for Entry of U.S.C. Citations**

☒     I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are accurately set forth above.

**Date:**   4/7/2005      **Signature of AUSA:** _Michael L. Tabak_

℠JS 45 (5/97) - (Revised USAO MA 3/25/02) Page 2 of 2 or Reverse

**District Court Case Number** (To be filled in by deputy clerk): _____

**Name of Defendant**    Weshtod Consultants AKA Weshtod Consultores S.A. _____

### U.S.C. Citations

| Index Key/Code | Description of Offense Charged | Count Numbers |
|---|---|---|
| Set 1  18 USC 1962 | Racketeering Conspiracy | 1 |
| Set 2  18 USC 1962 | Racketeering | 2 |
| Set 3  18 USC 1955 | Illegal Gambling Business - Sports Betting | 3 |
| Set 4  18 USC 1084 and 2 | Use of Wire Communication Facility  Telephone | 6 |
| Set 5  18 USC 1084 | Use of Wire Communication Facility - Internet | 7 |
| Set 6  18 USC 1956(h) | Money Laundering Conspiracy | 235 |
| Set 7  18 USC 1956 | Money Laundering | 236-238 |
| Set 8 | | |
| Set 9 | | |
| Set 10 | | |
| Set 11 | | |
| Set 12 | | |
| Set 13 | | |
| Set 14 | | |
| Set 15 | | |

**ADDITIONAL INFORMATION:**