UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>-v.- )<br>)<br>JOSEPH YERARDI, JR., )<br>SALVATORE RAMASCI A/K/A "LEFTY," )<br>RANDY ALBERTELLI, )<br>GISELE ALBERTELLI, )<br>RAFIA FEGHI A/K/A RAFIA YERARDI, )<br>TONY DANIELS A/K/A "SONNY," )<br>TODD WESTERMAN, )<br>ENEYDA GONZALEZ RODRIGUEZ, and )<br>WESHTOD CONSULTANTS A/K/A )<br>    WESHTOD CONSULTORES S.A. )<br>)<br>    Defendants. ) | Criminal No. **05-10003-NMG** |

**GOVERNMENT'S SUPPLEMENTAL MOTION FOR PROTECTIVE ORDER**

Pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure and Rule 116.6(B) of the Local Rules of the United States District Court for the District of Massachusetts ("Local Rules"), the United States of America hereby makes this supplemental motion for this Court to enter a protective order with regard to all electronic surveillance and search warrant materials that the defendants, defense counsel, or anyone under the control of any defendant or defense attorney (collectively "the defense") receives or has received from the government with regard to the above-captioned indictment and any superseders of that indictment that may be filed in the future ("this case").

In support of this motion, the government states:

1. The government has made extensive materials available to the defense in this case pursuant to Rule 16(a) of the Federal Rules of Criminal Procedure and Local Rules 116.1(C) and 116.2.

2. These materials include, *inter alia*, tape recordings and preliminary transcripts from court-authorized and consensual electronic surveillance, and authorizing orders, supporting affidavits, and related documentation ("electronic surveillance materials"); and materials seized

2

pursuant to search warrants, and the search warrants, supporting affidavits, and related documentation ("search warrant materials").

3. The court-authorized electronic surveillance and search warrant materials were ordered sealed by the issuing judges and remain under seal. Moreover, the court-authorized electronic surveillance also remains under a protective order in state court, where the electronic surveillance was authorized.

4. The electronic surveillance and search warrant materials that the government has produced to the defense in this case contain non-public information that is pertinent to ongoing investigations of serious crimes by other targets.

5. Premature public disclosure of those materials and information could severely jeopardize the ongoing investigations, alert targets that they are under investigation, induce targets to flee, and create serious risks to the safety of any cooperating witnesses, confidential informants, and law enforcement personnel who are or may be involved with the ongoing criminal investigations of other targets.

6. Accordingly, the government requests that this Court enter a protective order (a) directing that all electronic surveillance and search warrant materials that the defense receives or has received from the government with regard to this case shall be used solely for good faith preparation for trial and defense of this case and shall not be used by the defense for any other purpose; (b) requiring the defense to hold securely all of the electronic surveillance and search warrant materials and copies, in locations not accessible to unauthorized third parties; (c) requiring the defense not to permit any third party to take, copy, or record in any way any of the electronic surveillance and search warrant materials, copies, or contents thereof; and (d) requiring that upon the conclusion of the participation in this case by any member or members of the defense, all the electronic surveillance and search warrant materials received from the government in this case, and all copies thereof, that are in the possession or under the control of that member or those members of the defense shall promptly be returned to the government.

3

7. The government filed an earlier version of this motion on January 31, 2005, with regard to the four defendants in the initial indictment in this case: Arthur Gianelli, Dennis Albertelli, Frank Iacaboni, and Deeb Homsi. Although those defendants never expressed any opposition to that motion, the Court has not ruled upon it.

A proposed order is attached to this motion. It covers all of the defendants charged in the superseding indictment.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: *[signature]*
MICHAEL L. TABAK
Assistant U.S. Attorney
Telephone: (617) 748-3203

Date: June 20, 2005

DECLARATION PURSUANT TO 28 U.S.C. §1746

I, Michael L. Tabak, Assistant United States Attorney, hereby declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

*[signature]*
MICHAEL L. TABAK
Assistant U.S. Attorney
Telephone: (617) 748-3203

Date: June 20, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>-v.- )<br>)<br>ARTHUR GIANELLI, )<br>JOSEPH YERARDI, JR., )<br>DENNIS ALBERTELLI A/K/A "FISH," )<br>SALVATORE RAMASCI A/K/A "LEFTY," )<br>RANDY ALBERTELLI, )<br>GISELE ALBERTELLI, )<br>RAFIA FEGHI A/K/A RAFIA YERARDI, )<br>TONY DANIELS A/K/A "SONNY," )<br>FRANK IACABONI, )<br>DEEB HOMSI, )<br>TODD WESTERMAN, )<br>ENEYDA GONZALEZ RODRIGUEZ, and )<br>WESHTOD CONSULTANTS A/K/A )<br>    WESHTOD CONSULTORES S.A. )<br>)<br>    Defendants. ) | Criminal No. **05-10003-NMG** |

## PROTECTIVE ORDER

This matter has come before the Court pursuant to the government's motion and supplemental motion for a protective order with regard to all electronic surveillance and search warrant materials that the defense (including the defendants, defense counsel, and anyone under the control of any defendant or defense attorney) receives or has received from the government in the above-captioned case.

Pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure and Rule 116.6(B) of the Local Rules of the United States District Court for the District of Massachusetts ("Local Rules"), and for good cause shown,

**THE COURT HEREBY ORDERS**, with regard to the above-captioned indictment and any superseders of that indictment that may be filed in the future ("this case"), that all tape recordings and preliminary or other transcripts from court-authorized or consensual electronic surveillance, and all authorizing orders and supporting affidavits ("electronic surveillance materials"); and all materials seized pursuant to search warrants, and the search warrants and supporting affidavits

2

("search warrant materials") that the defense receives or has received from the government in this case shall be used solely for good faith preparation for trial and defense of this case and shall not be used by any of the defendants, defense counsel, or anyone under the control of any defendant or defense attorney (collectively "the defense") for any other purpose.

**IT IS FURTHER ORDERED** that the defense shall hold securely all of the electronic surveillance and search warrant materials in locations not accessible to unauthorized third parties.

**IT IS FURTHER ORDERED** that the defense may review the aforementioned materials with third parties as part of the defense's good faith preparation for trial and defense of this case, but shall not permit any third party to take, copy, or record in any way any of the aforementioned materials, copies, or contents thereof.

**IT IS FURTHER ORDERED** that upon the conclusion of the participation in this case by any member or members of the defense, all electronic surveillance and search warrant materials received from the government in this case, and all copies thereof, that are in the possession or under the control of that member or those members of the defense shall promptly be returned to the government.

_____
HON. CHARLES B. SWARTWOOD, III
Chief United States Magistrate Judge

_____
Date