

U.S. Department of Justice

**Michael J. Sullivan**
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*

*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

February 16, 2007

| | |
|---|---|
| Richard M. Egbert, Esq.<br>Law Office of Richard M. Egbert<br>99 Summer Street, Suite 1800<br>Boston, MA  02110<br>*Counsel for Arthur Gianelli* | Raymond A. O'Hara, Esq.<br>1 Exchange Place<br>Worcester, MA 01608<br>*Counsel for Randy Albertelli* |
| Francis J. DiMento, Esq.<br>DiMento & Sullivan<br>7 Faneuil Hall Marketplace<br>Boston, MA  02109-1649<br>*Counsel for Joseph Yerardi, Jr.* | Page Kelley, Esq.<br>Federal Defenders<br>408 Atlantic Avenue<br>Boston, MA  02210<br>*Counsel for Gisele Albertelli* |
| Charles W. Rankin, Esq.<br>Rankin & Sultan<br>151 Merrimac Street, Second Floor<br>Boston, MA  02114-4717<br>*Counsel for Dennis Albertelli* | Walter B. Prince, Esq. and Paige A. Scott Reed, Esq.<br>Prince, Lobel Glovsky & Tye, LLP<br>585 Commercial Street<br>Boston, MA  02109<br>*Counsel for Rafia Feghi* |
| Joseph J. Balliro, Sr., Esq.<br>Balliro & Mondano<br>99 Summer Street, Suite 1800<br>Boston, MA 02110<br>*Counsel for Salvatore Ramasci* | Thomas J. Butters, Esq. and John H. Brazilian, Esq.<br>Butters Brazilian LLP<br>One Exeter Plaza<br>Boston, MA  02116<br>*Counsel for Frank Iacaboni* |
| Michael Bourbeau, Esq.<br>77 Central Street - 2nd Floor<br>Boston, MA  02109<br>*Counsel for Philip Puopolo* | Stephen J. Weymouth, Esq.<br>65a Atlantic Avenue<br>Boston, MA 02210<br>*Counsel for Stephen Russo* |
| E. Peter Parker, Esq.<br>151 Merrimac Street<br>Boston, MA 02114<br>*Counsel for Mary Ann Gianelli* | |

Page 2 of 6

Re: United States v. Arthur Gianelli, et al.
Crim. No. 05-10003-NMG

Dear Counsel:

This letter is sent in response to the January 23, 2007 discovery letter from Michael Bourbeau and Stephen Weymouth, counsel (respectively) to defendants Philip Puopolo and Stephen Russo;[1] and the January 29, 2007 discovery letter from Walter B. Prince, counsel for defendant Rafia Feghi. In those letters, defendants have requested additional discovery pursuant to Local Rule 116.3.

I.  Responses to Requests in January 23, 2007 Letter from Messrs. Bourbeau and Weymouth

A.  Discovery Requests

1. Any telephone toll records not previously produced will be made available for inspection, upon request.

2. Any bank or credit card records not previously produced will be made available for inspection, upon request.

3. The government did not obtain records from Internet service providers, other than information relating to operation of the Duke Sports website.

4. The United States Attorney's Office and the investigative agencies working on this case have not obtained any recordings of defendant Philip Puopolo from his detention facility. We previously produced the only recordings that we have obtained from detention or prison facilities, namely certain calls of defendant Arthur Gianelli and certain calls of defendant Joseph Yerardi, Jr.

5. The government plans to provide witness statements that would be producible under the Jencks Act, 18 U.S.C. § 3500, and Rule 26.2 of the Federal Rules of Criminal Procedure, of witnesses whom the government plans to call during its case-in-chief, by 21 days before trial. The government declines to produce statements of witnesses whom the government does not intend to call in its case-in-chief, except to the extent provided by Local Rule 116.2(B)(2)(c).

6. In accordance with Local Rule 117.1(A)(8)(b), the government plans to produce copies of any charts, summaries, or diagrams that it intends to offer in its case-in-chief by 7 days before trial. The government declines to produce any other charts, summaries, or diagrams that may have been presented to the grand jury, because the defendants have no right to obtain that information.

---

[1]    Several other defendants have joined in that letter.

7. The government previously produced copies of all wiretap and consensual recordings that it believes it might use during its case-in-chief. The government plans, in accordance with Local Rule 117.1(A)(8)(b), to designate by 7 days before trial the particular recordings that it intends to offer in its case-in-chief.

8. The government has already produced photographs and videotapes of certain physical surveillances (*e.g.*, items Bates numbered 1973, 3755, 4123, 4348, 4351, 4426 - 4431, 6665 - 6667). The government declines to produce physical surveillance logs and reports except as may be appropriate under the Jencks Act, 18 U.S.C. § 3500, and Rule 26.2 of the Federal Rules of Criminal Procedure.

9. The government previously produced reports regarding execution of certain search warrants (*e.g.*, items Bates numbered 1938 - 1940, 3750 - 3752). The government declines to produce other such reports except as may be appropriate under the Jencks Act, 18 U.S.C. § 3500, and Rule 26.2 of the Federal Rules of Criminal Procedure.

10. As noted under # 8 above, the government previously produced certain photographs and videotapes, and declines to produce others except as may be appropriate under the Jencks Act, 18 U.S.C. § 3500, and Rule 26.2 of the Federal Rules of Criminal Procedure.

11. There are uncharged crimes, wrongs, and acts that are *not* covered by Rule 404(b) of the Federal Rules of Evidence and that are admissible because they are inextricably intertwined with the facts of charged offenses and/or intrinsic to the government's proof of charged offenses. To the extent there are uncharged crimes, wrongs, and acts that *are* covered by Rule 404(b) of the Federal Rules of Evidence, the government will provide notice by 21 days before trial, in accordance with Local Rule 117.1(A)(4)(b). The government will provide information required by Rule 608(b) of the Federal Rules of Evidence by 21 days before trial, as provided by Local Rule 116.2(B)(2)(f).

12. In addition to information that the government previously provided concerning promises, rewards, and inducements, please be advised that the Massachusetts State Police furnished $1,000 to William Meehan that Mr. Meehan used to make a payment to Philip Puopolo on a loanshark debt, and the State Police has provided $40 on each of two occasions for Mr. Meehan's canteen fund during his current incarceration. The Federal Bureau of Investigation provided $720, $480, and $500 (totaling $1,700) to Michael Bakanosky that Mr. Bakanosky used to make payments on gambling debts, and another $1,000 to reimburse Mr. Bakanosky for time and expenses.

13. All wiretap minimization logs pertinent to this indictment were previously produced. The Massachusetts State Police utilized a direct-to-computer data entry system while monitoring the wiretaps in this case, so there is not a separate set of handwritten logs.

14. Evidence that would be admissible under Rule 801(d)(2)(E) of the Federal Rules of Evidence will be included in the Jencks Act material that will be produced as described in item # 5 above, or has already been produced, such as within wiretap and consensual tape recordings.

15. The government believes it has complied with Local Rule 116.2(B)(1) and, as provided by Local Rule 116.2(B)(2), plans to produce exculpatory evidence covered by Rule 116.2(B)(2) by 21 days before trial.

16. Cooperating witness Michael McCormack is in the custody of the Bureau of Prisons, in a unit for cooperating witnesses. Mr. McCormack is represented by counsel, Evan Georgopoulos, Esq. There are no other government witnesses for this case in the Federal Witness Security Program or otherwise "within control of the government."

## B. Requests for a Bill of Particulars

The government declines to provide a bill of particulars. The indictment provides sufficient information, particularly when considered in conjunction with the extensive discovery that has been produced.

## II. Responses to Requests in June 8, 2006 Letter from Mr. Prince[2]

1. The government believes it has already complied with Rule 16 of the Federal Rules of Criminal Procedure and Rules 116.1 and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts.

2. Your June 8, 2006 letter states that "The government has produced some written and recorded statements of the defendants, but some of those written and recorded statements appear to have been redacted or abridged." As we informed you in our letter of June 20, 2006, when we first replied to your June 8, 2006 letter, the government is not aware of any statements of the defendants that have been produced in redacted or abridged form. If you specifically identify whatever statements you may have in mind, we will respond.

3. As you know, Ms. Feghi was permitted to surrender on the indictment. Therefore, there are no arrest reports, notes, or tapes.

4. You have asked, purportedly pursuant to Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure, for the government to provide "a complete, unredacted copy or photograph" of various tangible items. The government has already provided voluminous discovery in this case. Rule 16(a)(1)(E) merely requires the government to "*permit the defendant* to inspect and to copy or photograph" particular types of material (emphasis added). We reiterate our offer, which we have previously made in writing, to make materials available for you to inspect, upon request.

---

[2] On January 29, 2007, Mr. Prince filed a letter that (a) joined in the discovery requests contained in the January 23, 2007 letter from Messrs. Bourbeau and Weymouth (discussed above), and (b) resubmitted Mr. Prince's June 8, 2006 letter, which was premature when previously submitted.

5. The only scientific and/or expert testimony that the government currently contemplates offering at trial relates to the arson involving a destructive device near the Big Dog sports bar in North Reading on November 13, 2003. Ms. Feghi is not charged with that crime.

6. The government previously produced all wiretap evidence, consensual recordings, and existing transcripts relating to the charges in the indictment.[3]

7. In accordance with Local Rule 117.1(A)(4)(b), the government plans to provide information required by Rule 404(b) of the Federal Rules of Evidence by 21 days before trial. Please note that there may be other uncharged crimes, wrongs, and acts that are *not* covered by Rule 404(b) because they are inextricably intertwined with the facts of charged offenses and/or intrinsic to the government's proof of charged offenses.

8. The government believes it has complied with Local Rule 116.2(B)(1) and, as provided by Local Rule 116.2(B)(2), plans to produce exculpatory evidence covered by Rule 116.2(B)(2) by 21 days before trial.

9. You have requested "Any and all statements that may be 'relevant to any possible defense or contention' that defendant Feghi might assert," and you have cited *United States v. Bailleaux*, 685 F.2d 1105 (9th Cir. 1982) as the basis for this request. We note that the Ninth Circuit in *Bailleaux* was referring only to the Rule 16(a)(1)(A) requirement of a defendant's own oral statement. The government believes it has already complied with Rule 16(a)(1)(A).

10. No polygraph examinations were given during the investigation that resulted in this indictment.

11. The government plans to provide witness statements that would be producible under the Jencks Act, 18 U.S.C. § 3500, and Rule 26.2 of the Federal Rules of Criminal Procedure, of witnesses whom the government plans to call during its case-in-chief, by 21 days before trial.

12. The government will comply with its policy regarding determining whether there is any *Giglio* material in the pertinent law enforcement personnel and other files, and will make any required disclosures.

13. The government has been preserving all evidence that it believes is pertinent to this indictment.

---

[3] Among the recordings produced were all consensual recordings that the United States Attorney's Office and the investigative agencies that participated in this investigation obtained of calls that Joseph Yerardi, Jr. made while incarcerated. As you know (*see* our discovery letter dated May 17, 2005), the government does not plan to use in its case-in-chief, and therefore has not produced in the current case, electronic surveillance evidence and other documentary evidence obtained during the prior investigation that led to the 1993 indictment and 1995 conviction of Joseph A. Yerardi, Jr. The government reserves the right to use such evidence for rebuttal.

       Very truly yours,

       MICHAEL J. SULLIVAN
       United States Attorney

By: /s/ Michael L. Tabak
   MICHAEL L. TABAK
   Assistant U.S. Attorney
   Telephone: 617-748-3203

   FRED M. WYSHAK, JR.
   Assistant U.S. Attorney
   Telephone: 617-748-3201

## CERTIFICATE OF SERVICE

 I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered parties.

       /s/ Michael L. Tabak
       Michael L. Tabak
       Assistant United States Attorney

Date: February 16, 2007